UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 27 |

Defendant's motion to stay this case pending *inter partes* review is scheduled for a hearing on February 6, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to stay.

**BACKGROUND**

MLC Intellectual Property, LLC ("MLC") filed this lawsuit on August 12, 2014, accusing Micron Technology, Inc. ("Micron") of infringing U.S. Patent No. 5,764,571 ("the '571 patent"). On October 15, 2014, Micron answered the complaint and asserted counterclaims for declaratory judgment of non-infringement and invalidity of the '571 patent. At the initial case management conference on November 21, 2014, the Court set a further case management conference for March 20, 2015, the tutorial hearing for June 10, 2015, and the claim construction hearing for June 17, 2015.

On December 24, 2014, Micron filed a petition for *inter partes* review ("IPR") at the U.S. Patent and Trademark Office ("PTO"), challenging the patentability of at least each asserted claim

of the '571 patent.[1]  The PTO accorded the IPR petition a filing date of December 24, 2014, and thus the PTO must issue a decision on whether to institute the IPR no later than June 24, 2015.[2]  *See* 37 C.F.R. § 42.107(b) ("The [patent owner's] preliminary response must be filed no later than three months after the date of a notice indicating that the request to institute an *inter partes* review has been granted a filing date."); 35 U.S.C. § 314(b) (requiring the PTO to determine whether to institute an *inter partes* review within three months after receiving a preliminary response, or if no preliminary response is filed, within three months after the last date on which such response may be filed).  If the IPR is instituted, the PTO must issue its final written decision within one year of the institution date, with the possibility of a six-month extension only upon a showing of good cause.  *See* 37 C.F.R. § 42.100(c).  "A party to an [IPR] or a post-grant review who is dissatisfied with the final written decision . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit."  35 U.S.C. § 141(c).

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  In determining whether to grant a stay pending PTO review, courts consider three main factors:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013).

---

[1] MLC has asserted infringement of claims 1, 9, 12, 30, 42, and 45, while Micron's IPR petition challenges claims 1, 9, 10, 12, 30, 42, and 45.

[2] *See Micron Technology, Inc. v. MLC Intellectual Property, LLC*, Case IPR2015-00504, Paper No. 6 (P.T.A.B. Jan. 21, 2015).  Briefing was complete at the time the IPR filing date was assigned, so this information was not in the papers.

2

## DISCUSSION

Micron moves to stay this action pending a decision to institute the IPR, and, if instituted, through final exhaustion of the IPR, including any appeals to the Federal Circuit. MLC partially opposes the motion. MCL agrees that if the PTO institutes the IPR, this action should be stayed until the PTO issues a final written decision on the IPR.[3] However, MLC argues that the Court should not enter a stay prior to a decision by the PTO on whether to institute the IPR. MLC also argues that the stay should expire upon the issuance of the IPR final written decision, and not after all appeals have been exhausted as urged by Micron.

MLC argues that this case should not be stayed at this time, and that instead the parties should proceed with claim construction as currently scheduled. MLC argues that if the PTO proceeds with the IPR, this Court's claim constructions will be relevant to the IPR because the PTO will use the same claim construction standards.

The Court is not persuaded by MLC's arguments, and finds that a stay at this time is in the interest of judicial efficiency. As an initial matter, "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Pragmatus AV*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011). Should the PTO deny the IPR petition, the delay caused by the stay will have been relatively short. The claim construction hearing in this case is currently set for June 17, 2015. Even if the PTO uses the full statutory six months from petition filing date and issues its decision on institution on June 24, 2015, it is highly unlikely that the PTO would have the opportunity to consider this Court's claim construction. In addition, although the IPR and district court claim construction standards could be similar because the '571 patent will expire on June 9, 2015,[4] the PTO "[is] not bound by the district court's claim

---

[3] The parties agree that this litigation is at an early stage, that the IPR would simplify the issues for trial, and that MLC will not suffer undue prejudice pending a final written decision in the IPR, if instituted. Accordingly, the Court concludes that all three factors weigh in favor of a stay.

[4] *See In re Rambus, Inc.*, 694 F.3d 42, 46 (Fed. Cir. 2012) ("[T]he Board's review of the claims of an expired patent is similar to that of a district court's review.") (citations omitted); *see also* M.P.E.P. § 2258(G) ("In a reexamination proceeding involving claims of an expired patent, claim construction pursuant to the principle[s] set forth by the court in *Phillips v. AWH Corp.*, 415 F.3d

3

construction" and there is a risk that proceeding through claim construction in this case will result in competing claim constructions and wasted effort. *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1301 (Fed. Cir. 2007); *see also Facebook v. Software Rights Archive,* IPR2013-00478, Paper No. 17, at *11 (P.T.A.B. Feb. 3, 2014) ("Although a district court's interpretation of the claims of an expired patent is instructive in a proceeding before the Board, we are not bound by these constructions.").

MLC also requests that if an IPR is instituted and a stay is entered, the stay should lift upon issuance of the IPR final written decision, not after the exhaustion of all appeals. Micron disagrees, asking that the stay remain in place through the exhaustion of any appeals to the Federal Circuit.

The Court is concerned about the possibility of a lengthy stay in the event the IPR is instituted and an appeal with the Federal Circuit is filed. The Court finds that the more prudent course is to enter a stay now, and reevaluate the propriety of the stay at periodic intervals. When the PTO issues a decision regarding whether to institute the IPR, the parties shall file a joint letter informing the Court of the PTO's decision. If the PTO denies the IPR petition, the stay shall be lifted. If the PTO grants the IPR petition in part, either party may file a motion to lift the stay, and the Court will reevaluate whether to continue the stay in light of the PTO's determinations. In the event the PTO grants the petition in full, the stay shall continue until the PTO issues a final decision, at which time the parties shall file a letter informing the Court of the PTO's decision and the parties' positions regarding the need for a further stay. Any concerns regarding the prematurity or duration of the stay are alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if IPR is not instituted for all of the asserted claims.

## CONCLUSION

All three factors weigh in favor of staying this action pending IPR of the '571 patent.

---

1303, 1316 (Fed. Cir. 2005) . . . should be applied since the expired claim[s] are not subject to amendment.").

Accordingly, for the foregoing reasons and for good cause shown, the Court GRANTS defendant's motion to stay pending IPR. Dkt. No. 27.

**The parties shall file a joint status report, advising as to the status of the IPR proceeding, every 90 days from the date of this order. In addition, t**he parties shall file a joint status report within seven days of the PTO issuing its decision on whether to institute the IPR challenging the patent-in-suit, informing the Court of the PTO's decision.** Because this action is stayed, the case management conference scheduled for March 20, 2015, is VACATED.

**IT IS SO ORDERED**.

Dated: February 3, 2015

_____
SUSAN ILLSTON
United States District Judge

5