ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
DANIEL J. WEINBERG (SBN 227159)
dweinberg@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA  94065
Telephone:      (650) 593-6300
Facsimile:      (650) 593-6301

Attorneys for Plaintiff
MLC Intellectual Property, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No.  3:14-cv-03657 SI<br><br>**MLC INTELLECTUAL PROPERTY, LLC'S MOTION TO LIFT STAY**<br><br>Date:      April 15, 2016<br>Time:      9:00 AM<br>Ctrm.:     1, 17th Floor<br><br>The Honorable Susan Illston |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.      RELEVANT BACKGROUND .................................................................................. 1

    A.      The Stay Is Entered Pending A Decision To Institute An *Inter Partes*
    Review ....................................................................................................................... 1

    B.      The PTAB Declines To Institute The Trial ............................................................. 3

II.     THE STAY SHOULD BE LIFTED ....................................................................... 4

    A.      *Inter Partes* Review Was Not Instituted ............................................................... 4

    B.      There Is No Justification For A Stay ....................................................................... 4

III.    CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.,*
   2015 WL 545534 (N.D. Cal. Feb. 9, 2015) .............................................................. 5

*DSS Tech. Management, Inc. v. Apple, Inc.,*
   2015 WL 1967878 (N.D. Cal. May 1, 2015) ........................................................... 6

*Ethicon, Inc. v. Quigg,*
   849 F.2d 1422 (Fed. Cir. 1988) .............................................................................. 4

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.,*
   2014 WL 4802426 (N.D. Cal. Sept. 26, 2014) ....................................................... 6

*Evolutionary Intelligence LLC v. Yelp, Inc.,*
   2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ........................................................ 6

*Grobler v. Apple, Inc.,*
   2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) ...................................................... 4, 7

*PersonalWeb Technologies, LLC v. Facebook, Inc.,*
   2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .......................................................... 6

*Pi-Net Int'l, Inc. v. Focus Bus. Bank,*
   2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) ....................................................... 6

*Redline Detection, LLC v. Star Envirotech, Inc.,*
   2015 WL 9592608 (Fed. Cir. Dec. 31, 2015) ........................................................ 5

*Robert Bosch Healthcare Sys. Inc. v. Cardiocom, LLC,*
   2014 WL 3107447 (N.D. Cal. July 3, 2014) .......................................................... 6

*Trustees of Columbia University in the City of New York v. Illumina, Inc.,*
   620 Fed. Appx. 916 (Fed. Cir. 2015) .................................................................... 5

*Zoll Medical Corp. v. Respironics, Inc.,*
   2015 WL 4126741 (D. Del. July 8, 2015) ......................................................... 4, 6

**Regulations**

37 C.F.R. § 42.71(c) .................................................................................................. 5

77 Fed. Reg. 48768 ................................................................................................ 4, 6

1

**NOTICE OF MOTION**

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3      **PLEASE TAKE NOTICE** that on April 15, 2016, at 9:00 a.m., or as soon thereafter as

4    the matter may be heard, before the Honorable Susan Illston, plaintiff MLC Intellectual Property,

5    LLC ("MLC") will, and hereby does, move this Court for an order lifting the stay entered

6    February 3, 2015.  MLC's motion is made on the grounds that the stay was entered pending a

7    decision on institution of an *inter partes* review and no *inter partes* review was instituted and the

8    Patent Trial and Appeal Board has not decided the defendant's rehearing request for five months.

9    The motion is based on this notice, the accompanying memorandum of points and authorities, the

10   accompanying declaration of Daniel Weinberg, the pleadings and papers on file in this action, and

11   such other evidence and argument as may be presented at the hearing on the motion.

12

**MEMORANDUM OF POINTS AND AUTHORITIES**

13      Plaintiff MLC Intellectual Property, LLC ("MLC") hereby moves the Court to lift the stay

14   entered February 3, 2015.  Dkt. No. 31.  More than a year ago, this patent infringement case was

15   stayed pending a decision to institute *inter partes* review of the asserted patent.  In staying the

16   case, the Court expressed "concern[] about the possibility of a lengthy stay" and indicated a

17   willingness to "reevaluate the propriety of the stay at periodic intervals."  *Id*. at 4.

18      The potential for a lengthy stay has been realized except an *inter partes* review was never

19   instituted.  After the Patent Trial and Appeal Board ("PTAB") denied defendant Micron

20   Technology, Inc.'s ("Micron") petition, Micron filed a rehearing request.  The PTAB has not

21   decided the petition during the past five months despite its own guideline providing that such a

22   petition will be decided within one month.  As a consequence, this case has been stayed for more

23   than one year with no substantive activity.  MLC respectfully requests that the Court lift the stay

24   and allow it to prosecute its infringement case against Micron.

25   **I.     RELEVANT BACKGROUND.**

26      **A.     The Stay Is Entered Pending A Decision To Institute An *Inter Partes* Review.**

27      This case was filed on August 12, 2014.  Dkt. No. 1.  MLC alleges that Micron infringes

28   United States Patent No. 5,764,571 (the "'571 patent").  *Id*.  The '571 patent is entitled

1    Electrically Alterable Non-Volatile Memory with N-Bits Per Cell.  The '571 patent issued on

2    June 9, 1998 and claims priority to an application filed on February 8, 1991.  The '571 patent is

3    part of a widely licensed patent portfolio related to memory technology known as Multi-Level

4    Cell Flash.  The entire portfolio is owned by MLC and the technology claimed therein was

5    developed by one of MLC's principals, Gerald Banks.

6        The parties last appeared before the Court at the November 21, 2014 initial case

7    management conference.  Dkt. No. 26.  Approximately one month after the initial case

8    management conference, Micron filed its petition for *inter partes* review challenging the

9    patentability of the asserted claims of the '571 patent.  On December 29, 2014, Micron moved to

10   stay the case pending a decision to institute the *inter partes* review, and, if instituted, through

11   final exhaustion of the proceeding, including any appeals to the Federal Circuit.  *See* Dkt. No. 31

12   at 3.

13       MLC partially opposed Micron's stay motion on the grounds that it was premature before

14   an *inter partes* review was instituted and that a stay should not last through the exhaustion of all

15   appeals.  *See* Dkt. No. 28 at 2-3.  The Court disagreed, determining that an immediate stay of the

16   case best served the "interest of judicial efficiency."  Dkt. No. 31 at 3.  The Court expressed

17   concern about "the possibility of a lengthy stay."  *Id*. at 4 ("The Court is concerned about the

18   possibility of a lengthy stay in the event the IPR is instituted and an appeal with the Federal

19   Circuit is filed.").  Consequently, the Court ordered that the "prudent course is to enter a stay

20   now, and reevaluate the propriety of the stay at periodic intervals."[1]  *Id*.  The Court also held that

21   "[a]ny concerns regarding the prematurity or duration of the stay are alleviated by the short time

22   frame of the initial stay and the Court's willingness to reevaluate the stay if IPR is not instituted

23   for all of the asserted claims."  *Id*.  On February 3, 2015, the case was stayed.[2]

24   _____
     [1] Specifically, the Court ordered that "[w]hen the PTO issues a decision regarding whether to
25   institute the IPR, the parties shall file a joint letter informing the Court of the PTO's decision.  If
     the PTO denies the IPR petition, the stay shall be lifted.  If the PTO grants the IPR petition in
26   part, either party may file a motion to lift the stay, and the Court will reevaluate whether to
     continue the stay in light of the PTO's determinations.  In the event the PTO grants the petition in
27   full, the stay shall continue until the PTO issues a final decision, at which time the parties shall
     file a letter informing the Court of the PTO's decision and the parties' positions regarding the
     need for a further stay."  *Id*. at 4.
28   [2] Earlier in the day on February 3, 2015, the parties filed a Stipulation and [Proposed] Order

1

**B.      The PTAB Declines To Institute The Trial.**

2

On July 20, 2015, the PTAB decided that Micron's petition (and a copycat petition filed

3

by an entity known as Unified Patents) failed to demonstrate a reasonable likelihood of

4

establishing that any of the challenged claims are unpatentable.  *See* Dkt. No. 34-1 at 10-11, 15.

5

Pursuant to the Court's stay order, the parties filed a joint status report on July 27, 2015,

6

informing the Court of the decision not to institute an *inter partes* review.  *See* Dkt. No. 34 at 1.

7

MLC requested that the stay be lifted while Micron asked that the stay remain in place until "the

8

PTAB rules on Micron's planned request for rehearing of the PTAB's decision refusing to

9

institute the *inter partes* review."  *Id.* at 1.  Micron supported its request by noting that "[r]equests

10

for rehearing are typically resolved quickly," and, on average, within "36 days from time of

11

filing."  *Id.* at 2, n.1 (citing IPR decisions).

12

On July 28, the Court issued an order continuing the stay until September 30, 2015, and

13

requiring a joint statement from the parties by September 25, 2015.  Dkt. No. 35.  On September

14

25, the parties reported to the Court that the PTAB had not decided the rehearing request and that

15

MLC had not been invited to file a response.  Dkt. No. 37 at 1.  MLC again requested that the

16

Court lift the stay and schedule the case for a case management conference.  *Id.* at 2.  Micron

17

asked that the stay be extended for another month to give the PTAB more time to decide the

18

rehearing request.  *Id.*  On September 28, 2015, the Court continued the stay for another month.

19

Dkt. No. 38 at 2.

20

"Rather than continue to burden the Court with monthly updates where the parties state

21

their differing positions regarding whether a stay should be maintained," the parties jointly

22

proposed on October 26, 2015, that the stay be extended until a decision on Micron's rehearing

23

request.  Dkt. No. 39 at 2.  Nearly four months have passed since the parties' joint filing, and the

24

PTAB still has neither invited MLC to respond to Micron's rehearing request nor issued a

25

decision.

26

27

Regarding Briefing Schedule for the Claim Construction Hearing.  When the Court stayed the
case later in the day, various deadlines and events on the Court's calendar were vacated, including
a March 20, 2015 case management conference and the June 10, 2015 technology tutorial and

28

June 17 claim construction hearing.  Dkt. No. 31 at 5 and Feb. 4, 2015 Docket Text.

1    The parties have met and conferred to discuss a joint motion to lift the stay.  Micron

2    opposes lifting the stay on the ground that it should remain in place until the PTAB decides

3    Micron's rehearing request.

4    **II.    THE STAY SHOULD BE LIFTED.**

5        **A.    *Inter Partes* Review Was Not Instituted.**

6        "Courts have inherent power to manage their dockets and stay proceedings, including the

7    authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*,

8    849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  Courts likewise have the authority

9    to lift a stay when the circumstances justifying its imposition are no longer present.  *See Grobler*

10   *v. Apple, Inc.*, No. 12-cv-01534-JST, 2013 WL 6441502, *2-*3 (N.D. Cal. Dec. 8, 2013) (lifting

11   stay following decision not to institute *inter partes* review despite the existence of a pending

12   rehearing request); *Zoll Medical Corp. v. Respironics, Inc.*, No. 12-1778-LPS, 2015 WL

13   4126741, *1 (D. Del. July 8, 2015) (lifting stay despite pending Federal Circuit appeal of an

14   unsuccessful *inter partes* review).

15       This Court recognized a "concern" over "the possibility of a lengthy stay in the event the

16   IPR is instituted and an appeal with the Federal Circuit is filed."  Dkt. No. 31. at 4.  The Court's

17   concern was justified, except an *inter partes* review has never been instituted, and the Federal

18   Circuit appeal has taken the form of a rehearing request.  The PTAB's practice guide states that

19   rehearing requests will be decided within one month.  *See* 77 Fed. Reg. 48768 ("The Board

20   envisions that, absent a need for additional briefing by an opponent, requests for rehearing will be

21   decided approximately one month after receipt of the request.").  Micron's own analysis shows an

22   average of 36 days.  Dkt. No. 34 at 2, n.1.  Micron's petition for rehearing has been pending for

23   nearly five months and MLC has never been invited to file a response.  There is no apparent

24   reason for the unusual delay in resolving the rehearing request or any indication a decision is

25   forthcoming.

26       **B.    There Is No Justification For A Stay.**

27       "In determining whether to grant a stay pending PTO review, courts consider three main

28   factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay

1  will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

2  prejudice or present a clear tactical disadvantage to the non-moving party." *Advanced Micro*

3  *Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2015 WL 545534, at *2 (N.D. Cal. Feb. 9,

4  2015) (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006)).

5  The grounds on which the stay was originally entered are no longer present.

6       First, an *inter partes* review is not likely to simplify the issues for trial because an *inter*

7  *partes* review is not likely.  Micron's petition was rejected in its entirety.  *See generally* Dkt. No.

8  34-1.  The PTAB found that one reference, the Kitamura reference, failed to "teach or suggest

9  'reference voltage selecting means,' or equivalent elements, or 'reference voltages,' per the

10  challenged claims." *Id.* at 10.  The PTAB also held that a second reference, the Mehrotra

11  reference, failed to suggest the "reference voltage selecting means." *Id.* at 14; *see id.* (rejecting

12  the petition on the additional ground that Micron failed to seek "institution of grounds over

13  Mehrotra in combination with Kokubun, Lee, or some combination of all three").  In challenging

14  the PTAB's denial of its petition, Micron elected only to contest the rejection of one ground—the

15  Kitamura reference—effectively conceding that the other reference was properly rejected by the

16  PTAB panel.

17       The standard of review applied to Micron's rehearing request is high.  "When rehearing a

18  decision on petition, a panel will review the decision for an abuse of discretion."  37 C.F.R. §

19  42.71(c).  "The PTAB abuses its discretion when its decision: (1) is clearly unreasonable,

20  arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly

21  erroneous fact finding; or (4) involves a record that contains no evidence on which the [PTAB]

22  could rationally base its decision." *Trustees of Columbia University in the City of New York v.*

23  *Illumina, Inc.*, 620 Fed. Appx. 916, 933 (Fed. Cir. 2015) (citation omitted); *Redline Detection,*

24  *LLC v. Star Envirotech, Inc.*, --- F.3d ---, 2015 WL 9592608, at *4 (Fed. Cir. Dec. 31, 2015).  The

25  success rate for rehearing requests directed to institution decisions is less than 5%. *See*

26  Declaration of Daniel Weinberg, Ex. A at 13-14 (examining nearly 500 requests for rehearing

27  decided between January 2013 and July 2015 and finding that 95% of the rehearing requests

28  directed to institution decisions are denied).  Accordingly, there is only a slim chance that an *inter*

1    *partes* review will be instituted when the PTAB ultimately decides Micron's rehearing request.

2    That remote possibility is not sufficient to justify the continued stay of this case.

3         Second, the continued delay associated with the stay will prejudice MLC.  Congress

4    created *inter partes* review to expedite patent disputes.  *See PersonalWeb Technologies, LLC v.*

5    *Facebook, Inc.*, No. 5:13-cv-01356-EJD, 2014 WL 116340, *2 (N.D. Cal. Jan. 13, 2014)

6    (explaining that Congress created *inter partes* review to "'create a timely, cost-effective

7    alternative to litigation'").  "The AIA requires a final determination by the PTO in an IPR

8    proceeding within one year, which may be extended up to six months based upon a showing of

9    good cause." *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-03587, 2014 WL

10   4802426, *2 (N.D. Cal. Sept. 26, 2014) (citing 35 U.S.C. § 316(a)(11)).  Even rehearing requests

11   are supposed to be resolved quickly.  77 Fed. Reg. 48768 (one month).  Here, the case has already

12   been stayed for more than a year and no *inter partes* review was instituted.  The Court recognized

13   a "concern" over the "possibility of a lengthy stay" and managed that concern, like several other

14   courts, by reevaluating "the stay if IPR is not instituted for all of the asserted claims."  Dkt. No.

15   31 at 4; *see also DSS Tech. Management, Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL

16   1967878, at *3 (N.D. Cal. May 1, 2015) ("[E]ither party may file a motion to lift the stay if any

17   part of the petitions for IPR are denied by the PTO."); *Evolutionary Intelligence LLC v. Yelp, Inc.*,

18   No. C-13-03587-DMR, 2013 WL 6672451, at *10 (N.D. Cal. Dec. 18, 2013) ("[I]f the PTO

19   decides not to grant any of the pending IPR petitions, the court will permit a motion to

20   immediately lift the stay."); *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL

21   4475940, at *5 (N.D. Cal. Aug. 16, 2013) ("In the event that the PTO denies SAP's IPR petitions,

22   the court will permit a motion to immediately lift the stay."); *Robert Bosch Healthcare Sys. Inc. v.*

23   *Cardiocom, LLC*, No. C-14-1575-EMC, 2014 WL 3107447, at *6 (N.D. Cal. July 3, 2014) ("The

24   Court retains the discretion to lift the stay once the IPR is completed before the PTAB; it may do

25   so even if an appeal is filed and reexamination of other claims is pending.").

26        The PTAB did not institute a trial over any asserted claim.  There is no time estimate for a

27   decision on Micron's rehearing request.  The remote possibility that the PTAB will reconsider its

28   initial denial and initiate a trial after not inviting MLC to respond to the request and taking an

1   extended period to consider the request does not, MLC submits, justify further delaying this case

2   from proceeding.  *See Zoll Medical*, 2015 WL 4126741 at *1 ("The pendency of an appeal from

3   the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify

4   this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to

5   make the patentee here continue to wait to enforce patent rights that it currently holds."); *see also*

6   *Grobler*, 2013 WL 6441502 at *2-*3.

7         Finally, though the case remains at an early stage, this factor is self-executing.  The case

8   was stayed at an early stage and as long as it remains stayed, discovery will continue to be

9   incomplete and no trial date will be set.  When balanced against the other factors, the early stage

10   of the case does not weigh heavily in favor of continuing the stay.

11   **III.    CONCLUSION.**

12         For the foregoing reasons, MLC respectfully requests that the Court lift the stay and

13   schedule a case management conference so that this case may resume.

14

15   Dated:  February 24, 2016                    FREITAS ANGELL & WEINBERG LLP

16                                                */s/Daniel J. Weinberg*
                                                  Robert E. Freitas
17                                                Daniel J. Weinberg
                                                  FREITAS ANGELL & WEINBERG LLP
18                                                350 Marine Parkway, Suite 200
19                                                Redwood Shores, CA 94065
                                                  Telephone: (650) 593-6300
20                                                Facsimile: (650) 593-6301

21                                                Attorneys for Plaintiff
22                                                MLC Intellectual Property LLC

23

24

25

26

27

28

Motion to Lift Stay
No. 3:14-cv-03657 SI