UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY AND SETTING CASE MANAGEMENT CONFERENCE FOR APRIL 15, 2016 AT 3:00 PM**<br><br>Re: Dkt. No. 40 |

Plaintiff's motion to lift the stay of this action is scheduled for a hearing on April 15, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to lift the stay. The Court schedules a case management conference for April 15, 2016 at 3:00pm.

**BACKGROUND**

MLC Intellectual Property, LLC ("MLC") filed this lawsuit on August 12, 2014, accusing Micron Technology, Inc. ("Micron") of infringing U.S. Patent No. 5,764,571 ("the '571 patent"). On October 15, 2014, Micron answered the complaint and asserted counterclaims for declaratory judgment of non-infringement and invalidity of the '571 patent.

On December 24, 2014, Micron filed a petition for *inter partes* review ("IPR") at the U.S. Patent and Trademark Office ("PTO"), challenging the patentability of at least each asserted claim

of the '571 patent.[1]  The PTO accorded the IPR petition a filing date of December 24, 2014.

In an order filed on February 3, 2015, the Court granted Micron's motion to stay this case pending the IPR, with the stay subject to reevaluation at periodic intervals.  Dkt. No. 31.  On July 20, 2015, the Patent Trial and Appeal Board (the "Board") of the PTO issued a decision denying the petition to institute the IPR.  Dkt. No. 34-1, Ex. A, IPR2015-00504, Paper 8 at 16.  On August 19, 2015, Micron filed a request seeking rehearing of the Board's decision.  Dkt. No. 38 at 1.

On July 28, 2015, the Court issued an order continuing the stay of this action until September 30, 2015.  Dkt. No. 35.  On September 28, 2015, the Court granted Micron's request to extend the continued stay to October 30, 2015, in view of the Board's pending decision on rehearing.  Dkt. No. 38 at 2.  In their October 26, 2015 Joint Status Report, the parties proposed that the Court extend the stay "until at least a decision on Micron's Request for Rehearing is issued by the Board."  Dkt. No. 39 at 2.

On February 24, 2016, MLC filed the instant motion to lift the stay.  Dkt. No. 40.  Micron filed its opposition on March 9, 2016, and MLC filed its reply on March 16, 2016.  Dkt. Nos. 41, 42.  As of the date of these filings, the Board has not issued its rehearing decision.

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  In determining whether to grant a stay pending PTO review, courts consider three main factors:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013).

---

[1] MLC has asserted infringement of claims 1, 9, 12, 30, 42, and 45, while Micron's IPR petition challenges claims 1, 9, 10, 12, 30, 42, and 45.

**DISCUSSION**

MLC contends that the stay should be lifted because the Board has not instituted the IPR, and further delay of this case is prejudicial to MLC. MLC notes that the Board denied Micron's petition for an IPR on July 20, 2015, and that the Board has yet to issue a decision on Micron's rehearing request. MLC asserts that this delay is not consistent with the Board's own guidelines to decide rehearing petitions within one month, and thus it is unclear when the Board will act on the rehearing request. MLC argues that most rehearing requests are denied, and that the pending rehearing request does not justify extending the stay further.

Micron argues that MLC is not prejudiced by the continued stay because, as a non-practicing entity that does not compete with Micron, MLC will have adequate redress for infringement in the form of past money damages. Micron also points out that the patent-in-suit expired on June 9, 2015. Further, Micron contends that the stay should be maintained because the Board's timeline to decide rehearing petitions within one month is only an "aspirational goal." Dkt. No. 41 at 4. It asserts that the Board may take longer than one month to decide a rehearing request, particularly in cases where the Board intends to reverse its prior denial to institute the IPR. Micron also argues that continuing the stay until the Board issues its rehearing decision will simplify the issues in this action.

The Court is not persuaded by Micron's arguments and finds that the stay should be lifted. This case has been stayed since February 3, 2015. The Court has twice extended the stay during the pendency of Micron's rehearing request. The Court does not wish to further delay this action and is concerned that there has not been substantive activity on this case since November 2014. In the event the Board grants rehearing, the Court can adjust the pretrial schedule in this case if necessary.

///

## CONCLUSION

Accordingly, for the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motion to lift the stay. Dkt. No. 40. The Court schedules a case management conference for April 15, 2016 at 3:00 p.m.

**IT IS SO ORDERED**.

Dated: March 29, 2016

_____
SUSAN ILLSTON
United States District Judge