UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 50 |

Defendant Micron Technology Inc.'s motion for leave to amend its invalidity contentions is scheduled for a hearing on July 8, 2016. Pursuant to Civil Local Rule 7–1(b), the Court finds the matter appropriate for disposition without oral argument. For the reasons set forth below, the Court DENIES defendant's motion.[1]

**BACKGROUND**

On August 12, 2014, plaintiff MLC brought suit against defendant Micron, alleging infringement of United States Patent No. 5,764,571 ("the '571 patent" or "the asserted patent"). Dkt. No. 1. On October 15, 2014, Micron answered and asserted several affirmative defenses, including double patenting, as well as a counterclaim for declaratory judgment of non-infringement and invalidity for double-patenting. Dkt. No. 13. On January 20, 2015 Micron served its invalidity contentions. In the invalidity contentions, Micron again alleged that the

---

[1] The court has received Micron's motion for summary judgment of invalidity based on an obviousness-type double patenting theory referencing the patent '851. The court will address whether Micron has provided adequate notice of this theory (through its answer and counterclaim) when ruling on that motion.

claims of the '571 patent are invalid due to double patenting in view of U.S. Pat. Nos. 5,394,362 and/or 5,218,569 and pursuant to the judicially-created doctrine of obviousness-type double patenting.

On December 24, 2014, approximately one month before filing its invalidity contentions, Micron filed a petition for *inter partes* review ("IPR") at the U.S. Patent and Trademark Office ("PTO"), challenging the patentability of at least each asserted claim. Dkt. No. 31. On February 3, 2015, the Court granted Micron's motion to stay this case pending IPR of the '571 patent. *Id*. On July 20, 2015 the PTAB denied Micron's petition to institute the IPR, and on August 19, 2015 Micron filed a request for rehearing of that determination. Dkt. No. 48. The stay in this case continued by agreement, until MLC moved to lift the stay on February 24, 2016. *Id*. On March 29, 2016, the Court granted MLC's motion to lift the stay. Dkt. No. 43. On March 31, 2016, the PTO denied Micron's rehearing request. Dkt. No. 48.

On May 13, 2016, Micron notified MLC that it intended to supplement its invalidity contentions to include (1) two publications made of record during the IPR proceedings[2] and (2) two MLC patents as references based on double patenting, U.S. Patent No. 7,911,851 ("the '851 patent") and U.S. Patent No. 8,570,814 ("the '814 patent"). Micron then filed the instant motion for leave to amend its invalidity contentions.

The '571 patent was filed on February 27, 1995, issued on June 9, 1998, and expired on June 9, 2015. Both '851 and '814 patents were filed and issued later than the '571 patent, but claimed priority to the '571 patent and contained claims directed to the same alleged invention as the '571 patent. Because the applications for these patents were filed after June 8, 1995, when changes to U.S. patent law imposed a 20-year patent term measured from the earliest effective filing date, both later-filed patents expired on February 27, 2015, just over three months before the earlier-filed '571 patent expired.

---

[2] The publications are *VLSI – Design Techniques for Analog and Digital Circuits*, 1990, Geiger, Allen, Strader (McGraw-Hill) and *Fundamentals of Digital Systems Design*, 1973, V. Thomas Rhyne (Prentice-Hall, Inc.).

**LEGAL STANDARD**

Patent Local Rule 3-6 provides,

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a)  A claim construction by the Court different from that proposed by the party seeking amendment;
> (b)  Recent discovery of material, prior art despite earlier diligent search; and
> (c)  Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

N.D. Cal. Patent Local Rule 3-6.

"The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007).

In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n. 12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1123 (N.D. Cal. 2006)).

The moving party bears the burden of establishing diligence. *O2 Micro*, 467 F.3d at 1355. Where the moving party is unable to show diligence, there is "no need to consider the question of prejudice," although a court in its discretion may elect to do so. *See id*. at 1368 (affirming the district court's decision refusing leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party).

**DISCUSSION**

Micron seeks leave to amend its invalidity contentions to add two textbooks as prior art and to add patents '851 and '814 under its obviousness-type double patenting theory. A defendant may amend its invalidity contentions "upon a timely showing of good cause." Pat. L.R. 3-6. Good cause requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro*, 467 F.3d at 1363. The diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered. *See Yodlee*, 2007 WL 1454259, at *3.

**I.   Publications**

Micron seeks to supplement its invalidity contentions to add two textbook references as "potential combinatory prior art under 35 U.S.C. § 103 to explicitly form part of the obviousness grounds in this litigation." Dkt. No. 50 at 7-8. The Court finds that Micron has not demonstrated good cause for the amendment because these references are not "newly discovered." *See* Patent Local Rule 3-6; *see also O2 Micro Int'l Ltd.*, 467 F.3d at 1363 ("[T]he good cause requirement in the [Northern District of California] local patent rules . . . require a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery."). The publications in question are well-known textbooks that were published in 1973 and 1990. Micron included the textbooks in its IPR petition, and therefore knew of their existence as early as December 24, 2014. Dkt. No. 53-1. The Court concludes that the fact that Micron knew about the textbook references before filing its invalidity contentions on January 20,

4

1   2015, defeats a showing of good cause.

2   Micron argues that there is good cause to add these references because "PTAB's
3   interpretation of the '571 patent and the prior art renders these references highly material to
4   invalidity of the '571 patent." Dkt. No. 50 at 8. The Court finds this argument unpersuasive.
5   Under the local rules, Micron was required to include in its invalidity contentions all prior art
6   references of which it was aware and that it believed were relevant, regardless of whether
7   subsequent events rendered those references more significant. *See Altera Corp. v. PACT XXP*
8   *Techs., AG*, No. 14-cv-02868 JD, 2015 WL 3832389, at *3 (N.D. Cal. June 19, 2015) (denying
9   motion to add three references to "strengthen" invalidity contentions where proposed new
10  references were not newly discovered, and noting "Altera had nothing to lose by charting the
11  references in the first place. Presumably, a party asserting invalidity would want each of their
12  theories to be as strong as possible, even if it thought it had other, more squarely on-point theories
13  that depended on later art."); *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C. 12-05791
14  WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014) (denying the defendant's motion to
15  amend infringement contentions to add prior art reference previously known to the defendant but
16  "which, according to defendant, only became relevant in light of plaintiff's claim construction
17  reply brief" because "[t]he rules do not state that defendants can limit themselves to only
18  references they believe are relevant to plaintiff's read of the patent. Defendant could have (and
19  perhaps should have) charted the reference but defendant did not. Defendant must now live with
20  that choice.").

21

22  **II.    Patents '851 and '814**

23  Micron seeks to add the '851 and '814 patents as references to its obviousness-type double
24  patenting defense. "[T]he obviousness-type double patenting doctrine prohibits an inventor from
25  extending his right to exclude through claims in a later-expiring patent that are not patentably
26  distinct from the claims of the inventor's earlier-expiring patent." *Gilead Sciences, Inc. v. Natco*
27  *Pharma Ltd.*, 753 F.3d 1208, 1210 (Fed. Cir. 2014). When faced with a double patenting
28  challenge during litigation, a patentee can assure the validity of the patent as against a defendant's

claim of double patenting by filing a terminal disclaimer with the Patent and Trademark Office, which limits the term of a later expiring patent to the term of an earlier expiring patent. *See Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*, 592 F.3d 1340, 1347 (Fed. Cir. 2010).

Micron contends that it has good cause for this supplementation because when it filed its original invalidity contentions, the '851 and '814 patents "did not present a dispositive invalidity defense," since they "had not yet expired." Dkt. No. 50 at 7. Micron asserts that "MLC could have chosen to disclaim the term of the '571 patent that extended beyond the term of the '851 and '814 patents (February 27, 2015 to June 9, 2015) and therefore eliminated those patents as obviousness-type double patenting references." Dkt. No. 50 at 7. Micron argues that because MLC did not file a terminal disclaimer of the '571 patent, "the now-expired '851 and '814 patents invalidate all asserted claims and present a case-dispositive defense." *Id*.

MLC responds that Micron has not demonstrated good cause for amendment because Micron's delay in identifying the '851 and '814 patents as double patenting references was deliberate and strategic. MLC asserts that Micron does not deny that it knew about the '851 and '814 patents, which issued before the case was filed and are in the same family as the asserted '571 patent, when its served its original invalidity contentions. MLC argues that "Micron deliberately elected to conceal its erroneous double patenting theory until the later-filed, but earlier-expiring, patents expired so that MLC, lacking notice that a far-fetched theory would be asserted, would not have the opportunity to hedge against the risk of an expansion of the law by filing a terminal disclaimer that would shorten the term of the '571 patent by a few months." Dkt. No. 53 at 5.

The Court concludes that Micron has not demonstrated good cause for the proposed amendment. Micron asserts that "good cause exists for Micron's proposed amendments because the particular double patenting references expired while this litigation was stayed and MLC chose not to disclaim the portion of the asserted '571 patent term that extended beyond MLC's '851 and '814 patents." Dkt. No. 55 at 5. However, Micron does not cite any authority holding that expiration of the patents is a condition precedent to assert an obviousness-type double patenting defense. To the contrary, both this district and the Federal Circuit have reviewed obviousness-type

6

double patenting issues in which the reference patents were unexpired. *See Gilead Sciences, Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208 (Fed. Cir. 2014) (addressing the obviousness-type double patenting defense in 2014 despite expiration of the reference patent in February 2015); *see also Apple, Inc. v. Samsung Elecs. Co.*, 920 F. Supp. 2d 1079, 1095 (N.D. Cal. 2013), *aff'd in part, rev'd in part*, 786 F.3d 983 (Fed. Circ. 2015) (deciding an obviousness-type double patenting challenge with an unexpired reference patent). Furthermore, the Federal Circuit has explained that "a patentee may [assure the validity of a patent by filing] a disclaimer after issuance of the challenged patent or during litigation, even after a finding that the challenged patent is invalid for obviousness-type double patenting" insofar as the terminal disclaimer was filed before the expiration of the earlier patent. *Boehringer Ingelheim Int'l GmbH*, 592 F.3d at 1347-48 (holding that a terminal disclaimer filed after the expiration of the earlier patent over which claims have been found obvious cannot cure obviousness-type double patenting). Thus, Micron did not need to wait until the '851 and '814 patents expired in order to seek amendment, and Micron does not dispute that it knew about these patents when it filed its original invalidity contentions. Therefore, Micron has failed to show diligence, which defeats a showing of a good cause.[3]

Micron argues that because Patent Local Rule 3-3 is silent regarding obviousness-type double patenting, Micron was not required to include this defense in its invalidity contentions. Docket No. 50 at 5. Micron further argues that obviousness-type double patenting references are not prior art and therefore need not be claim charted, because Patent Local Rules 3-3(a)-(c) only require such charts for "prior art." *Id*. at 5-6. Micron finally adds that because Patent Local Rule 3.3(d) explicitly addresses statutory defenses, disclosure requirements under this rule cannot apply to non-statutory defenses such as obviousness-type double patenting. *Id*. at 6. Micron's narrow reading of Patent Local Rules 3-3 is not supported by any decisions of this District and is, in any event, irrelevant to the motion at hand. Patent Local Rule 3–6, which governs the amendment of invalidity

---

[3] To the extent Micron suggests it need not have good cause to amend its invalidity contentions because Patent Local Rule 3-3 does not expressly reference nonstatutory double patenting, the Court disagrees. This argument has been rejected by other courts in this District. *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-6467 MMC, 2013 WL 6577143, at *2 n.3 (N.D. Cal. Dec. 13, 2013).

contentions, expressly requires a "timely showing of good cause." Pat. L.R. 3-6; *See also Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-6467 C MMC, 2013 WL 6577143, at *2 n.3 (N.D. Cal. Dec. 13, 2013). As explained above, no good cause could be found. The motion is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to amend invalidity contentions.

**IT IS SO ORDERED.**

Dated: July 6, 2016

SUSAN ILLSTON
United States District Judge