UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>　　　　　　　Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO RENEWAL AFTER CLAIM CONSTRUCTION**<br><br>Re: Dkt. No. 59 |

Defendant's motion for summary judgment is scheduled for a hearing on August 12, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons discussed below, the Court hereby DENIES the motion.

**BACKGROUND**

On August 12, 2014, plaintiff MLC brought suit against defendant Micron, alleging infringement of United States Patent No. 5,764,571 ("the '571 patent" or "the asserted patent," invented by Banks). Dkt. No. 1. The '571 patent is entitled "Electrically Alterable Non-Volatile Memory with N-bits Per Cell." On October 15, 2014, Micron answered and asserted several affirmative defenses, including double patenting, as well as a counterclaim for declaratory judgment of non-infringement and invalidity for double-patenting. Dkt. No. 13.[1] On January 20, 2015, Micron served its invalidity contentions. In the invalidity contentions, Micron again alleged

---

[1] The second affirmative defense and the eighth counterclaim both allege that each claim of the '571 patent is invalid "pursuant to the judicial doctrine barring double-patenting, in view of, for example, U.S. Patent Nos. 5,394,362 and/or 5,218,569." *Id*.

that the claims of the '571 patent are invalid due to double patenting in view of U.S. Pat. Nos. 5,394,362 and/or 5,218,569, and pursuant to the judicially-created doctrine of obviousness-type double patenting.

On December 24, 2014, approximately one month before filing its invalidity contentions, Micron filed a petition for *inter partes* review ("IPR") at the U.S. Patent and Trademark Office ("PTO"), challenging the patentability of at least each asserted claim. On February 3, 2015, the Court granted Micron's motion to stay this case pending IPR of the '571 patent. Dkt. No. 31. On July 20, 2015, the PTO denied Micron's petition to institute the IPR, and on August 19, 2015, Micron filed a request for rehearing of that determination. The stay in this case continued by agreement, until MLC moved to lift the stay on February 24, 2016. On March 29, 2016, the Court granted MLC's motion to lift the stay. Dkt. No. 43. On March 31, 2016, the PTO denied Micron's rehearing request. Dkt. No. 48.

On May 27, 2016, Micron moved to amend its invalidity contentions and add U.S. Patent No. 7,911,851 ("the '851 patent," also invented by Banks) as a reference for its obviousness-type double patenting theory.[2] The '851 patent is entitled "Memory Apparatus Including Programmable Non-Volatile Multi-Bit Memory Cell, and Apparatus and Method for Demarcating Memory States of the Cell." In an order filed July 6, 2016, the Court denied Micron's motion to amend invalidity contentions for lack of good cause under Patent Local Rule 3-6. Dkt. No. 61.

The asserted '571 patent was filed on February 27, 1995, issued on June 9, 1998, and expired on June 9, 2015. The '851 reference patent was filed and issued later than the '571 patent, but claimed priority to the February, 1995 filing date of the '571 patent. Because the application for the '851 patent was filed after June 8, 1995, when changes to U.S. patent law imposed a 20-year patent term measured from the earliest effective priority date,[3] the '851 patent expired on February 27, 2015, just over three months before the earlier-filed '571 patent expired.

---

[2] Micron's motion to amend also sought to add another reference, U.S. Patent No. 8,570,814 ("the '814 patent"). The '814 patent is not at issue in the present motion.

[3] The 1996 Uruguay Round Agreements Act ("URAA") amendments to the patent statute changed the patent term to 20 years from the earliest effective priority date, instead of the prior fixed 17 years from issuance term. 35 U.S.C. § 154(a)(2).

Now before the Court is Micron's motion for summary judgment of invalidity. Micron seeks summary judgment that claims 1, 9, 12, 30, 42, and 45 ("the asserted claims") of the '571 patent are invalid under the judicially-created doctrine of obviousness-type double patenting in view of the '851 patent.

## LEGAL STANDARD

Obviousness-type double patenting is a judicially created doctrine that "prohibit[s] a party from obtaining an extension of the right to exclude through claims in a later patent that are not patentably distinct from claims in a commonly owned earlier patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 967 (Fed. Cir. 2001). The Federal Circuit has identified two steps in an obviousness-type double patenting analysis. "First, 'a court construes the claim[s] in the earlier patent and the claim[s] in the later patent and determines the differences.'" *Pfizer, Inc. v. Teva Pharm.*, 518 F.3d 1353, 1363 (Fed. Cir. 2008) (quoting *Eli Lilly*, 251 F.3d at 968). "Second, it determines whether those differences render the claims patentably distinct." *Id*. "A later patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious over, or anticipated by, the earlier claim." *Eli Lilly*, 251 F.3d at 968. Double patenting is a question of law. *Pfizer, Inc.*, 518 F.3d at 1363.

## DISCUSSION

I.  Notice

MLC contends that Micron's motion should be denied because Micron did not previously disclose the specific invalidity theory on which its motion is based in its answer to MLC's complaint or its counterclaim for a declaration of invalidity. MLC also notes that Micron attempted to obtain leave to supplement its Patent L.R. 3-3 invalidity contentions to assert the '851 reference, but that the Court denied Micron's request for leave to supplement. MLC argues that Micron should not be permitted to raise on summary judgment an invalidity theory based on the '851 patent that was not disclosed in its answer, counterclaim, or invalidity contentions.

Micron argues that it provided adequate notice by alleging the judicially-created,

1  obviousness-type double patenting defense in its answer, counterclaim and invalidity contentions.
2  Micron argues that MLC does not cite any authority for the proposition that Micron was required
3  to specifically identify the '851 patent, and that neither the Federal Rules nor the Local Patent
4  Rules require such a disclosure. Micron also argues that it would have been unreasonable to
5  require such a disclosure in this case where there are more than 30 members of the '571 patent
6  family and MLC's complaint did not identify which claims of the '571 patent were at issue.
7  Micron argues, "[u]ntil MLC identified the claims that it would assert, Micron was handicapped in
8  its ability to identify which of the patent-in-suit's 30+ related patents and their nearly 1,200 claims
9  (each an individual alleged invention) would be applicable for invalidity analysis based on
10 obviousness-type double patenting." Dkt. No. 66 at 3:1-4.

11     The Court finds that Micron provided adequate notice of the double patenting defense, and
12 thus that Micron may seek summary judgment based on the '851 patent. Micron asserted
13 judicially-created, obviousness-type double patenting in its answer, counterclaim and its original
14 invalidity contentions. Although Micron did not specifically disclose the '851 patent, that patent
15 in the same family as the asserted patent and the reference patents Micron did disclose and claim-
16 chart in its invalidity contentions. There is no dispute that MLC has long been on notice that
17 Micron challenged the '571 patent as invalid based upon judicially-created, obviousness-type
18 double patenting in view of patent references in the same family as the asserted patent. *See
19 Medtronic, Inc. v. AGA Medical Corp.*, No. C-07-0567 MMC (EMC), 2009 WL 513370, at *5
20 (N.D. Cal. Mar. 2, 2009) (denying a motion to strike defense expert report referring to
21 obviousness-type double patenting where answer only referred to statutory double patenting
22 because although "as a formal matter, [defendant] failed to give notice of OTDP in its answer,"
23 that fact "did not cause any prejudice to [plaintiff].").

24     MLC does not cite any authority holding that Micron was required to specifically disclose
25 the '851 patent. MLC asserts that the Court's ruling on Micron's motion for leave to amend its
26 invalidity contentions precludes the Court from reaching the merits of Micron's motion for
27 summary judgment. However, the Court's July 6, 2016 order addressed whether Micron had good
28 cause to amend its invalidity contentions under Patent Local Rule 3-6, and the Court did not

4

1 answer the separate question of whether obviousness-type double patenting allegations must be
2 included in Patent Local Rule 3-3 disclosures. While it may be prudent for a party to disclose
3 obviousness-type double patenting in its invalidity contentions, the Court agrees with Micron that
4 such disclosures are not specifically required by the plain language of Local Rule 3-3 as either
5 prior art disclosures covered by 3-3(a)-(c) or statutory defenses covered by 3-3(d). *Cf. Fresenius*
6 *Medical Care Holdings, Inc. v. Baxter International, Inc.*, No. C 03–1431 SBA, 2006 WL
7 1329997, at *5-6 (N.D. Cal. May 15, 2006) (denying motion to strike defendant's "best mode"
8 invalidity defense which had not been disclosed in Patent Local Rule 3-3 invalidity contentions
9 because Local Rules did "not impose an obligation on parties to disclose their best mode
10 defenses," the patentee was the most knowledgeable party with respect to the best mode defense,
11 and the issue had been extensively briefed to the court).

12 MLC also claims that "[b]y not disclosing or otherwise providing notice of an
13 obviousness-type double patenting theory based on the '851 patent, Micron deprived MLC of the
14 opportunity to consider filing a terminal disclaimer in response." Dkt. No. 65 at 5:3-5. It is true
15 that Micron only raised the '851 reference after that patent expired. However, the Court finds that
16 if the '851 patent indeed claims obvious variations of the same invention as the asserted patent, the
17 asserted patent should have been terminally disclaimed irrespective of Micron's actions. "[I]t is a
18 bedrock principle of our patent system that when a patent expires, the public is free to use not only
19 the same invention claimed in the expired patent but also obvious or patentably indistinct
20 modifications of that invention. . . . that principle is violated when a patent expires and the public
21 is nevertheless barred from practicing obvious modifications of the invention claimed in that
22 patent because the inventor holds another later-expiring patent with claims for obvious
23 modifications of the invention." *Gilead Sciences, Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1214
24 (Fed. Cir. 2014).

25

26 **II.  Double patenting**

27 Micron contends that claims 7 and 3 of the '851 patent each separately invalidate the
28 claims of the '571 patent under the doctrine of obviousness-type double patenting. Micron

contends that the '571 patent contains "mere linguistic differences" from the '851 patent, and that an element-by-element comparison of the claims of the two patents demonstrates that they cover the same invention. Specifically, Micron argues that both patents claim (1) a multi-level memory cell structure, (2) a programming structure to program the memory cell, (3) a structure for selecting a reference voltage, where the selected reference voltage is determined by the memory state to which the memory cell is to be programmed, and (4) a structure for comparing the voltage of the memory cell with the selected reference voltage to verify when the memory cell has been programmed to the proper memory state.

MLC argues that the Court should defer the motion until after claim construction and the close of discovery.[4] The Court agrees and finds that upon the current record, defendant has not met its burden to demonstrate the patent-in-suit is invalid. The analysis of obviousness-type double patenting involves a claim by claim comparison of the asserted patent to the invention claimed in the reference patent. As one example, Micron argues that claim 1 of the '571 patent, which claims a "multi-level memory cell for storing input information in a corresponding one" of "predetermined memory states" covers the same structure as claim 1 of the '851 patent, which claims "an electrically-alterable non-volatile memory cell having more than two predetermined memory states." *Compare* '571 patent at 12:7-12 *with* '851 patent at 19:40-41 (Dkt. No. 59-2, 59-3). Although Micron argues that this analysis can be done on the present record, the Court finds that claim construction is necessary to the double patenting analysis in this case. The Court notes that the parties have filed joint claim construction and pre-hearing statements, in which the parties

---

[4] MLC also argues that the '851 patent cannot be used as an invalidating reference against the '571 patent under *Gilead*. Specifically, MLC argues that *Gilead* is limited to a situation where both the subject patent and double patenting reference are post-URAA patents. Dkt. No. 65 at 10. MLC contends that because "this case presents a situation involving a pre-URAA subject patent and post-URAA reference patent," *Gilead* does not apply. *Id*. However, *Gilead* held that "an earlier-expiring patent can qualify as an obviousness-type double patenting reference for a later-expiring patent." *Gilead*, 753 F.3d at 1217. The fact that the patents in *Gilead* were governed by the URAA was not relevant to the Court's reasoning. *Gilead*'s holding was based on the principle that "when a patent expires, the public is free to use not only the same invention claimed in the expired patent but also obvious or patentably indistinct modifications of that invention." *Id*. at 1214; *see also Abbvie Inc. v. Mathilda & Terence Kennedy Inst. Of Rheumatology Trust*, 764 F.3d 1366, 1374 (Fed. Cir. 2014) ("In *Gilead*, we held that a later-issued, but earlier-expiring patent could qualify as a double patenting reference, and thus invalidate an earlier-issued, but later expiring patent.").

6

state that "there are no agreed constructions at this time," and there are sixteen disputed claim terms. Dkt. No. 58.

Accordingly, the Court DENIES Micron's motion for summary judgment without prejudice to renewal after claim construction.

## CONCLUSION

The Court concludes that Micron provided adequate notice of its obviousness-type double patenting theory, and that the '851 patent can be used as an invalidating reference against the '571 patent. However, the Court also finds this motion premature at this stage of the litigation, and DENIES Micron's motion for summary judgment without prejudice to renewal after claim construction

**IT IS SO ORDERED**.

Dated: August 9, 2016

_____
SUSAN ILLSTON
United States District Judge