UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., <br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY** <br> Re: Dkt. No. 170 & 175 |

Defendant's motion to stay this case pending reexamination of the patent-in-suit by the United States Patent and Trademark Office ("USPTO") is scheduled for a hearing on November 17, 2017. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to stay.

**BACKGROUND**

MLC Intellectual Property, LLC ("MLC") filed this lawsuit on August 12, 2014, accusing Micron Technology, Inc. ("Micron") of infringing U.S. Patent No. 5,764,571 ("the '571 patent"). This case was previously stayed pending defendant's unsuccessful request for *inter partes* review. Once the stay was lifted, the parties and the Court engaged in claim construction of the '571 patent and substantial motion practice. Under the current pretrial schedule, the close of fact discovery is set for December 20, 2017, designation of experts is scheduled for January 19, 2018, and trial is scheduled for July 9, 2018.

On July 31, 2017, Micron filed a request for *ex parte* reexamination with the USPTO regarding the asserted claims of the '571 patent. The USPTO granted the request on September

19, 2017, having determined that substantial new questions of patentability exist as to all asserted claims. Dkt. No. 169-1 (Sept. 19, 2017 Response to Request for Ex Parte Reexamination). First, the USPTO determined that substantial new questions of patentability exist for all asserted claims in view of Japanese Patent Application Kokai No. S62-34398(A) ("Kitamura"), in combination with three separate prior art references. Second, the USPTO granted Micron's reexamination request on an obviousness-type double patenting ("OTDP") ground in view of U.S. Patent Nos. 7,911,851 ("the '851 patent). In granting the request on this ground, the USPTO noted that "[t]he '851 patent has the same inventors as the '571 patent, claims similar limitations as the '571 patent, and expired before the '571 patent." Dkt. No. 169-1 at 10.

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to grant a stay pending PTO review, courts consider three main factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013).

## DISCUSSION

Micron moves to stay this action pending the reexamination by the USPTO. Micron argues that granting a stay would save significant resources for the Court and the parties. Micron notes that discovery is not complete, that no depositions have been taken, and that the parties have not engaged in expert discovery or prepared for trial. Micron notes that it recently moved to amend its answer (and that motion is pending), and that there are outstanding issues related to claim construction and the Court's consideration of Micron's contention that the asserted claims

1 are invalid based on OTDP. Thus, Micron argues that a stay will conserve the parties' and judicial
2 resources because there are still a significant number of matters to be litigated and decided in this
3 case.

4 Micron also emphasizes the fact that that the '571 patent expired in June 2015. Micron
5 argues that with respect to an expired patent, there is a 78% chance that the asserted claims will be
6 invalidated during the reexamination process because a party cannot amend the claims of an
7 expired patent, and thus the only possibilities during the re-examination are that the claims will be
8 upheld or invalidated. Micron also argues that to the extent that any asserted claim survives, this
9 Court will benefit from the USPTO's view of the prior art. Micron also asserts that there is no
10 prejudice because, *inter alia*, MLC is a non-practicing entity and does not compete with Micron.

11 MLC argues that this case should not be stayed because the parties have already expended
12 considerable resources on discovery and motion practice, and MLC argues that a stay will not
13 streamline this case but simply delay it. MLC argues that Micron greatly overstates the statistics
14 regarding how often patents are invalidated during reexamination by including in the 78% figure
15 the percent of time that patents are amended during the reexamination process, and that the
16 relevant statistic is that only 12% of *ex parte* reexaminations result in every challenged claim
17 being invalidated. *See* Dkt. No. 170-2 at 3. MLC also argues that the efficiencies to be gained
18 through the reexamination process, as opposed to an IPR, are minimal because, *inter alia*, *ex parte*
19 reexaminations do not result in estoppel with respect to third party requestors; the *ex parte*
20 reexamination process is not adversarial; and the timing of reexaminations can be lengthy.

21 Both sides accuse each other of gamesmanship and of engaging in improper tactics. MLC
22 accuses Micron of intentionally delaying this case first through the unsuccessful request for an
23 IPR and now through the *ex parte* reexamination process. MLC notes that the prior request for an
24 IPR was also based on the Kitamura reference, and MLC argues that the fact that the PTAB
25 rejected the IPR shows that Micron's invalidity arguments based on Kitamura lack merit. Micron,
26 in turn, accuses MLC of engaging in inequitable conduct in connection with the prior IPR request
27 by failing to disclose to the PTAB the Banks inventor notebook and deposition testimony, and
28 Micron asserts that the timing of its *ex parte* request for reexamination was "driven entirely by

3

MLC's failure to produce material evidence at the time it was required by the Patent Local Rules." Dkt. No. 170 at 8.

The Court has carefully considered the parties' arguments and the posture of this case, and finds that a stay is in the interest of judicial efficiency. The Court is cognizant of the significant time the parties and the Court have expended thus far on this case. However, there is still much remaining in this litigation. The parties have not yet taken depositions and have not engaged in expensive and time-consuming expert discovery. The Court currently has under submission the parties' briefing on supplemental claim construction of terms from the '851 patent (and the related '814 patent), as well as the issue of whether, with the benefit of such claim construction, the Court can rule on defendant's claim that the '571 patent is invalid due to OTDP or whether a jury (or bench) trial on the issue is required. The Court finds it significant that one of the grounds for the reexamination that the USPTO will be reviewing is whether the asserted claims of the '571 patent are invalid based on OTDP due to the '851 patent. If the USPTO were to find the asserted claims invalid based on OTDP or any other ground, it would be extremely inefficient for this case to proceed through further claim construction, discovery, judicial rulings on OTDP (and whatever other issues the parties may raise), and a possible trial. The facts that the '571 patent is expired and that MLC is a non-practicing entity also support a stay, as MLC does not allege any current or future harm.

Further, although the parties each find support for the different statistics they cite regarding the possibility that the asserted claims will be invalidated in the reexamination process, the Court notes that some courts have found that "the likelihood for cancellation of one or more of the claims may be increased due to the fact that the [patent] is expired and not subject to amendment in the ex parte reexamination proceedings." *Robern, Inc. v. Glasscrafters, Inc*., No. CV 16-1815 (JMV), 2017 WL 132841, at *4 (D.N.J. Jan. 13, 2017) (granting defendant's motion to stay pending *ex parte* reexamination due to a "strong possibility that the reexamination by USPTO will simplify the litigation") (unpublished decision); *see also In re Rambus*, 753 F.3d 1253, 1256 (Fed. Cir. 2014) ("If, as is the case here, a reexamination involves claims of an expired patent, a patentee is unable to make claim amendments and the PTO applies the claim construction

4

principles outlined by this court in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)").

The Court is, however, concerned about the possibility of a lengthy or open-ended stay. To that end, the Court finds that it would be prudent to reevaluate the propriety of the stay in January 2018. Micron states that if MLC does not file a preliminary statement, the USPTO must issue an office action by December 19, 2017 either rejecting or allowing the asserted claims, and that this early action may provide the Court with an indication regarding the continued viability of the stay. MLC's opposition papers are silent on whether it intends to file a preliminary statement, and it is not clear what schedule is set if MLC does file a preliminary statement. **The Court directs the parties to notify the Court in a joint letter if and when the USPTO issues an office action on the merits, and no later than January 19, 2018, regarding the status of the reexamination**. **The Court further directs MLC to notify the USPTO of the stay in this action as that may expedite the reexamination process.**

## CONCLUSION

Accordingly, for the foregoing reasons and for good cause shown, the Court GRANTS defendant's motion to stay. Dkt. No. 170.

**IT IS SO ORDERED**.

Dated: November 1, 2017

SUSAN ILLSTON
United States District Judge

5