UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS AND DENYING WITHOUT PREJUDICE TO RENEWAL PENDING DISCOVERY MOTION**<br><br>Re: Dkt. Nos. 148, 175 |

Now before the Court are two pending matters: (1) defendant's motion for leave to amend its answer and counterclaims, and (2) a joint letter regarding a discovery dispute.

Defendant seeks leave to amend its answers and counterclaims to allege that MLC and its representatives, Dr. Gerald Banks (the inventor) and Jason Angell (MLC's former counsel), engaged in inequitable conduct by making misleading statements to the Patent Trial and Appeal Board ("PTAB") and withholding evidence (the inventor notebook and deposition testimony) from the PTAB in connection with Micron's unsuccessful request for *inter partes* review ("IPR"). Micron's request for an IPR was based on prior art, the Kitamura reference.

Since the motion to amend was briefed and argued, the USPTO granted Micron's request for an *ex parte* reexamination based on, *inter alia*, the Kitamura reference. Micron states that it provided the inventor notebook and the deposition testimony to the USPTO in support of its request for the *ex parte* reexamination. *See* Dkt. No. 160 at 3 (citing Exhibit 1 (Dkt. No. 159-5), "Appendix A to Micron's Ex Parte Reexam. Req. of U.S. Pat. 5,764,571").)

The Court has granted defendant's motion to stay this case due to the *ex parte*

reexamination. In light of the stay, and also due to the fact that the USPTO has granted reexamination based on Kitamura on a record that includes the inventor notebook and deposition testimony, the Court DENIES defendant's motion to amend its answer and counterclaims to assert a claim of inequitable conduct before the PTAB.

On October 31, 2017, the parties submitted a joint letter to the Court regarding a discovery dispute. In light of the stay, the Court DENIES the relief sought without prejudice to the parties refiling the discovery motion after the stay is lifted, if appropriate.

**IT IS SO ORDERED**.

Dated: November 1, 2017

SUSAN ILLSTON
United States District Judge