UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 195 |

On November 15, 2018, the Court held a hearing on defendant Micron Technology Inc.'s motion for leave to amend its invalidity contentions. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

On August 12, 2014, plaintiff MLC Intellectual Property LLC ("MLC") sued defendant Micron Technology, Inc. ("Micron"), alleging infringement of United States Patent No. 5,764,571 ("the '571 patent") entitled "Electrically Alterable Non-Volatile Memory with n-bits Per Cell." Dkt. No. 1. On October 15, 2014, Micron answered and asserted several affirmative defenses, including double patenting, as well as a counterclaim for declaratory judgment of non-infringement and invalidity for double-patenting. Dkt. No. 13. On January 20, 2015, Micron served its invalidity contentions.

On December 24, 2014, approximately one month before filing its invalidity contentions,

1  Micron filed a petition for *inter partes* review ("IPR") at the U.S. Patent and Trademark Office ("PTO"). Dkt. No. 31. On February 3, 2015, the Court stayed this case pending resolution of the IPR. *Id*. The Patent Trial and Appeal Board ("PTAB") denied Micron's petition to institute the IPR, and on March 29, 2016, the Court lifted the stay. Dkt. No. 43.

On May 13, 2016, Micron notified MLC that it intended to supplement its invalidity contentions to include (1) two references Micron used during the IPR proceedings and (2) two MLC patents, U.S. Patent No. 7,911,851 and U.S. Patent No. 8,570,814, to support its obviousness-type double patenting defense. Micron then filed for leave to amend its invalidity contentions. Dkt. No. 50. On July 6, 2016 the Court denied Micron's motion, finding that Micron did not have good cause to amend. Dkt. No. 61.

On July 31, 2017, Micron filed a request for *ex parte* reexamination with the USPTO. *See* Dkt. No. 170 at 7. On September 27, 2017, Micron gave notice that the PTAB granted its *ex parte* reexamination request. Dkt. No. 169. The Court again stayed the litigation pending resolution of the reexamination. Dkt. Nos. 169, 176. In a non-final office action, the PTO found that claims 1, 9, 12, 30, 42, and 45 were rejected as unpatentable over Japanese Patent Application No. S62-34398 ("Kitamura") in view of Connolly. Dkt. No. 190-3 at 5. On March 26, 2018, MLC submitted Response A and Request for Continued Reexamination to overcome the non-final rejection. Dkt. No. 190-4. On June 28, 2018, the Examiner issued a Notice of Intent to Issue an *Ex Parte* Reexamination Certificate, indicating that the Examiner agreed with MLC's arguments and was confirming the asserted claims as valid. Dkt. No. 180. The Court lifted the stay on July 20, 2018, during a case management conference. Dkt. No. 202 at 4:1-2.

On July 13, 2018, Micron informed the Court that it would be seeking leave to amend its invalidity contentions. Dkt. No. 182 at 11:9-11. Micron filed this motion to amend invalidity contentions on September 13, 2018. Dkt. No. 195. On the same day, the Court heard oral argument on Micron's motion to supplement claim construction in light of the *ex parte* review. Dkt. No 196.

Micron argues that it has good cause to add (1) Kitamura in view of U.S. Patent No. 5,262,984 ("Noguchi") and (2) Noguchi in view of U.S. Patent No. 5,014,054 ("Oshita") to its

invalidity contentions because MLC "alter[ed] the scope of the terms 'selecting,' 'plurality,' and 'reference [voltage].'" Dkt. No. 195 at 5:3-7. Micron seeks to add Kitamura in view of Noguchi and Noguchi in view of Oshita to account for the change in meaning for "selecting." Dkt. No. 195 at 10: 24-27. Micron also seeks to add Noguchi and Oshita which independently disclose "selection from among 'at least four predetermined reference voltages.'" *Id*. at 12: 6-11. Finally, Micron seeks to use the Noguchi reference to account for the new meaning of "reference voltage(s)." *Id*. at 13:12-21. The proposed amendments are a claim chart based on Kitamura and Noguchi and a claim chart based on Kitamura, Noguchi, and Oshita. Dkt. Nos. 195-5, 195-6.

On September 26, 2018, the Court issued a supplemental claim construction order, finding that the scope of the patent did not change except with respect to two terms.[1] Dkt. No. 201. Micron seeks leave to amend to adjust its invalidity contentions to comport with statements MLC made during the reexamination. Dkt. No. 195 at 1:8-11.

## LEGAL STANDARD

Patent Local Rule 3-6 provides,

Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

(a) A claim construction by the Court different from that proposed by the party seeking amendment;

(b) Recent discovery of material, prior art despite earlier diligent search; and

(c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6. "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new

---
[1] The Court found that MLC limited the scope of its patent by providing a specialized definition for "reference voltage" and by the complete removal of resistor ladders from selection circuits.

3

information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). This Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment when determining whether to grant a motion for leave to amend invalidity contentions. *See Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007).

In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

The moving party bears the burden of establishing diligence. *O2 Micro*, 467 F.3d at 1355. When the moving party is unable to show diligence, there is "no need to consider the question of prejudice," although a court in its discretion may elect to do so. *See id*. at 1368 (affirming the district court's decision to deny leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party).

**DISCUSSION**

Micron asks for leave to amend its infringement contentions in response to allegedly narrowing statements that MLC made during the *ex parte* reexamination. Dkt. No. 195 at 1:8-11. Micron contends that MLC's statements limited the scope of the patent and "introduced several new and previously undisclosed claim construction positions for certain terms of the '571 Patent." *Id*. at 1:16-17. Micron previously moved for additional claim construction based on these

4

1  statements, which the Court granted in part and denied in part on September 26, 2018.[2]  Dkt. No.
2  201.
3  Micron seeks to add (1) Kitamura in view of Noguchi and (2) Noguchi in view of Oshita to
4  account for the change in construction for "selecting."  Dkt. No. 195 at 10: 24-27.  Micron also
5  seeks to use the Noguchi reference to account for the new meaning of "reference voltage(s)."  *Id*.
6  at 13:12-21.
7  The diligence required for a showing of good cause has two prongs: (1) diligence in
8  discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for
9  amendment has been discovered.  *See Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv- 2226-
10  SI, 2-13 U.S. Dist. LEXIS 11271 *8 (N.D. Cal. Jan. 28, 2013); *Yodlee, Inc. v. CashEdge Inc.*, No.
11  05-cv-1550-SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007).  Here, Micron contends that
12  the basis for the amendment is MLC's statements during the reexamination.  Dkt. No. 195 at 1:8-
13  11.
14  MLC argues that Micron was not diligent because it "relies exclusively on the same,
15  recycled prior art already cited in the prosecution history and multiple post-grant proceedings."
16  Dkt. No. 202 at 7:1-4.  Micron cited both Kitamura and Noguchi in its 2015 invalidity contentions.
17  Dkt. No. 195 at 7:16-18.  Micron also relied on the Oshita reference in its petition seeking
18  reexamination.  *Id*. at 7:18-19.  MLC argues that Micron should have asserted Kitamura and
19  Noguchi in combination and should have sought leave to amend to add the Oshita reference before
20  the case was stayed.  Dkt. No 202 at 7-8.  Micron responds these combinations of references "were
21  necessitated only by MLC's disavowals of claim scope on March 26, 2018."  Dkt. No. 208 at
22  5:13-15.  However, Micron clearly knew these references were relevant to the validity of the '571
23  Patent *before* MLC made any statements during the reexamination because Micron relied on them
24  for either its initial invalidity contentions or for the *ex parte* reexamination.

---

[2] The Court adopted two of Micron's proposed claim constructions.  In so holding, the Court found that the scope of the patent was altered by MLC's statements with respect to the term "reference voltage(s)" and the use of resistor ladders.

On July 6, 2016, this Court found that Micron did not have good cause to amend its invalidity contentions because the references were not "newly discovered." Dkt. No. 61 at 4 (citing Patent Local Rules 3-6; *O2 Micro*, 467 F.3d at 1363). There, as here, Micron knew of the references before filing its challenges at the PTAB. As this Court stated in that order, "[u]nder the local rules, Micron was required to include in its invalidity contentions all prior art references of which it was aware and that it believed were relevant, regardless of whether subsequent events rendered those references more significant." *Id.* At 5. Defendant's prior decision to not include the present claim charts does not now create good cause to amend. *See Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C. 12-5791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan 16, 2014) ("The rules do not state that defendants can limit themselves to only references they believe are relevant to plaintiff's read of the patent. Defendant could have (and perhaps should have) charted the reference but defendant did not. Defendant must now live with that choice.").

Micron was aware of these references and knew they were relevant when it filed for *ex parte* reexamination. Micron had over two months after it filed for reexamination and before this Court stayed the litigation during which it could have sought leave to amend the invalidity contentions. *See* Dkt. Nos. 169-1, 170. Micron did not, and then waited nearly another two months after the stay was lifted to file the present motion. The Court finds that Micron was not diligent in seeking leave to amend its invalidity contentions.[3]

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Micron's motion for leave to amend its invalidity contentions.

**IT IS SO ORDERED**.

Dated: November 19, 2018

SUSAN ILLSTON
United States District Judge

---

[3] Because the Court finds that Micron is unable to show diligence, it is unnecessary to determine whether MLC would be prejudiced by amendments to the invalidity contentions.

6