UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER ENTERING SUMMARY JUDGMENT AGAINST DEFENDANT BASED UPON OBVIOUSNESS-TYPE DOUBLE PATENTING**<br><br>Re: Dkt. Nos. 212, 213, 250, 254 |

In an order filed December 13, 2018, the Court ordered defendant Micron Technology Inc. to state its position regarding the viability of its obviousness-type double patenting ("OTDP") defense in light of the Federal Circuit's decision in *Novartis Pharmaceuticals Corp. v. Breckenridge Pharmaceutical Inc.*, Case No. 2017-2173, ___ F.3d ___, 2018 WL 6423451 (Fed. Cir. Dec. 7, 2018). In *Novartis*, the Federal Circuit held that a later-filed, earlier-expiring post-URAA patent is not a proper OTDP reference that can be used to invalidate an earlier-filed, later-expiring pre-URAA patent. Throughout this case,[1] Micron has contended that the patent-in-suit, the pre-URAA '571 patent, is invalid based upon the '851 and '814 patents, which are post-URAA patents that were filed after, and expired before, the '571 patent.

On December 18, 2018, Micron filed its response to the Order to Show Cause. Dkt. No. 254. Micron "disagrees with the reasoning and holding of *Novartis*" and it continues to "believe[] the later-issued but earlier-expiring '851 and '814 are proper double-patenting references for the

---

[1] Micron twice moved for summary judgment on this defense, and the Court denied both motions without prejudice, finding that Micron had not met its burden because, *inter alia*, additional claim construction was required. *See* Dkt. Nos. 70, 128. After those orders were filed, the parties submitted letter briefs on a variety of issues related to Micron's ODTP defense, including claim construction of the '851 and '814 patents, the proper direction of the ODTP analysis, and whether the ODTP defense (or any part of it) should be resolved by the jury or the Court.

earlier-issued but later-expiring '571 patent." *Id*. at 1. Nevertheless, Micron recognizes that *Novartis* precludes this defense. *Id*. at 2. In order to preserve Micron's rights, including to appeal an adverse decision to the Federal Circuit, Micron requests that the Court enter summary judgment that the '851 and '814 patents cannot be used as OTDP references against the '571 patent based upon *Novartis*, without prejudice to reconsideration should *Novartis* be altered on further review by the Federal Circuit or the Supreme Court.

The Court finds that Micron's suggestion is proper and in the interest of judicial economy, and accordingly the Court GRANTS summary judgment against Micron on its OTDP defense based upon the '851 and '814 patents as invalidating references. The Court finds that the holding and reasoning of *Novartis* preclude this defense because the '851 and '814 patents are post-URAA patents that were filed after, and expired before, the pre-URAA '571 patent. *See Novartis*, 2018 WL 6423451, at *7 ("[W]here we have an earlier-filed, earlier-issued, pre-URAA patent that expires after the later-filed, later-issued, post-URAA patent due to a change in statutory patent term law, we decline to invalidate the challenged pre-URAA patent by finding the post-URAA patent to be a proper obviousness-type double patenting reference."). This grant of summary judgment is without prejudice to reconsideration in the event that the Federal Circuit or the Supreme Court alters the holding of *Novartis*.

The Court makes no finding at this time regarding the viability of Micron's OTDP defense to the extent Micron relies on other patents as invalidating references, as those matters have not been briefed by either party.

**IT IS SO ORDERED**.

Dated: December 21, 2018

_____
SUSAN ILLSTON
United States District Judge