UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., <br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** <br><br> Re: Dkt. Nos. 233 |

On January 11, 2019, the Court held a hearing on plaintiff's motion to amend the complaint. For the reasons set forth in this order, the Court DENIES plaintiff's motion to amend.

On November 13, 2018, plaintiff filed a motion to amend the complaint to add nine new defendants. The proposed new defendants are all subsidiaries of defendant Micron, and they include foreign entities such as Japanese corporations Micron Japan, Ltd. and Micron Memory Japan, Inc.; Micron Semiconductor (Xi'an) Co., Ltd., a Chinese corporation; Micron Semiconductor Asia Pte. Ltd., a Singapore corporation; and Micron Semiconductor B.V., of the Netherlands. The proposed amended complaint refers to these entities and defendant Micron collectively as "Micron," and the proposed complaint does not contain jurisdictional or factual allegations specific to each proposed new defendant. *See generally* Dkt. No. 233-3.

Micron opposes amendment on numerous grounds. Micron argues that MLC has not shown good cause under Rule 16, and that even if the more lenient standard for amendment under Rule 15 applies, amendment should be denied because MLC has unduly delayed, the amendments are futile, and amendment would cause undue prejudice to Micron and the proposed new defendants.

The Court finds that Rule 15 applies because the Court never set a deadline for the amendment of the complaint. However, although the Rule 15 standard is a liberal one, "[l]eave

need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "[T]he consideration of prejudice to the opposing party . . . carries the greatest weight" in the analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court concludes that amendment is not appropriate because MLC's proposed amendment would cause Micron undue prejudice and would create undue delay in this case. This case has been pending since August 2014 and the litigation has been complex and extensive, including two claim construction hearings and multiple summary judgment motions. Fact discovery closed on December 14, 2018. Opening expert reports are due January 25, 2019. Dkt. No. 183. The joint pretrial conference statement, *Daubert* motions, and motions in limine are due April 5, 2019, the pretrial conference is scheduled for July 23, 2019, and trial is set for August 5, 2019. *Id.*

Adding nine new defendants to this already complex case would inject additional layers of complexity to this litigation. The new defendants would almost certainly file motions challenging the pleadings and jurisdiction and venue, particularly since five of the proposed defendants are foreign entities. The Court would have to reopen fact discovery and set an entirely new pretrial schedule. Any new defendants over whom this Court has jurisdiction would likely seek to revisit claim construction and file additional summary judgment motions. Under these circumstances, amendment would be prejudicial to Micron and cause undue delay. *See Marble Bridge Funding Grp., Inc. v. Euler Hermes Am. Credit Indem. Co.*, No. 5:12-CV-02729 EJD, 2014 WL 12647875, at *1 (N.D. Cal. Sept. 3, 2014) (denying motion to amend to add a new defendant under Rule 15 because, *inter alia*, "Adding new parties to what has already become a sufficiently-complex and convoluted insurance coverage action would transform this case into something entirely different. In addition, the [new] Liquid Capital Defendants would inevitably file various motions, including those challenging the pleadings and challenging jurisdiction—particularly since one of the Liquid Capital Defendants is an international resident—which would delay this case further."). If MLC wishes to pursue claims against the subsidiaries (which MLC has previously asserted was unnecessary because MLC contends that Micron is liable for all allegedly infringing sales), MLC

2

may do so in a separate lawsuit or lawsuits.

Accordingly, plaintiff's motion to amend the complaint is DENIED.

**IT IS SO ORDERED**.

Dated: January 11, 2019

_____
SUSAN ILLSTON
United States District Judge