UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 258 |

On January 11, 2019, the Court held a hearing on plaintiff's motion to compel pursuant to court orders. There are three issues presented by plaintiff's motion to compel: (1) has Micron complied with the Court's November 26, 2018 discovery order and related discovery orders; (2) whether Micron should be compelled to provide discovery regarding products that MLC did not accuse; and (3) whether Micron should be compelled to identify its customers.

**I.     Compliance with prior discovery orders**

At the hearing, Micron stated that with its January 3, 2019 supplemental production, Micron has now complied with the Court's November 26, 2018 order. MLC asserts that Micron has not fully complied with that order (or previous orders) because Micron has not produced discovery regarding products covered by Design IDs other than the 13 Design IDs addressed in the prior orders, and because Micron has not identified its customers for its sales. However, the prior orders did not address discovery beyond the 13 Design IDs nor did it compel Micron to identify customers. Accordingly, the Court finds that Micron has complied with the prior discovery orders.

## II. Unaccused products/discovery beyond the 13 Design IDs

Micron has produced discovery and sales data regarding MLC/TLC products that correspond to 13 Design IDs; that production includes the 174 Accused Products, and includes additional products covered by the 13 Design IDs that were not specifically identified by MLC in the complaint or in its infringement contentions (the "Covered Products"). MLC seeks to reopen discovery[1] because it asserts that Micron has violated its discovery obligations by withholding discovery regarding MLC/TLC products that correspond to other Design IDs aside from the 13 Design IDs already produced. MLC requests an order compelling the following:

> 1. Micron immediately supplement their Response to Micron's Interrogatory No. 11 to identify all Design IDs for MLC/TLC NAND Flash devices;
>
> 2. Micron immediately make available for inspection the circuit schematics and related technical documents for the withheld Design IDs;
>
> 3. Micron make available Mr. Mark Helm, or designate another 30(b)(6) witness, to testify on the operation of the newly produced circuit schematics;
>
> 4. Micron immediately produce the worldwide sales including sales by its subsidiaries and affiliates for all of its multi-level cell ("MLC") and triple-level cell ("TLC") Flash memory products sold during the damages period;
>
> 5. Micron immediately make available 30(b)(6) witness(es) to testify to the withheld sales data; and
>
> 7. MLC's expert discovery deadlines are extended by the duration of time it will take Micron to produce the improperly withheld discovery.

Dkt. No. 259-9.

Micron responds that it has produced discovery for all Accused Products (and the broader group of "Covered Products"), and that MLC is improperly seeking discovery on products that it did not accuse in the complaint or in its infringement contentions. Micron asserts that MLC has not been diligent in pursuing discovery, and that Micron put MLC on notice as early as 2017 that the 174 Accused Products (or larger group of products covered by the 13 Design IDs) did not constitute the entire universe of Micron's MLC/TLC NAND flash products, as evidenced by Micron's responses to MLC's interrogatories and the parties' discovery meet and confer correspondence.

The Court concludes that MLC is not entitled to reopen discovery. As an initial matter, the

---

[1] Fact discovery closed on December 14, 2018.

complaint and the infringement contentions did not accuse "all" of Micron's MLC/TLC NAND flash products, nor did the complaint and infringement contentions accuse exemplary products. Instead, the complaint and infringement contentions specifically and only accused 174 products identified by manufacturing part number ("MPN"). The Court recognizes that Micron's responses to discovery, which were framed in terms of 13 Design IDs, may have led MLC to believe that the 174 MPNs and the 13 Design IDs covered the exact same group of products. The Court leaves for another day whether MLC may seek damages for the broader group of products covered by the 13 Design IDs.

However, a review of MLC's interrogatories and Micron's responses, as well as the parties' meet and confer e-mails, shows that the parties distinguished between the Accused Products and the larger universe of Micron's MLC and TLC NAND flash products. MLC's Interrogatory No. 8 asked Micron to "Identify the number of Accused Products, multi-level cell NAND flash devices, and triple-level cell NAND flash devices that Micron made, offered to sell, or sold within the United States or imported into the United States for each year between 2008 and June 9, 2015." Dkt. No. 278-6. Thus, MLC's interrogatory distinguished between "Accused Devices," "multi-level cell NAND flash devices" and "triple-level cell NAND flash devices. However, even if MLC was not drawing this distinction, Micron consistently objected to discovery about Micron's MLC/TLC (or 2-bit and 3-bit) NAND flash devices, asserting that such discovery was irrelevant because "it purportedly inquires about Micron products that are not accused of infringement in this lawsuit." Dkt. No. 278-7 (responses to Interrogatories 8-11). The parties' meet and confer correspondence from October 2017 indicates that the parties were discussing whether Micron would agree to provide discovery "beyond just the Accused Products." Dkt. No. 278-8. It is unclear whether Micron ever informed MLC whether it would agree to provide discovery beyond just the Accused Products. However, when Micron supplemented its responses to interrogatories in November 2018, Micron's responses were subject to the objection that MLC's discovery sought irrelevant information about products that were not accused of infringement in this lawsuit. Dkt. No. 283-4 (Micron's First Supp. Responses to MLC's Second Set of Interrogatories at 1).

On this record, the Court finds that Micron has complied with its discovery obligations by

1  producing discovery relevant to the Accused Devices.  *See generally* Patent L.R. 3-4 (requiring
2  production of "[d]ocuments sufficient to show the sales, revenue, cost, and profits for accused
3  instrumentalities identified pursuant to Patent L.R. 3-1(b) for any period of alleged infringement.");
4  Patent L.R. 3-1(b) (discussing infringement contentions); *Mediatek, Inc. v. Freescale
5  Semiconductor, Inc.*, No. 11-5341 YGR (JSC), 2013 WL 588760 (N.D. Cal. Feb. 13, 2013) (denying
6  motion to compel discovery related to products that were not specifically identified as accused
7  products in the plaintiff's preliminary infringement contentions); *see also Icon-IP Pty Ltd. v.
8  Specialized Bike Components, Inc.*, Case No. 12-cv-03844 JST (MEJ), 2014 WL 4593338, at *3
9  (N.D. Cal. Sept. 15, 2014) (denying discovery on "all" saddles and holding that "if Icon seeks
10 discovery as to the unaccused saddles, it must first amend its infringement contentions to include
11 such models before it is entitled to discovery of them.");  *Kelora Sys., LLC v. Target Corp.*, No. C
12 11-01548 CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011) (denying discovery for
13 instrumentalities that were not accused in the preliminary infringement contentions).

Accordingly, to the extent MLC seeks to reopen discovery to conduct discovery on unaccused devices, the motion is DENIED.

### III. Customer identification

MLC seeks an order requiring Micron to "immediately identify its customers for such products and produce all necessary information to identify all foreign sales for which damages can be sought under *Power Integration*." Dkt. No. 259-9.

The Court's November 26, 2018 order directed Micron to produce foreign sales information because some courts have held that foreign sales are relevant to the determination of a reasonable royalty. *See* Order re: Discovery at 3 (Dkt. No. 240). However, to the extent that MLC contends that it is also entitled to know the identities of Micron's customers for those foreign sales under *Power Integrations*, the Court is not persuaded. In *Power Integrations*, the plaintiff and defendant were competitors, and the district court held that the plaintiff could seek damages for lost foreign sales which the plaintiff would have made but for the defendant's domestic infringement. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 711 F.3d 1348, 1371-72 (Fed. Cir. 2013);

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. CV 04-1371 LPS, 2018 WL 4804685, at *1-2 (D. Del. Oct. 4, 2018). Here, plaintiff is a non-practicing entity, and is seeking a reasonable royalty and not lost profits as damages. Thus, *Power Integrations* does not support plaintiff's request for Micron to identify its foreign customers.[2]

However, to the extent that there are any sales for which Micron will be asserting its affirmative defense that the sales are permitted under licenses, the Court finds that Micron should identify those customers if it has not already done so. Micron shall do so no later than 1 week after the filing date of this order.

**IT IS SO ORDERED**.

Dated: January 14, 2019

SUSAN ILLSTON
United States District Judge

---

[2] The Court's November 26, 2018 order cited *Power Integrations* for the proposition that at least one court has applied the Supreme Court's analysis in *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018), to claims of direct infringement under section 271(a).

5