United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, Plaintiff, v. MICRON TECHNOLOGY, INC., Defendant. | Case No. 14-cv-03657-SI **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL ANSWER AND COUNTERCLAIM** Re: Dkt. No. 267 |

Defendant Micron seeks leave to file a supplemental answer and a counterclaim for breach and anticipatory breach of the parties' "Mutual Nondisclosure Agreement." Micron contends that plaintiff MLC has breached the agreement by using the agreement and confidential communications as evidence in support of MLC's claim for damages. Micron asserts that this Court is the most efficient venue to resolve Micron's breach of contract claim because, *inter alia*, even if the Court denied leave to amend, the Court would be nevertheless be required to interpret the Mutual Nondisclosure Agreement to determine the permissible scope of MLC's damages claim. Micron argues that it sought leave to amend as soon as it became clear that MLC was seeking to rely on the agreement and other confidential communications to formulate its damages claim.

MLC objects to Micron's motion on numerous grounds. MLC contends that Micron's proposed counterclaim is futile, that Micron's motion is untimely, and that allowing the amendment would prejudice MLC. MLC also suggests that the Court's December 4, 2018 ruling permitting MLC to question a Micron witness about the Mutual Nondisclosure Agreement implicitly decided that any use of information subject to the Mutual Nondisclosure Agreement by MLC would not

1    constitute a breach of that agreement.

2        The Court concludes that it is in the interest of judicial efficiency to allow Micron to amend its answer and assert a counterclaim for breach of contract. Micron shall file the amended answer and counterclaim no later than **February 11, 2019**. Whether presented as a counterclaim for breach of contract or through a motion in limine or summary judgment, the Court will need to interpret the agreement and determine the parties' obligations thereunder to determine the proper scope of MLC's damages claim. If Micron is required to file a separate lawsuit in Idaho state or federal court, there would be a risk of inconsistent rulings regarding the interpretation of the parties' contract. The Court also agrees with Micron that the Court's December 2018 discovery ruling did not interpret the contract and simply permitted MLC to conduct discovery related to the contract. Indeed, the Court expressly reserved questions about the *use* of confidential information for trial.

    The Court is also unpersuaded by MLC's arguments regarding futility and delay. The Court cannot conclude, on this record, that Micron's proposed counterclaim is futile. MLC's arguments about futility require the Court to interpret the very provisions that Micron claims MLC has breached. In the Court's view, resolution of these matters will require full briefing by the parties. The Court also finds that Micron moved to seek leave promptly, as it was only in November 2018 that MLC made clear that it wished to rely on the agreement and related communications in formulating its damages claim.

    The Court also finds that allowing amendment will not prejudice MLC. MLC asserts that Micron has obstructed discovery regarding the Mutual Nondisclosure Agreement, and that it will need to conduct discovery regarding the parties' intent in crafting the agreement (Micron contends that extrinsic evidence is irrelevant). The Court will permit a limited reopening of fact discovery (depositions and document production) related to the breach of contract counterclaim as follows. The parties shall meet and confer by telephone or in person during the week of February 11-15, 2019, to determine (1) what additional discovery is needed; (2) whether there are any relevant documents, including documents related to MLC's licensing agent, Epicenter, that have not been produced; and (3) a schedule for depositions and document production. Each party may take up to three depositions. The additional discovery must be completed by **March 15, 2019**. The Court will

not alter any other pretrial deadlines, including the trial date.

**IT IS SO ORDERED**.

Dated: February 8, 2019

_____
SUSAN ILLSTON
United States District Judge