UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>Defendants. | Case No. 14-cv-03657-SI<br><br>**ORDER RE: MLC'S MOTION TO AMEND INFRINGEMENT CONTENTIONS** |

MLC's motion to amend infringement contentions is scheduled for a hearing on February 22, 2019. The Court has reviewed the parties' papers and directs the parties to address the following questions at the hearing:

1. Micron contends that the amended infringement contentions substantively change existing theories and add new theories of infringement. What is Micron's response to MLC's argument that the amended infringement contentions simply add new evidence and do not change theories? Micron must provide specific examples.

2. Why did MLC wait so long to identify structures for the "means plus function" claims?

3. Why did MLC wait until October 27, 2016 to review the paper schematics? Micron says that it made the paper schematics available in January 2015. The case was stayed from February 3, 2015 until March 29, 2016. Did MLC take any action with regard to reviewing the schematics prior to the stay?

4. In the joint case management conference statement filed November 22, 2016 (Dkt. No. 98 at 4), MLC stated that because Micron's paper schematics were illegible, MLC "requested 60 days to seek leave to amend its infringement contentions." Why didn't MLC do so at that time?

5. Prior to Micron's January 2019 document production, did Micron ever inform MLC that the 13 Design IDs encompassed more products than the 174 products named by product number (MPN) in the complaint? If so, when and how? When Micron produced paper and electronic schematics, were the schematics identified by Design ID, and if so, did Micron explain at that time that the schematics covered non-accused products? Does Micron contend that it notified MLC in September 2017 by producing the cross-reference list located at Dkt. No. 306-12? If so, how does that document show that the 13 Design IDs encompass more products than the 174 MPNs? Did MLC ever follow up to clarify this issue? When the parties submitted a joint letter brief (Dkt. No. 192) regarding a dispute over the deadline for production of sales data for the products covered by the 13 Design IDs, why didn't Micron state in that letter that the 13 Design IDs covered non-accused products?

6. Are the new products covered by the 12/13 Design IDs structurally the same as the original products? If so, what is the prejudice to Micron if those products are included in the case and why would any additional discovery be required? If they are structurally different, what additional discovery would be required?

7. If the Court denies the motion to amend, what is the consequence for the remainder of this case with regard to motion practice and trial? If MLC is correctly describing the amendments as adding evidentiary support but not changing or adding new infringement theories, would the denial of the motion to amend preclude MLC from relying on this evidence?

**IT IS SO ORDERED**.

Dated: February 19, 2019

_____
SUSAN ILLSTON
United States District Judge