UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MLC INTELLECTUAL PROPERTY, LLC,

Plaintiff,

v.

MICRON TECHNOLOGY, INC.,

Defendant.

Case No. 14-cv-03657-SI

**ORDER RE: DISCOVERY**

Re: Dkt. Nos. 364, 366

The parties have submitted two discovery disputes to the Court for resolution.

## I. Mr. Shirley's deposition

MLC wishes to take the deposition of Micron employee Brian Shirley regarding his knowledge of the 2013 NDA, of which Mr. Shirley is a signatory. Micron objects to producing Mr. Shirley on the ground that he has no knowledge or recollection of the agreement, and Micron asserts that Mr. Shirley served no role in the negotiation or drafting of the agreement. Micron also asserts that Mr. Shirley, who is Micron's Senior Vice President of DRAM & Emerging Memory Engineering, is a high-ranking Micron employee who is responsible for entire product lines (that are not alleged to be infringing), and thus that his deposition is a classic "apex" deposition that would be unduly burdensome.

MLC contends that Mr. Shirley is a percipient witness to the formation and execution of the 2013 NDA and argues that Micron has put the negotiation of the 2013 NDA at issue by alleging counterclaims for breach of the NDA (and filing a pending motion for preliminary injunction regarding the same). MLC also asserts that it has exhausted its efforts in obtaining discovery through less intrusive means by taking the deposition of Micron's Rule 30(b)(6) witness and

document requests. MLC states that Micron's Rule 30(b)(6) witness had a "haphazard recollection" regarding the formation and execution of the 2013 NDA, and that Micron only produced one document in response to MLC's document requests. Dkt. No. 364 at 3.

> In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. However, a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied. Thus, it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances. When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition. A claimed lack of knowledge, by itself it is insufficient to preclude a deposition.

*Apple Inc. v. Samsung Elec. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks and citations omitted).

The Court concludes that Micron has not carried its "heavy burden" to show why Mr. Shirley's deposition should be denied. Mr. Shirley signed the 2013 NDA on behalf of Micron, and Micron has put that agreement, and the parties' intent in executing that agreement, squarely at issue in this litigation. MLC is entitled to discover what Mr. Shirley knows about the agreement. The Court also finds that MLC has sought discovery through less intrusive means, and that those efforts have not been fruitful.

The Court GRANTS MLC's motion to compel Mr. Shirley's deposition, subject to the limitation that the deposition last no more than two hours. The parties shall immediately meet and confer to schedule the deposition. If Mr. Shirley's deposition cannot be taken prior to the deadline for filing MLC's opposition to Micron's motion for a preliminary injunction, the parties shall meet and confer regarding a new briefing and hearing schedule and shall submit a proposed stipulation to the Court.

## II. Mr. Epstein's deposition and related document requests

Micron asks the Court to compel the production of all documents that Micron has subpoenaed from Mr. Ronald Epstein, and that such production be made at least four days prior to

submission of Micron's rebuttal damages report on April 1 (thus, March 28).[1] Micron also seeks an order that Mr. Epstein appear for two full day depositions.

Micron asserts that Mr. Epstein is both an expert witness for MLC on the issue of licensing (and relatedly, damages) as well as a percipient witness "to facts and circumstances relating to Micron's newly-added counterclaims for breach of the parties' 2013 Agreement." Dkt. No. 366 at 1.[2] Micron states that Mr. Epstein was previously MLC's licensing counsel, and that "[y]ears ago, he pursued a license from Micron on behalf of MLC up to and after the execution of the 2013 Agreement." *Id*. at 1. On February 8, 2019, MLC submitted an expert report on behalf of Mr. Epstein. According to Micron, the report "recounts facts of Mr. Epstein's licensing negotiations with Micron, and he also proffers various views and opinions relating to 'hundreds' of alleged 'real world' licensing negotiations that he suggests could increase the amount of a damages award, including a negotiation 'model' of his own creation." *Id*.[3] Micron asserts that it needs one full day to depose Mr. Epstein on his expert report, and that it will need at least a partial second day to question him about the 2013 NDA. Micron also states that MLC and Mr. Epstein have "refused" to produce any documents listed in the subpoena, including the facts or data that Mr. Epstein relied upon in forming his expert opinions. *Id*. at 2. Micron also accuses MLC and Mr. Epstein of waiting until the last day of fact discovery in 2018 to respond to a different subpoena that had been issued in 2016, and thus Micron argues that it "could not have meaningfully deposed Mr. Epstein during fact discovery on documents he chose to produce hours before the close of fact discovery, not least because Micron was unaware that MLC planned to proffer Mr. Epstein as an alleged expert witness on the documents and related case issues." *Id*. at 3.

As is often this case in this litigation, MLC responds with a wildly different version of the

---

[1] The subpoena was issued sometime in February and consists of 34 document requests, a number of which contain subparts. Dkt. No. 366-2. The parties' letter brief does not state when the subpoena was issued, nor does the letter state when the parties met and conferred. The parties filed their letter brief on March 19.

[2] Micron states, and MLC does not dispute, that "MLC waited to identify Mr. Epstein in its initial disclosures regarding 'notice of infringement and prior efforts to license the '571 patent' until November 2, 2018 – and then only as a 'percipient witness to facts,' not as an expert." *Id*. at 2.

[3] The parties did not submit a copy of Mr. Epstein's report.

3

facts. MLC states, "What Micron misleadingly leaves out is that *Mr. Epstein produced over 29,000 pages of documents* in response to the [2016] subpoena, not on the last day of discovery – as Micron falsely contends – but between July 28-August 15, 2016, *well over two years before close of fact discovery.*" *Id*. at 4 (emphasis in original). MLC asserts that the December 14, 2018 production that Micron "presumably refers to was less than 250 pages and it was made voluntarily." *Id*. MLC states that Mr. Epstein "has in fact already completed his production of documents related to the 2013 NDA," and MLC accuses Micron of destroying those same communications. *Id*. MLC further accuses Micron of "attempting to serve the subpoena on Mr. Epstein's personal residence in the middle of the night" and of seeking irrelevant evidence from Mr. Epstein (such as "[a]ll receipts for any travel you have made to the State of Idaho, including without limitation all tickets and/or receipts for any airplane flights"). Dkt. No. 366-2 (Document Request No. 3). MLC states that contrary to Micron's representations, it "has agreed to produce the documents relied upon in Mr. Epstein's report." Dkt. No. 366 at 6. MLC argues that Micron is improperly attempting to conduct fact discovery after the deadline for fact discovery has passed, and that to the extent Micron is seeking expert discovery from Mr. Epstein, Micron should do so under the schedule set for expert discovery and pursuant to Rule 26, not Rule 45.

The Court concludes that Micron is entitled to use a Rule 45 subpoena to seek relevant documents from Mr. Epstein in his capacity as an expert witness. *See United States v. Bazaarvoice, Inc.*, No. C 13–00133 WHO (LB), 2013 WL 3784240, at *3 (N.D. Cal. July 18, 2013); *see also Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-ORL-31GJK, 2014 WL 12639859, at *4 (M.D. Fla. Aug. 29, 2014) ("the Court finds that a subpoena is an appropriate means of obtaining relevant and discoverable information and materials from a testifying expert witness"). Although MLC argues that Micron has long known about Mr. Epstein because of his involvement in the licensing negotiations, Micron did not know that MLC was designating him as licensing expert until February 2019 when MLC produced his expert report. Further, the Court permitted a limited reopening of fact discovery regarding Micron's newly-added counterclaims for breach of the 2013 NDA. Thus, the Court is not persuaded by MLC arguments that Micron should have sought to depose Mr. Epstein earlier, or that Micron is improperly seeking to extend fact discovery.

4

Accordingly, the Court GRANTS Micron's motion to compel as follows: Mr. Epstein shall produce documents in response to the subpoena by March 28, 2019, with the exception of categories 3-6, for which Micron has not made any showing of relevance. Because Mr. Epstein is both an expert and percipient witness, the Court finds that Micron is entitled to depose Mr. Epstein (1) for one full day regarding Mr. Epstein's expert opinions and (2) for a partial day of no more than three hours regarding his percipient knowledge related to Micron's counterclaims for breach of the 2013 NDA. The parties shall meet and confer regarding scheduling Mr. Epstein's depositions.

**IT IS SO ORDERED**.

Dated: March 22, 2019

SUSAN ILLSTON
United States District Judge