UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., <br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER DENYING MICRON'S MOTION TO STAY PENDING EX PARTE REEXAMINATION** <br><br> Re: Dkt. No. 359 |

Micron's motion to stay pending *ex parte* reexamination is scheduled for a hearing on April 19, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

Micron requests that the Court stay this litigation pending an *ex parte* reexamination of the patent-in-suit by the United States Patent and Trademark Office ("PTO"). Micron states that it filed the request in view of MLC's statements during the prior reexamination and the relevance of a "previously unconsidered" combination of prior art references, Kitamura, Noguchi *et al.*, U.S. Patent No. 5,262,984 ("Kitamura"), and Briner *et al.*, U.S. Patent No. 4,629,972 ("Briner"). Micron argues that a stay would maximize judicial economy and that the cause of action in this lawsuit will be moot if the asserted claims are canceled in the *ex parte* reexamination. MLC opposes a stay on numerous grounds.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to grant a stay pending PTO review, courts consider three main factors: (1) whether discovery is complete and

whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013).

The Court has considered the parties' arguments and the posture of this case and finds that a stay is not warranted. The Court has stayed this case twice already, first in 2015-16 pending Micron's unsuccessful request for *inter partes* review ("IPR"), and a second time in 2017-18 pending Micron's unsuccessful institution of an *ex parte* reexamination. As MLC notes, Micron asserted the Kitamura reference in the IPR and previous *ex parte* reexamination, and each time the PTO and the PTAB have found that the asserted claims are valid. The PTO's decision in this second *ex parte* reexamination is not binding on this Court, and Micron will not be estopped from asserting the same invalidity defenses based on Kitamura at trial.

The Court previously stayed this case because, *inter alia*, discovery was in early stages, no trial date was set, and, in the last reexamination, Micron was raising the obviousness-type double patenting challenge before the PTO. Now, discovery is almost complete, the parties have exchanged expert reports, pretrial filings are due April 15, 2019, and trial is set for August 12, 2019. Further, the OTDP defense is no longer part of this case. The Court has repeatedly informed the parties that the Court will not make any further adjustments to the pretrial and trial schedule. Under all of these circumstances, the Court finds that a third stay will not promote judicial economy and would be prejudicial to MLC, and therefore DENIES Micron's motion for a stay.

**IT IS SO ORDERED**.

Dated: April 1, 2019  _____
SUSAN ILLSTON
United States District Judge