1  FABIO E. MARINO (SBN 183825)
   fmarino@polsinelli.com
2  BARRINGTON E. DYER (SBN 264762)
   bdyer@polsinelli.com
3  TERI H.P NGUYEN (SBN 267498)
   thpnguyen@polsinelli.com
4  REBECCA HORTON (SBN 308052)
   rhorton@polsinelli.com
5  POLSINELLI LLP
   1661 Page Mill Road, Suite A
6  Palo Alto, CA 94304
   T:  650-461-7700
7  F:  650-461-7701

8  Attorneys for Plaintiff
   MLC Intellectual Property, LLC
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN FRANCISCO DIVISION**

13

14  MLC INTELLECTUAL PROPERTY, LLC,    |  Case No. 3:14-cv-03657-SI

15              Plaintiff,             |  **PLAINTIFF MLC INTELLECTUAL PROPERTY, LLC'S FIRST *DAUBERT* MOTION TO EXCLUDE TESTIMONY OF JOSEPH MCALEXANDER OR IN THE ALTERNATIVE MOTION TO STRIKE**
16         v.                          |
17  MICRON TECHNOLOGY, INC.,            |
18              Defendant.              |
                                        |  Date:  June 5, 2019
19                                      |  Time:  10:00 a.m.
                                        |  Ctrm:  1, 17th Floor
20                                      |  Judge: Honorable Susan Illston

21

22

23       **[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**

24

25

26

27

28

                                    FIRST *DAUBERT* MTN TO EXCLUDE
                                    TESTIMONY OF JOSEPH MCALEXANDER
                                    CASE NO. 3:14-CV-03657-SI

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 5, 2019 at 10:00 a.m. before the Honorable Susan Illston of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff MLC Intellectual Property, LLC ("Plaintiff"), will, and hereby does, move the Court for an order precluding Defendant Micron Technology, Inc.'s ("Defendant") expert Joseph McAlexander from expert testimony.

This Motion is based upon this notice of motion and motion; the incorporated memorandum of points and authorities, the accompanying declaration of Fabio E. Marino and the exhibits attached thereto, the pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

Dated:  April 15, 2019                                        Respectfully Submitted,

                                                              POLSINELLI LLP


                                                              */s/ Barrington Dyer*
                                                       By:    Barrington Dyer

                                                              Attorneys for Plaintiff
                                                              MLC INTELLECTUAL PROPERTY, LLC

## I.  INTRODUCTION

MLC moves to exclude certain unsupported opinions and undisclosed testimony regarding non-infringing alternatives in the Rebuttal Expert Report of Joseph McAlexander ("McAlexander Rebuttal Report" or "Rebuttal Report").

Micron's technical expert, Mr. Joseph McAlexander, identifies four possible non-infringing alternatives in his Rebuttal Report: (1) ▓▓▓▓▓▓▓▓▓▓ (¶365); (2) ▓▓▓▓▓▓▓▓ (¶370); (3) ▓▓▓▓▓▓▓▓ (¶¶371-372); and (4) prior art patents and literature (¶¶366-368).  When deposed, Mr. Alexander attempted to add a fifth category, ▓▓▓▓▓▓▓▓, which he did not disclose in his report, but contends are non-infringing alternatives based confidential information he is not permitted to discuss in this litigation.

The majority of Mr. McAlexander's opinions regarding these alleged non–infringing alternatives are improper and precisely the *sort ipse dixit* conclusory assertions a *Daubert* motion is intended to keep out.  Not only are these opinions contrary to acceptable methodologies and lacking factual basis and analysis, they do not aid the trier of fact.

In an action for patent infringement, acceptable non-infringing alternatives are relevant to damages.  Such alternatives may be considered in determining a reasonable royalty during the hypothetical negotiation.  *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, No. C 03–01431 SBA, 2006 WL 1646113, at *1 (N.D. Cal. June 12, 2006) ("[A] key part of the reasonable royalty determination under Georgia Pacific [factor 9] is whether the accused infringer had acceptable non-infringing alternatives available to it at the time of the hypothetical negotiation.").  When acceptable non-infringing alternatives are available, the accused infringer may be less inclined to agree to a high royalty rate.  *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571–72 (Fed. Cir. 1996).  Accordingly, the accused infringer has the burden of proving there are acceptable non-infringing alternatives as a means of leverage in the hypothetical negotiation.

Mr. McAlexander's assertions regarding non-infringing alternatives are improper for three reasons.  First, it is axiomatic that ***the products accused of infringing cannot serve as a non-infringing alternative***; just as milk cannot serve as a milk-substitute.  The first assumption

1  of Georgia-Pacific is that the asserted patent is valid and infringed, so the accused products
2  cannot be infringing, and at the same time, be non-infringing substitutes.  Because Mr.
3  McAlexander's opinion breaches the principal assumption of the hypothetical negotiation, it does
4  not comport with the reliability requirements of Rule 702, and is not admissible.
5  　　　　　Second, Mr. McAlexander contends the ▓▓▓▓▓▓ embodiment of the U.S.
6  Patent No. 5,764,571 ("'571 Patent") is a non-infringing alternative.  However, practicing an
7  embodiment of the patent-in-suit does not remove the presumption of infringement.   Further, it
8  matters not whether MLC has accused ▓▓▓▓ of infringing, as the burden lies squarely with
9  Micron to prove that it does not infringe.  Indeed, courts routinely reject the notion that a product
10 is a non-infringing alternative by virtue of being unaccused.  Yet, the McAlexander Rebuttal
11 Report provides no analysis demonstrating that ▓▓▓▓▓▓" is a non-infringing
12 alternative.  As the bearer of the burden, Micron must put forth evidence demonstrating that an
13 alternative is non-infringing.  But Mr. McAlexander offers no more than a conclusory assertion
14 that the "▓▓▓▓▓ would be an acceptable alternative which, as noted, is covered by an
15 embodiment of the patent.
16 　　　　　Third, Mr. McAlexander should not be permitted to offer conclusory testimony that ▓
17 ▓▓▓▓▓▓▓▓▓▓▓ when (i) his Rebuttal Report does not address such
18 products; (ii) his assertion is based on allegedly confidential information he is not permitted to
19 discuss; and (iii) Micron never disclosed such products in its interrogatory response regarding
20 acceptable non-infringing alternatives.  Because undisclosed theories of this type invite
21 unreliable testimony, they should be excluded, or alternatively, stricken as untimely and
22 inherently prejudicial.
23 　　　　　With respect to acceptable non-infringing alternatives, MLC agrees that Mr.
24 McAlexander may testify regarding ▓▓▓▓▓▓, and prior art patents and literature he has
25 actually identified and analyzed, but his opinions regarding the ▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ should be excluded.
27
28

## II. RELEVANT LAW

Federal Rule of Evidence 702 provides that an expert witness may testify in the form of an opinion if "the testimony is the product of reliable principles and methods." "The duty falls squarely upon the district court to 'act as a gatekeeper to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)).  Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

The trial court is vested with the authority to make a "preliminary assessment of whether reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can properly be applied to the facts in issue." *Daubert v. Merrell Dow Pharms.*, *Inc.*, 509 U.S. 579, 592-93 (1993).  "The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp.*, *Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013).  When assessing the reliability component of an expert's testimony, courts are encouraged to examine "(1) whether the theory can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate; and (4) whether the theory or methodology employed is generally accepted in the relevant scientific community."  *Daubert*, 509 U.S. at 593-594.  "The 'list of factors was meant to be helpful, not definitive,' and the trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the 'particular circumstances of the particular case.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).  "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id*.

Finally, the proponent of the expert bears the burden of proving admissibility.  *See Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir.1996).

-3-

### III. ARGUMENT

#### A. Opinion That The Accused Products Are Non-Infringing Alternatives Should Be Excluded.

Mr. McAlexander's opinion that the ███████████ are non-infringing alternatives should be excluded because it is contrary to the hypothetical negotiation rubric that assumes the asserted patent is valid and infringed. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). Saying the ███████████ are a non-infringing-alternative is a circular argument that sidesteps the acceptable alternatives analysis. The ███████████████████ cannot also be an acceptable substitute in the hypothetical negotiation because it is presumed to infringe. If, for example, the state is considering a dairy tax on farmers, dairy farmers can't lobby for a lower rate by hypothesizing they could sell *dairy instead of dairy*; the farmers would need to identify an actual dairy-substitute—one that is acceptable to consumers (*e.g.*, soy, rice, almond, etc.) in order to establish bargaining power. The same is true of the hypothetical negotiation: t██████████████████████████████████████████████████████████████████████████████████████████████████████; but that is the premise of Mr. McAlexander's testimony, upon which Micron's damages expert, Mr. Paul Meyer, relies. Indeed, even Mr. Meyer concedes, as he must, that ██████████████████████████████████████████████████████████ Ex. 4[1] (Meyer Rebuttal Report) at ¶ 49.

Because Mr. McAlexander's opinion is contrary to the presumptions of the hypothetical negotiation, it is unsound, and does not meet the standard of reliability under Rule 702. *Cf Zimmer Surgical, Inc. v. Stryker Corp.*, No. CV 16-679-RGA, 2019 WL 1082336, at *21 (D. Del. Mar. 7, 2019) (excluding expert opinion regarding non-infringing alternatives based on "legally incorrect analysis"). Further, jurors are more likely to find such testimony confusing

---

[1] Unless otherwise stated, all references to "Exhibit" numbers in this motion refer to exhibits cited in accompanying and concurrently filed Declaration of Rebecca B. Horton in support of MLC's Omnibus Administrative Motion To File Under Seal.

1  than helpful.  Paragraph 365 of Mr. McAlexander's Rebuttal Report should therefore be

2  excluded.

3    **B.    Opinion That The "███████████" Embodiment Of The '571 Patent Is A Non-Infringing Substitute Should Be Excluded.**

4

5    Mr. McAlexander's opinion that ███████████████████ is a non-infringing

6  alternative should also be excluded as unreliable.  In a single paragraph, Mr. McAlexander

7  contends that "█████████ is an example of a non-infringing alternative:

8

9

10

11

12

13  Ex. 2 (McAlexander Rebuttal Report) at ¶370.

14    The problem with this assertion is two-fold: first, ████████████████

15  ████████████████████████.  Second, it is unsupported by analysis demanded

16  by party carrying the burden.  Just as a patent plaintiff cannot pursue damages without factual

17  support of the alleged infringement, an accused infringer cannot pursue a lower royalty rate

18  without factual support that an acceptable alternative was available to it.  *See, e.g., Conceptus,*

19  *Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1178-1179 (N.D. Cal. 2010) (granting summary

20  judgment that "there were no acceptable and available, non-infringing alternatives to the claimed

21  inventions during the relevant damages period").  Even if ██████████ would not-

22  infringe the '571 Patent, Mr. McAlexander's conclusory opinion skips the analysis needed to

23  support his conclusion.

24    It is undisputed that the '571 patent covers █████████ Mr. McAlexander even

25  concedes this fact.  Ex. 2 (McAlexander Rebuttal Report) at ¶ 152 (████████████

26  ████████████████████████."); *see also* Ex. 1

27  (McAlexander Opening Report) at ¶ 75 ("████████████████████

28

-5-

FIRST *DAUBERT* MTN TO EXCLUDE
TESTIMONY OF JOSEPH MCALEXANDER
CASE NO. 3:14-CV-03657-SI

███████ *id* at. F32 ("███████ ███████"). But despite his admission, Mr. McAlexander offers the contradictory opinion that "███████"[2] Mr. McAlexander's opinion that ███████ is a non-infringing alternative is incongruous with scope the '571 Patent which, in addition to NAND architecture, also covers ███████ This faulty reasoning (███████) commits the same logical error as the opinion that the accused products can simultaneously be infringing and non-infringing substitutes. *Cf. Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 5958178, at *2 (N.D. Cal. Nov. 7, 2013) (*citing SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1166 (Fed.Cir.1991) ("However, by definition, noninfringing products do not represent an embodiment of the invention.")). It is a misapplication of the law on non-infringing alternatives that, if presented to the jury, could lead to error.

The premise of Mr. McAlexander's opinion appears to rest on the fact that "███████"[3] However, it makes no difference whether ███████ is unaccused of infringement in this litigation; "such a conclusion is insufficient to establish a noninfringing alternative." *Elbit Systems Land And C4I Ltd. v. Hughes Network Systems, LLC*, Case No. 2:15-CV-00037-RWS-RSP (*citing Droplets, Inc. v. Overstock.com, Inc*., Case 2:11-cv-00401-JRG-RSP, Dkt. 347 at 3 (Jan. 9, 2015 E.D. Tex.) (the expert "should be precluded from making the assertion that [products] are non-infringing alternatives simply because [the plaintiff] has not accused them of infringement.").

Moreover, even assuming some ███████ would not infringe, because Micron bears the burden of establishing the availability of non-infringing alternatives, it was required to present evidence and analysis demonstrating non-infringement. *See, e.g., Conceptus, Inc. v.*

---

[2] Ex. 2 (McAlexander Rebuttal Report) at ¶ 370.

[3] *Id.*

1  *Hologic, Inc.*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010) ("Hologic—the alleged infringer—
2  therefore bears the burden of proving the availability of some other acceptable noninfringing
3  alternative.  Hologic, however, has not proffered any admissible evidence to rebut the inference
4  that no acceptable noninfringing substitutes were available*.")*; *see, e.g., LaserDynamics, Inc. v.*
5  *Quanta Computer, Inc.*, No. 06-CV-348, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011),
6  ("[defendant] . . . bears the burden of proving that the non-infringing alternatives were available
7  to it during the accounting period.") *objections overruled*, No. 2:06-CV-348, 2011 WL 13196509
8  (E.D. Tex. Jan. 28, 2011).  When, as here, no evidence is presented, courts either exclude the
9  unsupported testimony or grant summary judgment that no such alternative exists due the
10 absence of a factual dispute.  *See, e.g., Conceptus*, 771 F. Supp. 2d at 1179 (granting summary
11 judgment of no non-infringing alternatives); *LaserDynamics,*  2011 WL 197869, at *3 (finding
12 expert's opinions regarding non-infringing alternatives irrelevant and unhelpful to the trier of
13 fact).

14       Because Mr. McAlexander's opinion regarding "▮▮▮▮▮▮▮▮▮▮" embodiment of the
15 '571 Patent runs contrary to the notion of non-infringing alternatives, it the lacks the reliability
16 and rigor demanded by *Daubert* and Rule 702.  Paragraph 370 of Mr. McAlexander's Rebuttal
17 Report should therefore be excluded.

18       **C.    Undisclosed And Non-Discoverable Opinions Regarding Third-Party Products Should Be Excluded.**
19

20       Finally, Micron's technical expert should be excluded from the testifying regarding non-
21 infringing alternatives that were not identified in his Rebuttal Report, nor disclosed in Micron's
22 interrogatory responses.  Mr. McAlexander concedes no ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ eyond the
23 accused micron products are discussed in his report:

24
25
26
27

28

-7-
FIRST *DAUBERT* MTN TO EXCLUDE
TESTIMONY OF JOSEPH MCALEXANDER
CASE NO. 3:14-CV-03657-SI

1  Ex. 3 (McAlexander Depo. Tr.) at 288:14-24.

2

3

4

5

6  Ex. 3 (McAlexander Depo Tr.) at 290:4-10.  Mr. McAlexander should thus be precluded from

7  testifying at trial that ████████████████████████████████████████

8  ████████.  Because Mr. McAlexander identified no such products, ████████████ o

9  ████████████, neither MLC nor the jury can assess the veracity of his assertions.

10       Alternatively, Mr. McAlexander's deposition testimony regarding alleged third-party

11  non-infringing alternatives should be stricken under Rule 37 because no such theory was

12  disclosed in Micron's Supplemental Response to MLC's 5th Set of Interrogatories.[4]  In response

13  to MLC's request for identification of non-infringing alternatives, Micron identified no third-

14  party products as potential non-infringing alternatives:

> Subject to and without waiving the foregoing specific objections and the General Statements and Objections, and to the extent Micron understands this Interrogatory, Micron responds as follows: The accused Micron NAND flash memory products at issue in this case do not infringe the asserted patent and, thus, constitute non-infringing alternatives.  Moreover, Micron offers a variety of other non-infringing memory products, such as NOR flash products and single-level cell NAND flash products.  Moreover, any MLC NAND product that uses a resistor ladder for selecting among a plurality of reference voltages is non-infringing.

22  ████████████████████████████  Mr. McAlexander's deposition testimony, which first

---

[4] Pursuant to Federal Rule of Civil Procedure 37, if a party fails to provide information as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ should
2  be stricken as an untimely disclosure.  To the extent Micron believed there were third-party
3  products that were non-infringing alternatives, it should have identified them in its supplemental
4  interrogatory response.  Likewise, Mr. McAlexander should have identified such products in his
5  Rebuttal Report and furnished some analysis of how he determined that such products were
6  acceptable non-infringing alternatives.  Because neither Micron nor its expert disclosed this new
7  theory, it is improper, and should be stricken.  *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-
8  CV-903-JRG, 2016 WL 367251, at *3 (E.D. Tex. Jan. 29, 2016) (striking from expert repot non-
9  infringing alternatives not disclosed in defendant's interrogatories); *Prism Techs., LLC v. T-
10 Mobile USA Inc.*, No. 8:12CV124, 2015 WL 5883764, at *3 (D. Neb. Oct. 8, 2015) (striking
11 portions of expert report relying on undisclosed non-infringing alternatives); *Masimo Corp. v.
12 Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 389 (D. Del. 2014) (striking expert's untimely
13 supplementation of non-infringing alternatives).

14      As a final matter, Mr. Mr. McAlexander appears to assume t▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓▓▓▓▓▓▓▓▓▓▓  *But see Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir.
16 2008) (finding non-infringing alternative must still be "acceptable" in the context of reasonable
17 royalty).  As to ▓▓▓▓▓▓ Mr. McAlexander simply states that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" and that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓n."[5]  As to ▓▓
19 ▓▓▓▓▓▓▓, Mr. McAlexander observes that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓".[6]
20 And with respect prior art patents and literature, Mr. McAlexander states that "▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓".  *Id.* at ¶368.  Mr. McAlexander's has been guilty of providing unwarranted opinions in
23 the past, similar to the opinions he has rendered here.  For example, Mr. McAlexander has been
24 precluded in the past from testifying regarding the feasibility of non-infringing alternatives based
25 on unwarranted assumptions.  *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905

---

[5] Ex. 2 (McAlexander Rebuttal Report) at ¶ 370.

[6] *Id.* at ¶372.

28                                            -9-
                                                                    FIRST *DAUBERT* MTN TO EXCLUDE
                                                                    TESTIMONY OF JOSEPH MCALEXANDER
                                                                    CASE NO. 3:14-CV-03657-SI

1  RMW, 2008 WL 73686, at *3 (N.D. Cal. Jan. 5, 2008) ("McAlexander's report, however,
2  provides no cost analysis except an assumption that the alternative technologies would not have
3  been presented to JEDEC if their costs were prohibitive. This provides little foundation for an
4  opinion that the alternatives considered would have been feasible from a cost standpoint….
5  McAlexander is, therefore, precluded from testifying as to the costs associated with replacing
6  Rambus technologies with feasible alternatives."). As was the case in *Rambus*, Mr.
7  McAlexander's unwarranted assumptions compound the unreliability of Mr. McAlexander's
8  opinions regarding acceptable non-infringing alternatives in this case.

## IV.   CONCLUSION

For the reasons set forth above, MLC respectfully requests the Court preclude Mr. McAlexander from testifying that t██████████████████████████████████ of the '571 Patent, and ██████████████████████ are acceptable non-infringing-alternatives.

Dated:  April 15, 2019

Respectfully Submitted,

POLSINELLI LLP

*/s/ Barrington Dyer*
By:   Barrington Dyer

Attorneys for Plaintiff
MLC INTELLECTUAL PROPERTY, LLC

-10-

FIRST *DAUBERT* MTN TO EXCLUDE
TESTIMONY OF JOSEPH MCALEXANDER
CASE NO. 3:14-CV-03657-SI