UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER RE: MICRON'S MOTION FOR A PRELIMINARY INJUNCTION AND/OR TO STRIKE; DENYING MICRON'S MOTION TO STRIKE EPSTEIN DECLARATION**<br><br>Re: Dkt. Nos. 361, 395 |

On April 19, 2019, the Court held a hearing on Micron's motion for a preliminary injunction or to strike, as well as on Micron's motion to strike the Epstein declaration that MLC filed in support of its opposition to the preliminary injunction motion.

Micron requests that the Court enjoin MLC from "breaching the nondisclosure agreement," or alternatively that the Court strike "at a minimum" certain "exemplary contentions" from MLC's pleadings, discovery responses, and expert reports relating to notice. The Court DENIES Micron's request for a preliminary injunction because, *inter alia*, Micron has not shown irreparable harm.

However, the Court agrees with Micron that as a matter of contract interpretation, the plain language of the NDA prohibits MLC from using "any information" disclosed pursuant to the NDA as evidence of notice, and that the NDA's prohibition on such use does not expire on May 30, 2019. As such, the Court GRANTS Micron's motion as follows: MLC may not use any information disclosed pursuant to the NDA (such as the PowerPoint presentation mentioned in the papers) as evidence of notice to Micron. This order does not preclude MLC from relying on evidence of notice that predates the execution of the NDA, or nor is MLC prevented from relying on evidence of notice arising after the NDA was terminated. In light of this relief, the Court does not find it necessary to

strike particular allegations and contentions from discovery responses and reports.

The Court notes that the manner in which this issue has been presented to the Court has been needlessly complicated. The present motion is styled as a motion for a preliminary injunction based on alleged irreparable harm flowing from MLC's "breach" of the NDA based on discovery responses and MLC's anticipated reliance on evidence of notice at the time of trial in August 2019. The Court granted Micron leave to file the counterclaim alleging a breach of the NDA as a matter of judicial efficiency because "[w]hether presented as a counterclaim for breach of contract or through a motion in limine or summary judgment, the Court will need to interpret the agreement and determine the parties' obligations thereunder to determine the proper scope of MLC's damages claim." Dkt. No. 316 at 2. In the Court's view, the better course would have been for Micron to file a pretrial motion seeking an interpretation of the NDA, without framing this issue as a counterclaim for breach of contract. In light of the interpretation of the NDA set forth above and the prohibition on MLC using any information disclosed pursuant to the NDA as evidence of notice, the Court concludes that Micron does not have a viable claim for "breach" of the NDA, and accordingly the counterclaim for breach is DISMISSED.

Finally, the Court DENIES Micron's motion to strike the Epstein declaration.

**IT IS SO ORDERED**.

Dated: April 19, 2019

_____
SUSAN ILLSTON
United States District Judge