UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, Plaintiff, v. MICRON TECHNOLOGY, INC., Defendant. | Case No. 14-cv-03657-SI **ORDER GRANTING IN PART AND DENYING IN PART MLC'S OMNIBUS ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF MLC'S DAUBERT MOTIONS AND EXHIBITS** Re: Dkt. No. 422 |

MLC has filed an "omnibus" administrative motion for leave to file under seal portions of MLC's *Daubert* motions and exhibits. Specifically, MLC seeks to file redacted versions of its "first," "second" and "third" *Daubert* motions to exclude testimony by Micron's expert Joseph McAlexander, and to file four exhibits in support of those motions entirely under seal. The exhibits consist of excerpts of Mr. McAlexander's expert reports, excerpts of Mr. McAlexander's deposition testimony, and excerpts of the expert report of Mr. Paul Meyer, Micron's damages expert.

MLC states that all of the material at issue has been designated by Micron as confidential. Horton Decl. ¶¶ 1-5 (Dkt. No. 422-1). Micron's declaration in support of the administrative motion states that Exhibit 1 (Mr. McAlexander's opening report) "does not contain Micron's own confidential information" and that Micron only designated Exhibit 1 as "Highly Confidential-- Attorneys' Eyes-Only" because "it contains excerpts of a deposition transcript that *MLC* designated as confidential." Bright Decl. ¶ 6 (Dkt. No. 438). Micron "takes no position" as to whether Exhibit 1 should be filed under seal. Based upon this record, the administrative motion to file Exhibit 1 under seal is DENIED.

Micron states that it designated the remaining exhibits as either "Highly Confidential--

Attorneys' Eyes-Only" or "Highly Confidential—AEO and Source Code" because those documents (the expert reports and deposition testimony) either discussed confidential technical information about the accused products (Exhibits 2 and 3) or "sensitive business information" that Micron does not make available to the public (Exhibit 4). *Id.* ¶¶ 7-9. Micron does not identify with any specificity what "sensitive business information" is contained in Exhibit 4, nor does Micron explain why that exhibit should be filed under seal.

The proposed redactions in the *Daubert* motions relate to (1) Mr. McAlexander's opinions about non-infringing alternatives and (2) the value of the '571 patent. The proposed redactions include such non-confidential words as "Accused Products," "third-party products," and "regarding the value of the '571 patent." While it may be true that portions of the expert reports and Mr. McAlexander's deposition testimony discuss source code and confidential technical information about the accused products there is nothing about any of the material in the motions themselves that is confidential.

Accordingly, the Court GRANTS in part and DENIES in part MLC's administrative motion as follows: MLC shall file the *Daubert* motions in the public record. MLC shall also file Exhibits 1 and 4 in the public record. MLC shall file Exhibits 2 and 3 under seal.

**IT IS SO ORDERED.**

Dated: May 2, 2019  _____
SUSAN ILLSTON
United States District Judge