UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Movant,<br><br>v.<br><br>McKOOL SMITH, P.C.<br><br>Respondent. | Case No.  19-mc-80047-SI<br><br>Related to Case No. 14-cv-03657 SI<br><br>**ORDER GRANTING IN PART MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**<br><br>Re: Dkt. No. 1 |
| MICRON TECHNOLOGY, INC.,<br><br>Movant,<br><br>v.<br><br>U.S. INTERNATIONAL TRADE COMMISSION,<br><br>Respondent. | Case No.  19-mc-80052-SI<br><br>Related to Case No. 14-cv-03657 SI<br><br>Re: Dkt. No. 1 |

On April 26, 2019, the Court held a hearing on Micron's motions to compel compliance with subpoenas issued to the U.S. International Trade Commission and McKool Smith, P.C.  For the reasons set forth below, the motions are GRANTED IN PART and DENIED IN PART.

## BACKGROUND

These miscellaneous cases relate to a patent infringement case that is currently pending in this Court, *MLC v. Micron Technology, Inc.*, Case No. 14-cv-03657 SI.  In that case, MLC Intellectual Property ("MLC") alleges that Micron Technology, Inc. ("Micron") is infringing U.S.

Patent No. 5,764,571 ("the '571 patent"). The case is set for trial on August 12, 2019.

In these miscellaneous actions, Micron seeks compliance with Rule 45 subpoenas that Micron issued to the United States International Trade Commission ("ITC") and McKool Smith, P.C. ("McKool"), seeking documents from an ITC investigation, *In the Matter of Certain MLC Flash Memory Devices and Products Containing Same*, Inv. No. 337-TA-683 (2009) ("the '683 Investigation").[1] In the '683 Investigation, the ITC investigated a complaint filed by BTG International, Inc. ("BTG") alleging violations of 19 U.S.C. § 337 in the importation into the United States, the sale for importation, and the sale within the United States after importation, of certain multi-level flash memory devices and products by reason of alleged infringement of the '571 patent.[2] McKool represented BTG in the '683 Investigation. The respondents in the '683 Investigation were Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Semiconductor, Inc.; Samsung Telecommunications America, LLC; Apple, Inc.; ASUSTek Computer, Inc.; ASUS Computer International; Dell, Inc.; Lenovo (Singapore) Pte. Ltd.; Lenovo (United States) Inc.; PNY Technologies, Inc.; Sony Corporation; Sony Electronics, Inc.; Transcend Information, Inc.; Research in Motion Corporation; and Research in Motion, Ltd.

The Administrative Law Judge ("ALJ") presiding over the '683 Investigation entered a protective order governing the submission and treatment of confidential information submitted in that investigation. The ALJ held an evidentiary hearing on June 21-23, 2010. Throughout the proceedings, the parties submitted documents such as expert reports and witness statements and designated those documents as "confidential" under the protective order. In addition, Mr. Gerald Banks, the inventor of the '571 patent, was deposed in connection with the '683 Investigation, submitted a written witness statement, and testified at the evidentiary hearing; all of Mr. Banks' testimony was designated as confidential pursuant to the protective order. The '683 Investigation was terminated on January 11, 2011, based upon a settlement agreement reached between the

---

[1] Micron filed the motions to enforce compliance with the subpoenas in the district courts of the District of Columbia and the Northern District of Texas, and then successfully moved to transfer those matters to this Court.

[2] At the time, BTG owned the '571 patent. MLC subsequently acquired all rights to the '571 patent.

1    parties.  Due to the settlement, the ALJ never issued a determination regarding BTG's complaint

2    and the alleged violations of 19 U.S.C. § 337.

3          In *MLC v. Micron*, Micron sought documents from the '683 Investigation through discovery

4    requests served on MLC and a Rule 45 subpoena served on BTG.  Although Micron received some

5    documents through these efforts, Micron was unable to obtain most of the documents it sought,

6    including Mr. Banks' witness statement and final deposition transcript,[3] as well as his testimony

7    from the evidentiary hearing.

8          In December 2014, Micron also filed a Freedom of Information Act ("FOIA") request

9    seeking sections of the ITC Staff's Post-Hearing Brief and Reply Brief pertaining to the validity

10   and/or invalidity of the '571 patent.  *See* Dowd Decl. Ex. F, ITC's Feb. 9, 2015 Response to FOIA

11   Request (Dkt. No. 1-8 in Case No. 19-mc-80052 SI).  According to the ITC's letter responding to

12   the FOIA request, "pursuant to [ITC] Rule § 201.19(c), [the ITC] afforded the submitters of the

13   responsive documents notice of [Micron's] request and an opportunity to provide comments since

14   the document identified had been granted confidential treatment."  *Id*.  The ITC produced redacted

15   versions of the briefs after receiving the parties' comments.  *See id*.

16         In October 2018, Micron served the two Rule 45 subpoenas that are at issue in these

17   miscellaneous cases.  Both subpoenas seek 32 categories of documents from the '683 Investigation,

18   including expert reports, witness statements, deposition transcripts, and transcripts of testimony

19   from the evidentiary hearing.  The subpoena served on McKool also seeks additional documents

20   related to the '683 Investigation such as letters and e-mails between BTG and the '683 Investigation

21   respondents, as well as different types of non-privileged documents that do not contain the

22   confidential business information of third parties.

23         The ITC and McKool have not complied with the subpoenas, thus prompting the instant

24   motions to enforce compliance.

25

26

27

28   ---
     [3]  Micron was able to obtain a copy of Mr. Banks' rough deposition transcript from MLC,
     BTG and/or McKool.

**LEGAL STANDARD**

Under Rule 45(a), subpoenas may command a party to "produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). A subpoena may be quashed or modified if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies or subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(ii). The subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

**DISCUSSION**

Micron contends that the documents that it seeks are the types of documents routinely disclosed in patent litigation, including the prior statements and testimony of Mr. Banks, as well as prior statements and testimony of the patent owners' fact and expert witnesses. Micron argues that neither the ITC nor McKool have asserted a valid basis for failing to comply with the subpoenas because any confidentiality concerns can be addressed through the protective order in place in *MLC v. Micron*, 14-3657 SI. Micron also argues that neither the ITC nor McKool have substantiated their assertions that compliance with the subpoenas would be unduly burdensome.

The ITC and McKool assert numerous objections to complying with the subpoenas. The ITC argues that in order to fulfill its mandate of conducting section 337 investigations "at the earliest practicable time," 19 U.S.C. § 1337(b)(1), it relies on the willingness of parties to voluntarily submit confidential documents to the ITC with the understanding that those documents will only be used for the purposes of the ITC's investigation. The ITC argues that if the Court grants Micron's motion to enforce compliance with the subpoena, parties to ITC proceedings will no longer trust the Commission's ability to adequately protect confidential business information ("CBI") it obtains during the course of an investigation.[4] The ITC also argues that if the Court grants Micron's motion,

---

[4] 19 U.S.C. § 1337(n) governs the disclosure of information designated as CBI in a section 337 investigation. Section 1337(n)(1) provides, "Information submitted to the Commission or

4

it will "open the floodgates" for similar requests because the overwhelming majority of section 337 investigations concern intellectual property, and in particular, claims of patent infringement (and invalidity). ITC's Opp'n at 16 (Dkt. No. 7 in 19-80052 SI). The ITC and McKool argue that the terms of the protective order in the '683 Investigation preclude the ITC and McKool from producing any documents designated as confidential to non-parties for use in other proceedings, and that they are prohibited from determining on their own whether any information was improperly designated as CBI. The ITC and McKool also argue that complying with the subpoenas would be unduly burdensome because, *inter alia*, the review process would require locating signatories to the protective order in order to obtain their consent to disclosing their confidential business information, and if such consent was not forthcoming, redacting confidential business information from each requested document. McKool states that "the case files and production database [for the '683 Investigation] together represent some 165,000 documents." McKool's Opp'n at 3 (Dkt. No. 7 in 19-80047 SI).

The Court has carefully considered the parties' arguments and is mindful of the ITC's institutional concerns, as well as the burden that would be imposed on the ITC and McKool if the Court fully enforced the subpoenas. The Court also recognizes the importance of protecting third parties' confidential business information. While Micron may be correct in its assertion that the parties to the '683 Investigation improperly designated significant portions of the record as CBI,[5] the Court is not persuaded by Micron's suggestion that either the ITC or McKool could now make a determination as to the propriety of those designations without the involvement of the designating parties. However, the Court also recognizes that Micron is entitled to seek relevant discovery, and that Micron has unsuccessfully attempted to obtain the documents at issue from MLC and BTG.

---

exchanged among the parties in connection with proceedings under this section which is properly designated as confidential pursuant to Commission rules may not be disclosed (except under a protective order issued under regulations of the Commission which authorizes limited disclosure of such information) to any person (other than a person described in paragraph (2)) without the consent of the person submitting it." 19 U.S.C. § 1337(n)(1); *see also* 19 C.F.R. § 201.6(a)(1) (defining CBI).

[5] The Court notes that the parties in the underlying related case, *MLC v. Micron*, have themselves demonstrated a proclivity for designating large swaths of information as "confidential" when, in fact, it is not.

The Court concludes that Micron is entitled to receive three documents that are the most relevant to this litigation – those containing the inventor's prior testimony – and that the production of these documents will not undermine the ITC's mission, is permitted by the '683 protective order, and will not impose an undue burden on the ITC or McKool.  At the April 26, 2019 hearing, counsel for the ITC stated that the ITC was in possession of Mr. Banks' witness statement, which it estimated as less than 20 pages, and the transcript of Mr. Banks' testimony from the evidentiary hearing, which it estimated as less than 130 pages.  Counsel for McKool stated that McKool has Mr. Banks' final deposition transcript (counsel did not provide an estimate for the length of that document).  As demonstrated by the ITC's response to Micron's 2014 FOIA request, the ITC already has a process in place for responding to third party requests for documents containing CBI.  The Court finds that requiring the ITC to undergo that same process for the three Banks' documents will not be unduly burdensome.  Further, as counsel for the ITC acknowledged at the hearing, the '683 protective order permits the ITC to disclose documents containing CBI if pursuant to a court order.  *See* '683 Protective Order ¶ 1.  However, with regard to the balance of the documents sought in Micron's subpoenas, the Court finds that it would be unduly burdensome for the ITC and McKool Smith to engage in this process.

Accordingly, the Court ORDERS as follows:  (1) within 4 days of the filing date of this order, McKool shall produce Mr. Banks' final deposition transcript to the ITC; (2) within 8 days of the filing date of this order, the ITC shall provide notice to the parties to the '683 Investigation of this Court's order compelling the production of Mr. Banks' witness statement, evidentiary hearing testimony, and final deposition transcript, and provide a reasonable time to object to the disclosure of any CBI.[6]  *See generally* 19 C.F.R. §§ 201.17, 201.19 (setting forth ITC's process for responding to a FOIA request); *see also* '683 Protective Order ¶ 9 (same).  The ITC shall undergo the review process as expeditiously as possible, and produce the Banks' witness statement, evidentiary hearing transcript, and final deposition transcript to Micron **no later than June 14, 2019.**

---

[6]  BTG and MLC have already provided their consent to the disclosure of any '683 Investigation documents that contain the CBI of BTG or MLC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, Micron's motions seeking compliance with the subpoena are GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

Dated: May 6, 2019

_____

SUSAN ILLSTON
United States District Judge