UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., <br><br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER RE: MLC'S OMNIBUS ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF MLC'S DAUBERT MOTION, EXHIBITS AND MOTION IN LIMINE** <br><br> Re: Dkt. Nos. 453-455 |

On April 23, 2019, MLC filed an "omnibus administrative motion for leave to file under seal portions of MLC's *Daubert* motion, Declaration of Fabio Marino and Exhibits to *Daubert* motion and Motion in Limine." Dkt. Nos. 453-455.[1] MLC seeks to file portions of its *Daubert* motion regarding Micron's damages expert Paul Meyer under seal, portions of the Marino declaration under seal, and Exhibits 1-14 entirely under seal.

The Court has reviewed the proposed under seal material and the declarations of Rebecca Horton and Michael Ellis in support of the administrative motion to seal. The administrative motion to seal is GRANTED IN PART and DENIED IN PART as follows:

---

[1] Although the title of the motion suggests that there is a separate motion in limine that is the subject of the administrative motion, it appears from the docket that there is not. In light of the numerous *Daubert* motions and motions in limine filed by both parties, which are usually accompanied by administrative motions to file under seal, the Court requests that the parties take care to frame the titles of their motions with accuracy so as to not cause confusion.

Further, neither the chambers copy nor the electronically filed under seal version of the Marino Declaration contains highlighting of the proposed redactions. The Court evaluated the propriety of the proposed redactions by comparing the redacted version with the unredacted chambers copy. The Court once again reminds the parties to comply with Civil Local Rule 79-5 with regard to the filing of administrative motions to file under seal, including the requirement that such motions be accompanied by chambers copies containing highlighting showing the proposed redactions. *See* Civ. L.R. 79-5(d)(1)(D).

1. Exhibits 5 and 6 do not contain confidential information and therefore the motion to seal these documents is DENIED. MLC shall file these exhibits in the public record.
2. MLC's proposed redactions to the *Daubert* motion are overbroad. While specific information that Mr. Meyer relied upon to formulate his opinions may be confidential (such as details about the licenses, including the specific royalty rates), general descriptions of Mr. Meyer's methodology that do not include confidential information should not be filed under seal. For example, the proposed redaction in the Introduction of the motion at lines 19-24 does not contain confidential information, and indeed repeats unredacted information contained in the same paragraph about Mr. Meyer's use of "units" instead of revenue and MLC's assertion that "the comparable licenses [were] negotiated on the basis of an established royalty rate applied to expected revenue over a period of time." *See* Introduction at lines 8-9, 13. For the same reasons, the proposed redaction at page 10, lines 11-23 is improper, as those sentences simply describe Mr. Meyer's methodology without disclosing any underlying confidential information. These are just a few examples. MLC is directed to refile a more narrowly tailored administrative motion requesting to file under seal portions of the *Daubert* motion that <u>only</u> contain confidential information. Accordingly, the motion to file portions of the *Daubert* motion is DENIED without prejudice to renewal.
3. The Court GRANTS the remainder of the administrative motion, and thus the Marino declaration may be filed with the proposed redactions, and Exhibits 1-4 and 7-14 may be filed under seal.

**IT IS SO ORDERED**.

Dated: May 7, 2019

_____
SUSAN ILLSTON
United States District Judge