UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., <br><br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER RE: MLC'S ADMINISTRATIVE MOTION TO SEAL, CHAMBERS COPIES, AND JUNE 12 CONFERENCE CALL RE: TRIAL** <br><br> Re: Dkt. Nos. 497 |

The Court has expended an inordinate amount of time processing the administrative motions to seal (and Dkt. No. 497 in particular) − time that would have been far better spent addressing the merits of the parties' collective 21 *Daubert* motions and motions in limine that are scheduled for a hearing on June 6, 2019. **The Court will not entertain any further administrative motions to seal in this case.**

MLC's motion at Dkt. No. 497 requests to file numerous (16) documents either partially or fully under seal. Before addressing the specific requests, the Court notes the following. As reflected in the docket, on May 29, 2019, the Court issued a general clerk's notice reminding the parties of this Court's standing order regarding chambers copies, including specifically the requirements that chambers copies must be 3-hole punched and include ECF notations. Dkt. No. 568. On May 29, the Court also issued a clerk's notice specifically about Dkt. No. 497 and MLC's failure to provide the Court with a complete set of chambers copies. Dkt. No. 569. The initial set of chambers copies for Dkt. No. 497 did not include, *inter alia*, an unredacted copy of MLC's Opposition to Micron's *Daubert* motion re Milani (Dkt. No. 497-4) nor did it include unredacted copies of Exhibits A and G-Q to the Marino declaration (Dkt. No. 497-11 to 497-22).

In response to that clerk's notice, MLC provided the Court with a second set of chambers copies. However, the second set of chambers copies still did not include an unredacted copy of the opposition to the Milani *Daubert* motion or Exhibits A and G-Q.

Thus, on May 30, the Court issued a second clerk's notice regarding Dkt. No. 497. Dkt. No. 575. MLC submitted the third set of chambers copies by noon on May 30. That set still did not include an unredacted copy of MLC's opposition to the Milani *Daubert* motion, nor did MLC provide the Court with unredacted copies of Exhibits L or N[1] to the Marino declaration (Dkt. Nos. 497-17 and 497-19). In addition, although the clerk's notices addressed the need to include ECF numbers at the top of the documents, the second and third sets of chambers copies did not include any ECF notations, handwritten or otherwise, thus further complicating the task of determining what was missing. *See generally* Civil L.R. 79-5(d)(2) & this Court's Standing Order.[2]

On May 30, 2019, the Court's clerk orally informed MLC's law firm that the third set of chambers copies was deficient. On the afternoon of May 30, MLC provided a fourth set of chambers copies, followed an hour later by a fifth set. These sets contain ECF notations, the missing opposition brief and Exhibits L and N.[3] Between the third, fourth and fifth sets of chambers copies, the Court now has a complete set of Dkt. No. 497.

MLC's repeated problems with providing the Court with a single, complete, 3-hole punched and ECF notated set of the exhibits for a subset of *Daubert*/motions in limine gives the Court serious concern about MLC's ability to handle exhibits at trial. **<u>MLC must be fully prepared to address the efficient and smooth management of trial exhibits at the June 12 conference call regarding trial logistics. The trial teams that participate in the June 12 conference call must include at least one lawyer and at least one paralegal from both sides.</u>**

---

[1] The third set provided to the Court contains Exhibit tab "N," however the exhibit that is attached is actually Exhibit O (Dkt. No. 497-20).

[2] In addition, the parties' briefs often refer to a document by the ECF number. Thus, if the chambers copies do not contain ECF numbers, the Court is required to constantly cross-reference the ECF citations in the briefs with the docket to determine which exhibit is cited. This is not a productive use of the Court's time.

[3] However, the fourth set is inexplicably missing Exhibit G, and Exhibit P follows Exhibit Q. The fifth set helpfully contains all of the exhibits (including Exhibits B-F, which were not under seal), but only some of these exhibits are 3-hole punched.

The Court rules on MLC's motion to seal as follows:

MLC's Opposition to Micron's *Daubert* Motion re Milani: GRANTED as to the specific royalty rates from other licenses (e.g. Hynix) but DENIED as to statements of Milani's opinions that are not confidential, such as his opinion that that a downward adjustment of 50% is warranted, or that an ultimate royalty rate of .375% is appropriate.

MLC's Opposition to Micron's *Daubert* Motion re Epstein: DENIED as to any references to Epstein's opinion about a 1-3% royalty rate. The Court previously permitted the parties to file under seal specific royalty rates from other confidential license agreements. However, Mr. Epstein's opinion about a reasonable royalty rate in this case, even though it may be based on those other agreements, is not in and of itself confidential.

Hinkley and Epstein declarations: GRANTED.

Exhibits A, I, J, K-Q: GRANTED.

Exhibits G and H: DENIED for the reasons previously stated by the Court regarding these same exhibits. These exhibits shall be publicly filed.

**IT IS SO ORDERED**.

Dated: June 3, 2019

SUSAN ILLSTON
United States District Judge