UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MICRON'S DAMAGES MOTION IN LIMINE #4 RE: PRE-SUIT DAMAGES**<br><br>Re: Dkt. No. 449 |

On June 6, 2019, the Court held a hearing on numerous pretrial motions. For the reasons set forth below, Micron's damages MIL #4 is GRANTED in part and DENIED in part.

Micron moves to preclude evidence of pre-suit damages. Micron contends that MLC did not allege that it was seeking pre-suit damages in its complaint, and thus that MLC is precluded from now seeking such damages. Micron asserts that if MLC is permitted to present evidence of pre-suit damages at trial, discovery will need to be reopened and/or the trial will need to be postponed. Micron also contends that as a matter of law, MLC's evidence of pre-suit notice is insufficient.

MLC's evidence of pre-suit damages consists of: (1) 3 letters from BTG to Micron regarding licensing MLC's patent portfolio, dated November 29, 2006, June 29, 2007 and February 2008; (2) a September 13, 2011 letter from Muir Patent Consulting to Micron; (3) a November 9, 2011 email from Patrick Muir to "DKaplan@micro.co"; and (4) unspecified communications between Ronald Epstein/Epicenter and Micron. Ellis Decl. Ex. 13-15, 18, 19.

The Court is not persuaded by Micron's argument that MLC's failure to allege pre-suit damages in the complaint bars MLC from seeking those damages. While the better practice would have been to allege such a claim in the complaint, MLC did disclose in discovery that it was claiming

damages "at least as of 2008 [when] representatives of BTG approached Micron about licensing its MLC Flash memory patent portfolio." MLC's Suppl. Resp. to Micron's Interrog. #18 (Ellis Decl., Ex. 30 at 3; Dkt. No. 442-45).[1] The supplemental response also stated that MLC sought pre-suit damages based upon the September 2011 Muir letter, as well as Epicenter's 2013-2014 negotiations with Micron. *Id.* At the time of that supplemental disclosure, fact discovery had not yet closed. MLC's earlier response to the same interrogatory identified, *inter alia*, the 2008 letter from Christine Soden of BTG to Micron. *See id.* at 2 (identifying document MLC00002583). Thus, while MLC's pleading and disclosures about pre-suit notice were deficient in numerous respects, the Court finds that MLC has adequately disclosed an entitlement to pre-suit damages as early as 2008. As such, the Court is not persuaded by Micron's claim that discovery needs to be reopened because Micron could have (and did) take discovery regarding the basis of MLC's pursuit of pre-suit damages.

Since the Court finds that the earliest disclosed date for pre-suit notice is 2008, the 2006 and 2007 letters from BTG to Micron could only be used as evidence in support of a damages period beginning in 2008. The Court finds that it is a very close call as to whether the 2006-2008 BTG letters, taken together, could constitute actual notice of infringement. However, because the letters also reference conversations between Mr. Fisher and Mr. Westergard, the Court cannot conclude that as a matter of law the 2006-2008 letters could not support a damages period beginning in 2008. Further, at the hearing MLC represented that although the letters do not identify specific Micron products, during that time period Micron had very few NAND flash products and thus the letters could be interpreted as identifying particular Micron products. On this record, the Court finds that the prudent course is to allow MLC to introduce evidence in support of a 2008 damages period, and Micron may renew its argument about the appropriate damages period through a Rule 50 motion.

With regard to the 2011 communications from Muir Consulting Group, there is a factual question as to whether the September 2011 letter (with enclosures) was ever mailed or received.

---

[1] It is not clear that MLC complied with the Patent Local Rule 3-1(h), which requires "[n]ot later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions' [which] shall contain the following information: (h) Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages . . . ."

2

The Court finds that from the face of the letter, the September 2011 letter would be sufficient to constitute actual notice because the letter identifies specific Micron products, discusses the patents and how the patents "are directed to features that appear to be widely adopted by MLC (multi-level) NAND flash memories today," references the "litigation history" of the patents, and listed as an enclosure, *inter alia*, BTG's ITC complaint against Samsung for infringement. *See generally Gart v. Logitech, Inc.*, 254 F.3d 1334 1345-46 (Fed. Cir. 2001). It appears that there is no dispute that the November 2011 email from Muir to Kaplan was not received by Micron due to an incorrect email address. However, that email references a conversation between Muir and Kaplan regarding licensing, and thus there are factual questions about what information was conveyed.

Finally, it appears that MLC plans to have Mr. Epstein testify as a percipient witness regarding actual notice based on the communications between Epstein and Micron during the 2013-2014 time period. The Court has already ruled that MLC may not rely on any information disclosed pursuant to the NDA as evidence of notice. MLC suggests that Mr. Epstein would testify about "the fact that MLC via Mr. Epstein informed Micron that it had already been on notice of infringement since November 29, 2006 when BTG sent its first letter to Micron." MLC's Opp'n at 14 (Dkt. No. 493). The Court finds that such testimony is improper for a number of reasons, not the least of which is the fact that the earliest disclosed damages period is 2008. Further, it is unclear from MLC's papers when those communications happened or the context of those communications. MLC also asserts that Mr. Epstein would testify about actual notice based on communications prior to the execution of the NDA; Micron contends that those communications are legally inadequate because they do not identify Mr. Epstein's client (MLC). The Court finds that prior to having Mr. Epstein provide any percipient testimony about notice, MLC shall make a specific offer of proof so that the Court can rule on the admissibility of Mr. Epstein's testimony in this regard.[2]

Accordingly, to the extent MLC seeks to start the damages period prior to February 2008, Micron's motion is GRANTED. The balance of Micron's motion is DENIED, without prejudice to a Rule 50 motion at the close of MLC's evidence. Further, prior to any percipient testimony about

---

[2] The Court will issue a separate order on Micron's *Daubert* motion regarding Mr. Epstein.

3

notice by Mr. Epstein, MLC shall make a specific offer of proof.

**IT IS SO ORDERED**.

Dated: June 11, 2019

_____
SUSAN ILLSTON
United States District Judge