UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., <br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER GRANTING MLC'S SECOND AND THIRD MOTIONS IN LIMINE RE: MCALEXANDER AND DIRECTING PARTIES TO MEET AND CONFER RE: MICRON'S PROPOSED MOTION IN LIMINE** <br><br> Re: Dkt. No. 426, 428 |

On June 6, 2019, the Court held a hearing on numerous pretrial motions. For the reasons set forth below, the Court GRANTS MLC's second and third motions in limine regarding Mr. McAlexander's testimony.

**I.    MIL #2**

MLC seeks to preclude Mr. McAlexander from testifying that the claims of the '571 patent are invalid for obviousness-type double patenting ("OTDP") in view of U.S. Patent Nos. 5,218,569 ("the '569 patent) and 5,394,362 (the '362 patent). MLC argues that because Micron never sought claim construction of the '569 and '362 patents, Mr. McAlexander has not performed an OTDP analysis based on this Court's construction. MLC argues that Mr. McAlexander's opinions about the interpretation of the claims is therefore irrelevant and prejudicial, and MLC identifies "at a minimum" several terms from those patents that do not appear in the '571 patent (and about which Mr. McAlexander provides opinions) that require construction. MLC also emphasizes the fact that in the earlier litigation regarding OTDP based on the '851 and '814 patents, the Court found it was necessary to construe claims that appeared in the '851 and '814 patents in order to make a

United States District Court
Northern District of California

comparison between the scope of the '571 patent and the reference patents.

Micron contends that the Court's prior orders regarding OTDP were limited to the '851 and '814 patents and that the Court did not require, as a general matter, that any OTDP defense based on any other reference patents must involve claim construction of the reference patents. Micron also asserts that the differences between the '571 patent and the '569 and '362 patents are only "minor linguistic differences" and that Mr. McAlexander is providing opinions about what a POSITA would understand about the reference patents. Micron faults MLC for not rebutting Mr. McAlexander's opinions, and Micron also states that "[s]hould the Court choose to construe the '569 and '362 Patents, despite not having been asked to do so previously by MLC, Mr. McAlexander would not proffer an opinion that contradicts whatever the Court ruled upon." Micron's Opp'n at 17 (Dkt. No. 488).

The Court agrees with MLC that Mr. McAlexander's OTDP opinions may not be presented at trial. The Court is not persuaded that there are only "minor linguistic differences" between the '571 patent and the '569 and '362 patents such that no construction of the reference patents is necessary, and the Court declines Micron's invitation to engage in claim construction of the reference patents at this late date and approximately two months prior to trial. Further, because Micron has the burden of providing invalidity, the Court finds that the onus was on Micron to ensure that its OTDP defense was properly litigated and prepared for trial, including determining whether any claim construction was required. In light of the Court's earlier finding that claim construction of the '851 and '814 reference patents was required, if Micron wanted to pursue an OTDP defense based on additional patents[1] Micron should not have assumed that claim construction was unnecessary and instead should have sought guidance from the Court on this issue.

Accordingly, the Court GRANTS MLC's MIL #2 regarding Mr. McAlexander's testimony.

---

[1] The Court notes that Micron's July and October 2018 case management statements (which were filed after the unsuccessful *ex parte* reexamination during which Micron raised OTDP) make no mention of the '569 and '362 patents, despite the fact that there were ongoing proceedings regarding OTDP and the '851 and '813 reference patents. *See* Dkt. Nos. 182 & 205.

## II. MIL #3

MLC seeks to preclude Mr. McAlexander from testifying about Micron's recently filed *ex parte* reexamination of the '571 patent. MLC asserts that the existence and status of this non-final proceeding is irrelevant. Micron responds that it "would agree not to provide testimony at the trial regarding this reexamination provided that MLC also be precluded from discussing post-grant proceedings in an attempt to bolster the validity of its patent." Micron's Opp'n at 18 (Dkt. No. 488). Micron states that MLC should not be permitted to discuss that the patent has been challenged multiple times at the Patent Office or argue that the Patent Office has upheld the '571 patent on various occasions, and Micron states that it plans to file a motion in limine about this issue by June 21.

The Court GRANTS MLC's motion in limine, and further finds that it is inclined to grant the proposed motion in limine that Micron describes at page 19 of its opposition brief and that is consistent with what other courts have done as demonstrated by the two court orders that Micron submitted. *See* Micron's Opp'n, Ex. 5-6 (Dkt. No. 488-6 & 488-7). **The Court directs the parties to meet and confer regarding Micron's proposed motion in limine to determine whether the parties can agree on a stipulation. If the parties cannot reach an agreement, Micron may file a motion in limine of no more than 5 pages on the matter.**[2]

**IT IS SO ORDERED**.

Dated: June 11, 2019

SUSAN ILLSTON
United States District Judge

---

[2] At the June 14, 2019 hearing, the parties shall be prepared to discuss what additional motions in limine they intend to file. The Court intends to strictly limit the number of motions in limine that will be permitted, and there will be page limits for those motions.

3