UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., <br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER DENYING MICRON'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** <br><br> Re: Dkt. No. 547 |

On June 14, 2019, the Court held a hearing on defendant's motion for summary judgment of non-infringement. Defendant contends that Micron's products do not practice the "selecting" limitation which is common to each of the asserted claims. The Court construed the "selecting" terms of claims 1, 9, 12 and 30 as means-plus-function terms subject to 35 U.S.C. § 112(6) with "the corresponding structure of a verify reference select circuit, excluding a circuit that outputs voltage from a resistor ladder." The Court also construed claims 42 and 45 to include the phrase "where selecting is performed without use of a circuit to output a voltage from a resistor ladder."[1]

Micron argues that the accused products use a resistor ladder to perform the function that MLC asserts is a "selection," and that MLC and its technical expert, Dr. Lee, have attempted to avoid the Court's claim construction by ignoring the role of the resistor ladder in Micron's products. Micron argues, *inter alia*, that the accused products use a circuit that outputs voltage from a resistor ladder, that the resistor ladder is integrally involved in the alleged "selection," that the accused

---

[1] Based upon the statements of counsel at the hearing, it appears the parties agree that claims 1, 9, 12, and 45 are no longer at issue due to the Court's orders striking portions of Dr. Lee's report. The parties agree that claim 30 remains in this case, and disagree about the continued vitality of claim 42. Unless MLC can demonstrate that claim 42 has survived the Court's earlier orders, the Court anticipates that only claim 30 will remain for trial.

products do not have a "verify reference select circuit," and that the circuits identified by MLC as the "verify reference select circuit" do not perform the function of "selecting." Micron relies heavily on the testimony and analysis of its technical expert, Joseph McAlexander, and Micron criticizes the testimony and analysis of MLC's technical expert, Jack Lee, as legally inadequate and factually incorrect.[2]

MLC responds that the resistor ladder in Micron's products is irrelevant to the "selecting" limitation, and MLC focuses on entirely different circuitry that is downstream from the resistor ladder which MLC contends generates the reference signals/voltages and performs the selection. MLC asserts that it and Dr. Lee are not ignoring the resistor ladder, but that instead Dr. Lee considered the resistor ladder and concluded that it was not involved in "selecting." MLC and Dr. Lee also identify circuits[3] in Micron's accused products that are the "verify reference select circuits," and MLC argues that there are factual disputes as to the role of the circuits in Micron's products.[4]

The Court concludes that while Micron advances a number of persuasive arguments about non-infringement, summary judgment is not appropriate because there are disputes about what circuitry is relevant, how the circuitry at issue operates, and whether and the extent to which the resistor ladder is involved in "selecting." In order to grant Micron's motion, the Court would be

---

[2] Most, if not all, of these criticisms are also the subject of pending *Daubert* motions and motions in limine. MLC has filed similar motions directed at Mr. McAlexander. To the extent that Micron argues that Dr. Lee's analysis is legally flawed (for example by performing an entirely "functional" analysis), the Court will address those arguments in connection with the other pending motions.

[3] Although MLC did not identify the precise circuit in the B74/75A product until its opposition briefing, Dr. Lee did opine in his report that there was an "equivalent" circuit in that product. Micron contends that, among other things, because the circuitry in the B74/75A is different than in Micron's two-bit-per-cell accused products, Dr. Lee cannot simply apply his infringement theory for the other products to the B74/75A product. The Court finds that this is a factual dispute that must be resolved at trial.

[4] MLC also accuses Micron of introducing new non-infringement theories that it had not previously disclosed. In general, the Court finds these arguments lack merit as Micron has consistently maintained that its products do not perform the selecting function, and that Micron's products use a resistor ladder to generate a voltage to perform what MLC describes as "selecting."
However, to the extent Micron now contends that the '571 patent is invalid for indefiniteness under 35 U.S.C. § 112(2) because the patent does not adequately disclose a structure for the "verify reference select circuit," the Court finds that Micron has waived any such contention by failing to raise this argument in its invalidity contentions, in multiple rounds of claim construction, or through summary judgment.

2

required to dismiss Dr. Lee's report and accept Micron's account of the role and function of the circuitry. The Court concludes that the jury will need to resolve these issues.

Finally, Micron moves to strike Dr. Lee's summary judgment declaration as containing improper rebuttal opinions about the role and function of the resistor ladder. Micron notes that Dr. Lee's report simply states that the resistor ladder is irrelevant, and Dr. Lee does not explain how he reached that conclusion nor does he analyze what the resistor ladder in Micron's products actually does. As a general matter, the Court agrees with Micron that Dr. Lee's testimony about the resistor ladder will be limited to the opinion he expressed in his expert report, and that Dr. Lee will not be permitted to provide new opinions or analysis regarding the resistor ladder. However, the Court also notes that Dr. Lee was questioned about the resistor ladder at his deposition, and the Court will permit Dr. Lee to provide testimony that is within the scope of his deposition testimony. *See, e.g.*, Lee Tr. at 139:21-145:8, 163:8-172:7 (resistor ladder performs conversion not selection). The Court declines to strike Dr. Lee's declaration because it is not clear the extent to which certain statements in his declaration were also covered at his deposition. However, the parties are advised that the Court intends to limit Dr. Lee's testimony (as well as the other experts in this case) to the matters disclosed in reports and covered in depositions.

Accordingly, Micron's motion for summary judgment of non-infringement is DENIED.

**IT IS SO ORDERED**.

Dated: June 14, 2019

_____
SUSAN ILLSTON
United States District Judge