UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., et al., <br> Defendants. | Case No. 14-cv-03657-SI <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MICRON'S TECHNICAL MOTIONS IN LIMINE #1, #2, AND #3** <br><br> Re: Dkt. No. 420 |

On June 6, 2019, the Court held a hearing on numerous pretrial motions in this case. For the reasons set forth below, the Court GRANTS Micron's technical motion in limine #1; DENIES Micron's technical motion in limine #2 without prejudice to specific objections at trial; and GRANTS Micron's technical motion in limine #3.

**I.     Micron's Technical MIL #1**

Micron's Technical MIL #1 seeks to "preclude MLC and its technical expert [Dr. Lee] from discussing portions of the claim construction order other than the Court's actual claim constructions." Motion at 2 (Dkt. No. 420).[1] Specifically, Micron seeks to preclude MLC and Dr. Lee from testifying about "dicta" from the claim construction orders in which the Court stated that the supplemental claim construction "does not remove all circuits with resistor ladders from the scope of the invention. The construction requires that selection be made without the use of a resistor

---

[1] Micron also seeks to preclude "MLC from offering any opinions predicated on claim constructions that are inconsistent with those adopted by the Court." *Id*. Micron notes that it has also filed a *Daubert* motion regarding Dr. Lee which identifies specific proposed testimony that Micron contends is inconsistent with the claim construction. The Court will address those matters in a separate order on the *Daubert* motion.

1    ladder in the verify reference select circuit, not that any circuit that has a reference select circuit be
2    devoid of resistor ladders which may be included for non-selection purposes."

The Court GRANTS Micron's motion as framed. It is improper for any witness to testify about the Court's reasoning in the claim construction orders, and the Court will instruct the jury consistent with the claim construction. However, to the extent Micron seeks to preclude MLC from presenting testimony or arguing that the resistor ladder in Micron's products is irrelevant to "selecting" and therefore that the presence of the resistor ladder does not negate infringement, the Court will not do so.

## II.     Micron's Technical MIL #2

Micron's Technical MIL #2 seeks to preclude Dr. Lee from testifying outside the scope of his expert report, and specifically from testifying about the role of the resistor ladder in Micron's products. This request is DENIED without prejudice to specific objections at the time of trial. The Court will not impose a blanket prohibition on Dr. Lee from providing any testimony regarding the resistor ladder in the accused products. Dr. Lee will be able to testify consistent with the opinions he stated in his expert report. The Court recognizes that Dr. Lee's report did not elaborate or explain why the resistor ladder is irrelevant, nor did Dr. Lee set forth any opinions about the function or role of Micron's resistor ladder. Dr. Lee will not be permitted to introduce new opinions or analysis regarding the resistor ladder beyond the opinions set forth in his report and covered at his deposition.

Micron also seeks to preclude Dr. Lee from "offering any testimony that Micron or its products infringe under the doctrine of equivalents, infringe indirectly, or that the accused products contain structures equivalent to the patent's structures corresponding to the means-plus-function terms." Motion at 8. Micron contends that Dr. Lee "simply chose not to offer any opinions on these subjects in his report." *Id.*

MLC responds that Dr. Lee is not offering any infringement opinions based on the doctrine of equivalents or indirect infringement. Accordingly, this aspect of Micron's motion is DENIED AS MOOT.

With regard to means-plus-function equivalence for the "selecting" and "programming"

means,[2] MLC states that Dr. Lee does identify circuits (with specific inputs and outputs) in the accused products that correspond to the structures that the Court identified in the claim construction order and that perform the functions as construed by the Court. MLC asserts that Micron is quibbling with the fact that Dr. Lee did not use the word "equivalent" in his report, and that Micron's complaints are about form versus substance.

The Court finds that Micron's objections to Dr. Lee's opinions go to weight and not admissibility of his testimony. Micron essentially argues that Dr. Lee does not adequately explain how "the relevant structure in the accused device perform[s] the identical function recited in the claim and [is] identical or equivalent to the corresponding structure in the specification." *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1267 (Fed. Cir. 1999) (cited at Motion at 8). Dr. Lee does identify structures and discusses how that circuitry performs the function recited in the claim. Whether he does so in a persuasive manner with a full and thorough analysis is a question for the jury. Further, as discussed above, Dr. Lee will not permitted to go beyond the opinions – and analysis – set forth in his report and at his deposition, and thus Dr. Lee will not be permitted to "backfill" his opinions at trial with any new analysis. Accordingly, this aspect of Micron's motion is DENIED without prejudice to specific objections at the time of trial.

### III. Micron's Technical MIL #3

Micron's Technical MIL #3 seeks to preclude MLC, through Dr. Lee, (1) "from using any of its licensing agreements that involve its patent portfolio as evidence of secondary considerations of non-obviousness" and (2) "from arguing that the success of multi-level memory products, in the abstract, suggests anything about the validity of the '571 patent." Motion at 9-10 (Dkt. No. 420).

In response, MLC states that it recognizes that a nexus is required to show that past licensing success tends to show that the '571 patent is non-obvious. Opp'n at 15 (Dkt. No. 491). MLC then asserts that MLC's licensing success is not irrelevant to non-obviousness, but then states that

---

[2] MLC concedes that as a result of the Court's orders striking Dr. Lee's opinions about the comparator-as-memory cell, "Micron's motion with respect to the comparing means-plus-function terms is likely moot." Opp'n at 11 n.19 (Dkt. No. 491).

3

"ultimately, Dr. Lee concluded that the asserted prior art does not render obvious the '571 Patent even independent from the patent's licensing history." *Id.* at 16. MLC continues, "Nonetheless, to resolve the dispute, MLC agrees to withdraw Dr. Lee's testimony that MLC's past licensing history is an indication of commercial acquiescence of the '571 Patent's validity" and therefore that Micron's motion is moot. *Id.* MLC does not substantively oppose any of Micron's points.

Micron's reply asserts that MLC's compromise does not moot the motion because MLC failed to address several key aspects of Micron's motion (such as whether Dr. Lee may testify that the commercial success of MLC's licensing campaign in the aggregate is an indicia of non-obviousness and that the commercial success of multi-level memory products in general is evidence of the '571 patent's non-obviousness). The Court agrees, and finds that MLC's failure to respond to those points shall be deemed a waiver. Accordingly, both in light of MLC's withdrawal of Dr. Lee's testimony that MLC's past licensing history is an indication of commercial acquiescence, and based on MLC's complete failure to address the other arguments raised in Micron's Technical MIL #43, the Court GRANTS Micron's motion.

**IT IS SO ORDERED**.

Dated: June 14, 2019

SUSAN ILLSTON
United States District Judge

4