Ruffin B. Cordell (Admitted *Pro Hac Vice* / cordell@fr.com)
Timothy W. Riffe (Admitted *Pro Hac Vice* / riffe@fr.com)
Adam R. Shartzer (Admitted *Pro Hac Vice* / shartzer@fr.com)
R. Andrew Schwentker (Admitted *Pro Hac Vice* / schwentker@fr.com)
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Defendant

MICRON TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>   Defendant. | Case No. 3:14-cv-03657-SI<br><br>**DEFENDANT MICRON TECHNOLOGY INC.'S [PROPOSED] VERDICT FORM**<br><br>Date: August 12, 2019<br>Ctrm: 1, 17th Floor<br>Judge: Honorable Susan Illston |

Micron Technology Inc. respectfully submits the following Proposed Verdict Form attached hereto as Exhibit A.

Dated: June 21, 2019

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Adam R Shartzer*
Adam R. Shartzer

Attorneys for Defendant
MICRON TECHNOLOGY, INC.

**EXHIBIT A**

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

I. **FINDINGS ON MLC's INFRINGEMENT CLAIM**

**Question 1:** Has MLC proven that it is more likely than not that every requirement of claim 30 of the '571 patent is included in Micron's accused products?  (An answer of "YES" is a finding in favor of MLC.  An answer of "NO" is a finding in favor of Micron.)

    a.  Claim 30:     YES _____                              NO _____

## II. FINDINGS ON MICRON'S INVALIDITY COUNTERCLAIMS

(Each of questions 2, 3, and 4 regarding invalidity must be answered regardless of your findings with respect to infringement.)

### A. Written Description Requirement

**Question 2:** Has Micron proven that it is highly probable that the specification of the '571 patent does not contain an adequate written description of each of the following claims? (An answer of "YES" is a finding in favor of Micron. An answer of "NO" is a finding in favor of MLC.)

a. Claim 1:    YES _____    NO _____
b. Claim 9:    YES _____    NO _____
c. Claim 12:   YES _____    NO _____
d. Claim 30:   YES _____    NO _____
e. Claim 42:   YES _____    NO _____
f. Claim 45:   YES _____    NO _____

### B.    Enablement

**Question 3:** Has Micron proven that it is highly probable that the specification of the '571 patent does not contain a description of the claimed invention that is sufficiently full and clear to enable persons of ordinary skill in the field to make and use the invention of each of the following claims?  (An answer of "YES" is a finding in favor of Micron.  An answer of "NO" is a finding in favor of MLC.)

    a.  Claim 1:    YES _____    NO _____

    b.  Claim 9:    YES _____    NO _____

    c.  Claim 12:    YES _____    NO _____

    d.  Claim 30:    YES _____    NO _____

    e.  Claim 42:    YES _____    NO _____

    f.  Claim 45:    YES _____    NO _____

### C.    Obviousness

**Question 4:** Has Micron proven that it is highly probable that the following claims of the '571 patent are invalid as obvious?  (An answer of "YES" is a finding in favor of Micron.  An answer of "NO" is a finding in favor of MLC.)

    a.  Claim 1:    YES _____    NO _____

    b.  Claim 9:    YES _____    NO _____

    c.  Claim 12:    YES _____    NO _____

    d.  Claim 30:    YES _____    NO _____

    e.  Claim 42:    YES _____    NO _____

    f.  Claim 45:    YES _____    NO _____

### III. FINDINGS ON MICRON'S NON-INFRINGEMENT COUNTERCLAIMS

(Question 5 must be answered, regardless of your findings as to Questions 1, 2, 3, and 4)

**Question 5:** Is Micron entitled to judgment of non-infringement based on MLC's failure to provide sufficient evidence to prove that it is more likely than not that every requirement of following claims of the '571 patent is included in Micron's accused products? (An answer of "YES" is a finding in favor of Micron. An answer of "NO" is a finding in favor of MLC.)

    a. Claim 1:    YES _____    NO _____

    b. Claim 9:    YES _____    NO _____

    c. Claim 12:    YES _____    NO _____

    d. Claim 30:    YES _____    NO _____

    e. Claim 42:    YES _____    NO _____

    f. Claim 45:    YES _____    NO _____

**If you answered "YES" to Question 1 AND you answered "NO" to each of Questions 2.d., 3.d., and 4.d., only then should you proceed to answer Questions 6, 7, 8, and 9 below. Otherwise, do not answer Questions 6, 7, 8, and 9.**

### IV.   FINDINGS ON ACTUAL NOTICE

**Question 6(a):** Has MLC proven by a preponderance of evidence that Micron was on actual notice of infringement by specific accused products as of August 12, 2008? (An answer of "YES" is a finding in favor of MLC. An answer of "NO" is a finding in favor of Micron.)

YES _____              NO _____

**Question 6(b):** If you answered "YES" for Question 6(a), then for which specific accused products was Micron on actual notice of infringement based on the 2006-2008 letters? (Leave blank if you answered "NO" for Question 6(a).)

_____   _____   _____   _____
_____   _____   _____   _____
_____   _____   _____   _____
_____   _____   _____   _____
_____   _____   _____   _____

  (if additional lines are needed, they will be provided upon your request)

**Question 7(a):** Has MLC proven by a preponderance of evidence that Micron received a letter from Mr. Muir and that such letter put Micron on actual notice of infringement by specific accused products? (An answer of "YES" is a finding in favor of MLC. An answer of "NO" is a finding in favor of Micron.)

YES _____              NO _____

**Question 7(b):** If you answered "YES" to Question 7(a), by what date do you find that the evidence proves that Micron received the letter from Mr. Muir?

_____

**Question 7(c):** If you answered "YES" for Question 7(a), then for which specific accused products was Micron on actual notice of infringement based on the letter?  (Leave blank if you answered "NO" for Question 7(a).)

_____    _____    _____    _____

_____    _____    _____    _____

_____    _____    _____    _____

_____    _____    _____    _____

_____    _____    _____    _____

 (if additional lines are needed, they will be provided upon your request)

**Question 8:** Has MLC proven by a preponderance of evidence that its Complaint put Micron on actual notice of infringement for accused products whose Marketing Part Numbers MLC did not list in its Complaint?  (An answer of "YES" is a finding in favor of MLC.  An answer of "NO" is a finding in favor of Micron.)

YES _____                                NO _____

## V. FINDINGS ON DAMAGES

**Question 9:** What amount has MLC proven that it is more likely than not entitled to recover in compensation for Micron's infringement as a reasonable royalty?

$ _____ through June 9, 2015.

Indicate the royalty rate you applied to arrive at the amount you identified above: \_\_\_\_\_%.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Deputy that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date: _____     By: _____
                                                  Presiding Juror