1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

MLC INTELLECTUAL PROPERTY, LLC,

Case No. 14-cv-03657-SI

8

Plaintiff,

**ORDER DENYING MLC'S THIRD DAUBERT MOTION TO EXCLUDE TESTIMONY OF JOSEPH MCALEXANDER**

9

v.

10

MICRON TECHNOLOGY, INC.,

Re: Dkt. No. 425

11

Defendant.

12

13

14

United States District Court
Northern District of California

15

On June 6, 2019, the Court held a hearing on numerous pretrial motions. For the reasons set

16

forth below, the Court DENIES MLC's third *Daubert* motion to exclude Mr. McAlexander's

17

testimony, without prejudice to specific objections at trial.

18

MLC seeks to preclude McAlexander from offering his rebuttal opinion that "the

19

technological value of the '571 Patent is substantially less than half the value of the remaining

20

portfolio." McAlexander Rebuttal Expert Report ¶ 383 (Dkt. No. 425-2).[1] MLC asserts that this

21

opinion should be excluded "[b]ecause Mr. McAlexander neither read the claims of these patents,

22

nor analyzed their scope, he simply is not [in] a position to evaluate the worth of the '571 Patent

23

relative to the rest of patents in MLC's portfolio." Mot. at 1. MLC contrasts McAlexander's

24

valuation opinion with that of MLC's expert, Dr. Lee, who MLC claims "considered the claims

25

26

[1] MLC's technical expert, Dr. Lee, has opined that the "vast majority" of the technical value of MLC's U.S. patent portfolio is attributable to the '571 patent. Lee Opening Report ¶ 236 (Dkt. No. 370-8). MLC's damages expert, Mr. Milani, relies in part on Dr. Lee's opinion regarding the technical value of the '571 patent in support of his opinion that "at least 50% (and potentially much more) of the licensing value of the MLCIP Patent Portfolio is attributable to the technology of the '571 Patent." Milani Report at 66 (Dkt. No. 422-4).

27

28

1    from each of these patents and compared them with the claims of '571 Patent . . . [and] [o]nly after

2    considering what each patent covered . . . [made] an assessment of the '571 Patent's value relative

3    to the rest of the portfolio." *Id.* at 2-3. While MLC concedes that Mr. McAlexander "may be in a

4    position to critique Dr. Lee's methodology," MLC contends that "Mr. McAlexander simply did not

5    perform the work expected of an expert to apportion the value of '571 Patent within MLC's

6    portfolio." *Id.* at 3.

7        In response, Micron contends that "Mr. McAlexander's rebuttal report spends eleven

8    paragraphs explaining the flaws in Dr. Lee's analysis, which leads to the common sense and

9    conservative opinion that the 'technological value of the '571 Patent is substantially less than half

10   of the value of the remaining portfolio.'" Opp'n at 1 (Dkt. No. 487). Micron refers to paragraphs

11   373-383[2] of the McAlexander Rebuttal Report to demonstrate that Mr. McAlexander considered the

12   other patents in MLC's portfolio. Micron also contends that Mr. McAlexander's opinion is proper

13   insofar as it is a critique of Dr. Lee's valuation opinion. Micron asserts "Mr. McAlexander's

14   ultimate conclusion that the '571 Patent is substantially less than half the value of the remaining

15   portfolio is grounded in Mr. McAlexander's analysis showing that Dr. Lee fails to show the '571

16   Patent is any more valuable than any other MLC patent." *Id.* at 2.

17       The Court concludes that if Dr. Lee is permitted to testify about the technical value of the

18   '571 patent,[3] McAlexander will also be permitted to testify about his opinions critiquing and

19   rebutting Dr. Lee's valuation methodology, including his opinion about the relative value of the

20   '571 patent. MLC's objection that McAlexander did not review all 30 of MLC's U.S. patents to

21   reach his conclusion about the value of the '571 patent goes to the weight and not the admissibility

22   of his rebuttal opinion. Even though McAlexander does not analyze each of the other 29 U.S.

23   patents, he explains why he disagrees with Dr. Lee's valuation of the '571 patent and he discusses

24   features of the patent portfolio (such as the fact that all of the patents have only one of two versions

25

26       [2] McAlexander's opinion about the diminished value of the '571 patent as a result of the
27   Court's supplemental claim construction, set forth in Paragraphs 380-381 of his rebuttal report, is
     the subject of MLC's pending second *Daubert* motion to exclude McAlexander's testimony.

28       [3] Dr. Lee's testimony is the subject of a pending *Daubert* motion.

of a specification directed at multi-level cell memory and that the later of the two specifications –
which the '571 patent does not have – added some new matter).  *See* McAlexander Rebuttal Report
¶¶ 375-376.    Accordingly,  the  Court  DENIES  MLC's  third  *Daubert*  motion  to  exclude
McAlexander's testimony.

**IT IS SO ORDERED**.

Dated: July 2, 2019, 2019                    _____
                                             SUSAN ILLSTON
                                             United States District Judge