UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, Plaintiff, v. MICRON TECHNOLOGY, INC., Defendant. | Case No. 14-cv-03657-SI **ORDER GRANTING IN PART AND DENYING IN PART MLC'S SECOND DAUBERT MOTION RE: McALEXANDER** Re: Dkt. No. 424 |

On June 6, 2019, the Court held a hearing on numerous pretrial motions. For the reasons set forth below, MLC's second *Daubert* motion to exclude testimony by Mr. McAlexander is GRANTED in part and DENIED in part.

MLC's motion states that it seeks to "preclude testimony from Mr. McAlexander that the scope of the claims [of the '571 patent] changed following the Court's September 26, 2018 Supplemental Claim Construction Order . . . and therefore, have a narrower scope in 2018 than they did during the period of enforceability of the patent (which expired in 2015), including the date of the hypothetical negotiation in late 2006." Motion at 1 (Dkt. No. 424). In particular, MLC seeks to preclude McAlexander from offering the opinions stated in paragraphs 380-381 of his rebuttal report in which he states that the scope of the patent "has significantly narrowed since the Hynix, Toshiba, and Samsung agreements were executed – i.e., by virtue of the reexamination and subsequent claim construction that resulted in the Asserted Claims of the '571 Patent to all require selection of verification voltages/signals without a resistor ladder . . . Following these developments, the '571 Patent no longer encompasses products that select a verify reference voltage using a resistor ladder." McAlexander Rebuttal Report ¶ 380 (Dkt. No. 422-10). McAlexander also opines that "the '571 Patent is certainly less valuable now than it was at the time of the Hynix, Toshiba, and Samsung

agreements [because] [b]efore MLCIP's narrowing of its patent, the '571 Patent may have covered certain implementations of multi-level memory using resistor ladders to select one of a plurality of reference voltages/signals." *Id.* ¶ 381.

The Court GRANTS MLC's motion as follows: the Court finds that McAlexander may not testify that the '571 patent is less valuable now than at the time the Hynix, Toshiba and Samsung licenses were entered into because, as far as the Court is aware, there is no factual predicate regarding what Hynix, Toshiba and Samsung (or any other licensee) understood about the scope of the '571 patent (or any other patent in the licensed portfolio), nor is there any evidence about the actual products that were covered by the licenses, including whether any products selected a verify reference voltage using a resistor ladder. *Cf. Wordtech Systems, Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) (holding patentee's licenses with third parties for the patents-in-suit did not support hypothetical negotiation damages award because "the two lump-sum licenses provide no basis for comparison with INSC's infringing sales. Neither license describes how the parties calculated each lump sum, the licensees' intended products, or how many products each licensee expected to produce."); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870 (Fed. Cir. 2010) (comparisons of past patent licenses to the infringement must account for "the technological and economic differences" between them).

However, to the extent that MLC argues that "claim construction is irrelevant to computation of the royalty rate in the *Georgia-Pacific* hypothetical negotiation," Reply at 2 (Dkt. No. 526), the Court disagrees. The jury will be charged with determining what the result of a hypothetical negotiation would have been, and to that end the jury will consider, *inter alia*, "the value that the claimed invention contributes to the accused product." N.D. Cal. Model Patent Jury Instruction 5.7 ("Reasonable Royalty"); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 853 n.3 (Fed. Cir. 2010) (describing the *Georgia-Pacific* factors, including *inter alia* "the nature of the patented invention and the benefits to those who have used the invention"); *cf. also Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002) (accused infringer's evidence of an available, acceptable, noninfringing alternative to the infringing technology should be considered in the hypothetical negotiation). In order to make that evaluation, the jury will need to be told what the

"claimed invention" is, namely the Court's claim construction, which includes the supplemental claim construction. The jury will not be told that the scope of the '571 patent narrowed as a result of the claim construction, but they will be informed of the scope of the claims so that they can use that information to determine the results of the hypothetical negotiation. MLC asserts that "[w]hile claim construction is relevant to assessing infringement outside the hypothetical negation [sic], that is a liability issue, not a damages issue." Reply at 2. MLC does not cite any authority for that assertion, and MLC does not explain how the jury would determine the results of a hypothetical negotiation without the aid of the Court's claim construction in order to understand "the nature of the patented invention."

Accordingly, the Court GRANTS MLC's motion to the extent MLC seeks to preclude McAlexander from testifying that the scope of the '571 patent was broader and therefore more valuable at the time that the Hynix, Toshiba and Samsung licenses were executed because the Court is not aware of any factual predicate regarding those licenses that would support such a statement. If, in fact, there is such evidence, the Court will reevaluate this ruling. In addition, the Court will instruct the jury that they are to consider the claim construction to determine "the nature of the invention" for purposes of determining the results of the hypothetical negotiation, and thus to the extent MLC seeks to preclude any testimony about the scope of the '571 patent as it relates to the hypothetical negotiation, MLC's motion is DENIED.

**IT IS SO ORDERED**.

Dated: July 3, 2019

SUSAN ILLSTON
United States District Judge