UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MLC'S FIRST DAUBERT MOTION TO EXCLUDE MCALEXANDER**<br><br>Re: Dkt. No. 423 |

On June 6, 2019, the Court held a hearing on numerous pretrial motions. For the reasons set forth below, MLC's first *Daubert* motion to exclude testimony of Mr. McAlexander is GRANTED in part and DENIED in part.

MLC seeks to preclude Mr. McAlexander from offering certain testimony related to non-infringing alternatives. Specifically, MLC seeks to exclude McAlexander's testimony that the accused products, certain NOR-architecture products, and undisclosed third-party products are examples of non-infringing alternatives. Mot. at 2 (Dkt. No. 423). MLC also contends that McAlexander did not perform an analysis of the "acceptability" of non-infringing alternatives and that McAlexander's opinions regarding the value of the '571 patent are irrelevant.

As a threshold matter, the Court notes that Micron asserts that McAlexander must be permitted to testify in order to rebut Dr. Lee's "essentiality" opinions, such as his opinion that "without the technology of the '571 Patent, competitors in the industry would be unable to provide a commercially acceptable multi-level cell memory product to the market." Lee Report ¶ 214 (Dkt. No. 370-8). The Court agrees. Although the Court denied Micron's *Daubert* motion to exclude Dr. Lee's "essentiality" opinions, in the Court's view Micron raised a number of substantial challenges to Dr. Lee's opinions about the importance and value of the '571 patent. It was a very close question as to whether those opinions were "shaky but admissible" as opposed to unsupported and unreliable.

1  The Court ultimately concluded that Dr. Lee's valuation and "essentiality" opinions can be tested through cross-examination and through the rebuttal testimony of McAlexander, and thus the Court will permit McAlexander to testify regarding non-infringing alternatives and the commercial acceptability of those alternatives.

MLC does not contest all of McAlexander's opinions regarding non-infringing alternatives (such as his opinion about SLC). Micron's opposition also states that McAlexander will not be providing certain challenged opinions, and thus McAlexander will not testify that the accused devices constitute non-infringing alternatives, nor will he testify that NOR multi-level memory *per se* constitutes a non-infringing alternative. Opp'n at 1-3 (Dkt. No. 485). Similarly, Micron agrees that McAlexander will not identify specific third-party products as non-infringing alternatives. *Id*. at 2-3. Based upon these representations, and because most of MLC's objections go to the weight and not the admissibility of McAlexander's testimony, the Court DENIES MLC's motion.

However, the Court agrees with MLC that Lee may not testify that the withdrawn Design ID is a non-infringing alternative because McAlexander testified at his deposition that he did not analyze the withdrawn Design ID when he conducted his infringement analysis. McAlexander Tr. at 240-241 (Dkt. No. 534-3). This ruling does not preclude Micron from presenting other evidence, if admissible, regarding the withdrawn Design ID. In addition, the Court notes Micron's assertion that "Mr. McAlexander should be free to point out that Micron remains free to sell [Micron's NOR multi-level devices] without MLC's infringement threat." Opp'n at 2-3. The Court is inclined to agree with MLC that such testimony is impermissible. However, the Court will reserve ruling on that issue until after the final pretrial conference, and the Court directs the parties to be prepared to address this question at the July 16, 2019 hearing. Finally, the Court agrees with MLC that to the extent McAlexander testifies that prior art patents and applications (such as Kitamura) would be non-infringing, he may do so but he may not refer to those patents and applications as "products."

**IT IS SO ORDERED**.

Dated: July 8, 2019   _____
SUSAN ILLSTON
United States District Judge