UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MLC'S FIRST MOTION *IN LIMINE* RE: TESTIMONY OF MCALEXANDER**<br><br>Re: Dkt. No. 426 |

On June 6, 2019, the Court held a hearing on numerous pretrial motions. For the reasons set forth below, MLC's First Motion *In Limine* regarding Mr. McAlexander's testimony is GRANTED in part and DENIED in part.

MLC seeks to preclude McAlexander from offering testimony related to construing the terms "selecting device" and "comparator," as well as from opining that the '571 Patent is incompatible with NAND architecture.

## I. McAlexander's testimony that the "selecting device" requires at least four inputs

MLC seeks to exclude McAlexander's testimony related to the "selecting device" requiring "at least four" inputs or to whether a POSITA would construe it in such a way. Mot. at 3-5 (Dkt. No. 426). MLC notes the Court previously rejected Micron's construction proposal that the "selecting device" has a function of "selecting one from at least four pre-determined reference signals" during supplemental claim construction. *Id.* at 3-4. Instead, the Court "decline[d] to construe 'plurality' as 'at least four' . . . and construes 'plurality' to have its plain and ordinary meaning." Supplemental Claim Construction Order at 20 (Dkt. No. 201). MLC asserts that

McAlexander's construction of the "selecting device" to require "at least four" inputs contradicts the Court's Supplemental Claim Construction Order. Mot. at 5.

Micron argues that McAlexander's "at least four" opinion is consistent with both § 112(6) law and the Court's claim constructions. Opp'n at 2 (Dkt. No. 488). With respect to § 112(6) law, Micron argues that Mr. McAlexander's "at least four" opinion is warranted because "[t]he Court found in its first Claim Construction Order that these limitations are governed by § 112, ¶ 6" and "Mr. McAlexander logically concluded that a 'verify reference select circuit' must have four inputs" by examining the specification. *Id.* at 3-4. Micron further contends that Mr. McAlexander's "at least four" opinion is consistent with the Court's claim construction because the Court's Supplemental Claim Construction Order "found only that the function [of the selecting device] did not require a selection of four signals" but "did not address whether the structure necessarily has four inputs." *Id.* at 5.

The Court agrees with MLC that McAlexander's opinion about the "selecting device" requiring "at least four" inputs contradicts the Court's Supplemental Claim Construction Order and may not be presented at trial. The Court finds no reason the structure of the "selecting device" ought to be construed to include "at least four" inputs when its function merely requires "selecting one of a plurality." Thus, the Court declines Micron's invitation to read the "at least four" language into either the function or structure of the "selecting device." Accordingly, the Court GRANTS this aspect of MLC's motion.

**II. McAlexander's testimony related to the Accused Products' use of a resistor ladder to generate reference signals**

MLC moves to exclude McAlexander's testimony that "a circuit does not infringe if it even uses resistor ladder to generate reference signals, regardless of how those signals are later selected." Mot. at 6. In particular, MLC asserts the following testimony is inconsistent with the Court's claim construction:

> [T]he Accused Products *use a resistor ladder to generate* a variable wordline bias voltages used in program verify operations that Dr. Lee identifies as the purported reference signals. Thus, on this basis alone, the Accused Products fall precisely outside of the scope of this claim, as construed by the Court.

2

1    McAlexander Rebuttal Report at ¶ 164 (Dkt. No. 426-2) (emphasis in original) (footnote omitted).
2    MLC argues that such testimony is inconsistent with the Court's construction, which "does not
3    remove all circuits with resistor ladders from the scope of the invention." Supplemental Claim
4    Construction Order at 16. The Supplemental Claim Construction Order further clarifies its
5    requirement that "selection be made without the use of a resistor ladder in the verify reference select
6    circuit, not that any circuit that has a reference select circuit be devoid of resistor ladders which may
7    be included for non-selection purposes." *Id.* MLC asserts that McAlexander impermissibly
8    "extends the Court's construction to mean that a resistor ladder cannot be used by any intermediate
9    circuit for non-selection purposes, such as generating signals." Mot. at 7.

Micron argues that McAlexander's opinion is consistent with the Court's construction. Micron contends that McAlexander is simply opining that "the circuitry used for generation negates the existence of other circuitry used for selection" such that "the accused products do not perform a selection at all but rather generate a single voltage with different values." Opp'n at 10. Micron cites to other portions of McAlexander's Rebuttal Report to support its reasoning and to contextualize the challenged testimony. *Id.* at 11.

The Court agrees with Micron. As the parties are aware, the function of the resistor ladder in Micron's products is disputed. MLC argues that Micron's resistor ladder is irrelevant to the "selection" process, and Micron contends, *inter alia*, that its products do not perform the "selecting" function and that the accused products use a resistor ladder to generate a voltage to perform what MLC describes as "selecting." Accordingly, the Court DENIES this aspect of MLC's motion.

**III.    McAlexander's testimony that the "selecting device" lacks structure**

MLC seeks to preclude McAlexander from testifying that the Court's means-plus-function construction of "selecting device" lacks structure because it contradicts the Court's constructions. MLC argues that "Mr. McAlexander intends to testify in direct opposition to how jurors will be instructed to interpret the claims." Mot. at 9. For example, MLC states, "while the Court will instruct the jury that the corresponding structure of the 'selecting device' is a 'verify reference select circuit, excluding a circuit that outputs a voltage from a resistor ladder,' Mr. McAlexander will

3

1 testify there is no structure disclosed, and therefore, no equivalents thereof." *Id.* MLC further
2 asserts that McAlexander's "lacks structure" theory is untimely because it was never presented in
3 McAlexander's declaration in support of Micron's proposed claim construction nor in Micron's
4 responses to MLC's interrogatories. *Id.*

Micron contends that McAlexander's testimony is proper because "meaning must be ascribed to the 'verify reference select circuit' or the corresponding means-plus-function terms must be found indefinite." Opp'n at 7. Micron argues McAlexander is in the best position to comment on the structure of the "verify reference select circuit" because McAlexander "is the only expert that properly attributes structure to the 'verify reference select circuit.'" *Id.* Further, Micron invites the Court to further "clarify its construction to eliminate the apparent dispute between the parties concerning the correct structure associated with the 'verify reference select circuit.'" *Id.*

The Court agrees with MLC that McAlexander's opinion that the "selecting device" lacks structure contradicts the Court's claim construction orders and may not be presented at trial. There is no way to reconcile the Court's construction of the "selecting device" as having a structure of a "verify reference select circuit . . ." with Mr. McAlexander's opinion that the "selecting device" lacks structure. Additionally, to the extent Micron intends to use Mr. McAlexander's "lacks structure" opinion to support its contention that the '571 patent is invalid for indefiniteness under 35 U.S.C. § 112(2), the Court finds Micron has waived this argument. *See* Dkt. No. 506 at n.4. The Court further declines Micron's invitation to reconstrue the "selecting device" term at this late stage prior to trial. Accordingly, the Court GRANTS MLC's motion as framed.

**IV. McAlexander's testimony that the "comparator" terms require at least two inputs**

MLC seeks to exclude Mr. McAlexander's opinion that "[a] POSITA would understand that a comparator requires at least two inputs and compares these two inputs to generate an output signal." McAlexander Rebuttal Rpt. at ¶ 252 (Dkt. No. 426-2). MLC argues that such an opinion is not only contrary the Court's construction, but also one previously rejected by this Court.

The Court DENIES AS MOOT this aspect of MLC's motion, as the claims containing the "comparator" terms are no longer at issue in this case.

4

**V.     McAlexander's testimony that the '571 Patent is incompatible with NAND architecture**

MLC seeks to exclude McAlexander's opinion that "the '571 Patent is incompatible with NAND architecture." Reply at 12 (Dkt. No. 545). MLC argues that "experts may not render a non-infringement opinion based on anything other than the construed claims." *Id*. at 12-13. MLC also argues that McAlexander should not be permitted to opine that the '571 patent is incompatible with NAND architecture because Micron never disclosed that non-infringement theory and it is contrary to the Court's construction regarding the comparator. MLC argues that "none of the asserted claims of the '571 Patent limit its applicability to one architecture over the other." Mot. at 14.

In response, Micron argues that "Mr. McAlexander's discussion about NAND underscores his opinion that the accused devices do not compare the voltage of the memory cell with a reference signal and therefore do not perform the step of 'comparing a voltage of the multi-level memory cell with the selected reference voltage' as claim 1 requires." Opp'n at 12. Micron asserts "[w]hile Mr. McAlexander did not use the word 'NAND,' he is explaining the exact same concept that he describes earlier in his report that MLC claims is a brand-new non-infringement theory: individual memory cells cannot be individually addressed in NAND architectures, which means that memory devices with a NAND architecture do not have dedicated comparators and cannot make the type of comparisons that the '571 patent claims require." *Id.* at 13. Micron cites a portion of Micron's 3rd Supplementary Interrogatory Response as supporting McAlexander's incompatibility opinion, which provides "[t]he Micron accused products never compare the word line voltage (identified in MLC's Infringement Contentions as the alleged 'reference voltage') to a voltage of a multi-level memory cell." *Id.*

As an initial matter, it appears to the Court that this issue may be moot because the specific opinions that MLC cites in its papers relate to the claims containing the "comparing" limitations, which are no longer in this case. To the extent this aspect of the motion is not moot, the Court GRANTS MLC's motion as framed. Specifically, McAlexander may not testify that the '571 patent is incompatible with NAND architecture because Micron never disclosed that particular non-infringement theory. The Court is not persuaded by Micron's assertion that it disclosed "the exact same concept" in Micron's 3rd Supplementary Interrogatory Response. For example, while the cited portion of Micron's 3rd Supplemental Interrogatory Response explains how the Accused

5

Products do not satisfy the "comparing" limitation, the interrogatory response does not state more broadly that the '571 Patent is incompatible with NAND architecture. McAlexander may testify that the accused products do not infringe the '571 patent for the various reasons that Micron previously asserted (e.g., because the resistor ladder performs what MLC calls "selection"), but McAlexander may not provide the broader opinion that the accused products do not infringe "because the '571 Patent is incompatible with NAND architecture." Accordingly, MLC's motion as framed is GRANTED.

**IT IS SO ORDERED**.

Dated: July 8, 2019

SUSAN ILLSTON
United States District Judge