UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br> Plaintiff, <br> v. <br> MICRON TECHNOLOGY, INC., <br> Defendant. | Case No. 14-cv-03657-SI <br><br> **ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MOTIONS** <br><br> Re: Dkt. Nos. 613, 614, 615, 617, 624, 625, 626, 627, 628, 631, 637, and 657 |

On July 16, 2019, the Court held a final pretrial conference in the above-captioned matter. The following motions were resolved:

## I. Motions *in Limine*

The parties both filed five motions *in limine* (MIL). Dkt. Nos. 613, 614, 615, 617, 624, 625, 626, 627, 628, and 631. After consideration of the arguments made in the briefs, the Court rules as follows:

**MLC's MIL No. 1** (Dkt. No. 613) to preclude references to prior litigation firm or counsel. GRANTED. The Court finds that reference to prior litigation firms or counsel, and specifically to Mr. Freitas, is not relevant to the issue of liability or damages and is unduly prejudicial to MLC.

**MLC's MIL No. 2** (Dkt. No. 617) to preclude arguments regarding claim construction. GRANTED. The parties are precluded from arguing claim construction to the jury. Further, testimony that contradicts the Court's Claim Construction Order or that comments on the reasoning behind the Court's construction will not be allowed. However, the parties are permitted to give context to claim language to assist the jury in its understanding of the claim language.

**MLC's MIL No. 3** (Dkt. No. 615) to exclude derogatory characterizations of plaintiff or its representatives. GRANTED. MLC seeks to exclude Micron from introducing evidence or seeking testimony related to: (1) Mr. Hinckley's status with the California State Bar and (2) any reference to MLC as a "patent troll" or similar derogatory term. Micron will not be allowed to seek testimony as to Mr. Hinckley's status with the California State Bar, nor will it be allowed to refer to MLC as a "patent troll" or similar pejorative term. The Court finds both categories of testimony to have little probative value and to be unduly prejudicial to MLC. However, Micron will be permitted to use more neutral terms such as "non-practicing entity" when referring to MLC.

**MLC's MIL No. 4** (Dkt. No. 631) to exclude evidence and argument that the accused products practice, embody or use Micron and/or third-party patents, or are otherwise licensed. DENIED. The Court finds that evidence of Micron's practice of their own patents and third-party patents to be helpful to the trier of fact because they will be tasked with assessing the value of what is covered by the asserted claim relative to what is not in the Accused Products. The Court is not convinced that permitting such testimony would result in jury confusion. The burden is on MLC to show that the Accused Products have features that infringe the '571 patent despite its also having features that do not infringe and that may be covered by other patents.

**MLC's MIL No. 5** (Dkt. No. 614) to exclude a practicing the prior art defense. DENIED. Micron concedes that "practicing the prior art" is not a permissible defense to infringement and Micron does not intend to raise it at trial. Dkt. No. 651 at 1. In particular, Micron agrees not to argue "that (1) it does not infringe because the accused product practices the prior art or that (2) the patent is invalid because the prior art is identical to the accused product." *Id.* Micron will be permitted to discuss the prior art (e.g., the VLSI and Connolly references) to show, for example, that the Accused Products do not satisfy a specific element of the asserted claim.

**Micron's MIL No. 1** (Dkt. No. 624) to preclude mention of PTO challenges. GRANTED. Neither party will be allowed to mention any post-issuance proceedings at the USPTO, past or pending, for risk of jury confusion. *See* Dkt. No. 600 (excluding Mr. McAlexander from testifying about the pending *ex parte* reexamination of the '571). However, MLC is permitted to offer testimony of prior art considered by the USPTO after issuance of the '571 patent and of

communications to and from the USPTO incident to such consideration, but there will be no mention of particular proceedings to the jury.

**Micron's MIL No. 2** (Dkt. No. 625) to preclude Mr. Epstein's factual testimony. DENIED IN PART. Mr. Epstein may not testify to communications or activities during the period of the NDA. The Court notes is doubtful that Mr. Epstein's pre- and post-NDA communications would be admissible at trial. Therefore, if MLC wishes to introduce any testimony relating to Mr. Epstein's communication with Micron, it must seek Court approval with an offer of proof before doing so.

**Micron's MIL No. 3** (Dkt. No. 626) to preclude certain irrelevant and prejudicial evidence. GRANTED in part and DENIED in part. With respect to evidence of discovery disputes and insinuation or allegations of spoliation, the motion is GRANTED. With respect to evidence of the size of Micron's business, the motion is DENIED. The size of Micron's business may be relevant to, *inter alia*, a reasonable royalty analysis. However, the Court will require MLC to make an offer of proof regarding this aspect of testimony. With respect to referencing multi-level memory products as "MLC" products, the motion is GRANTED.

**Micron's MIL No. 4** (Dkt. No. 627) to preclude certain aspects of Dr. Lee's testimony. DENIED. The Court finds the statements Dr. Lee made in his declaration in support MLC's Opposition to Micron's Motion for Summary Judgment (Dkt. No. 565-9) to be sufficiently supported by his expert report and deposition testimony.

**Micron's MIL No. 5** (Dkt. No. 628) to preclude certain irrelevant, prejudicial, and improper testimony. GRANTED. The Court excludes from trial (1) Mr. Fisher's deposition testimony in an unrelated case, (2) Mr. Muir's declaration concerning communications to Micron, and (3) testimony of Mr. Epstein and Mr. Hinckley regarding pre-suit notice as inadmissible hearsay. Further, the Court finds the "Kaplan email" to lack probative value and to be prejudicial to Micron, and it is excluded on that basis.

II.  **Motions to Strike Witnesses from Trial Witness List**

**MLC's Motion to Strike** (Dkt. No. 657) Dr. Harari as a trial witness on undisclosed subject matters and issues. DENIED. The Court finds that Dr. Harari and the scope of his trial

testimony were properly disclosed to MLC.

**Micron's Motion to Strike** (Dkt. No. 637) Mr. Simon Fisher's name from MLC's trial witness list. GRANTED. The Court finds that MLC did not properly disclose Mr. Simon Fisher as a witness and has not shown that its failure to do so was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**III. Scope of Trial:** The only infringement claim remaining to be tried is infringement of Claim 30.

**IT IS SO ORDERED**.

Dated: July 18, 2019 _____

SUSAN ILLSTON
United States District Judge