UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 14-cv-03657-SI<br><br>**ORDER DENYING MLC'S "SUGGESTION REGARDING THE COURT'S RECUSAL"**<br><br>Re: Dkt. No. 702 |

It has been brought to the Court's attention that the document filed by plaintiff MLC at Docket No. 702 is a "Suggestion" regarding the Court's recusal rather than a motion to disqualify, and thus that it is within the Court's discretion to resolve the matter. *See* Civil L.R. 3-14. The Court has examined the record and concludes that there is no basis for recusal in this case. The Court recused itself from 19-3345 because the Court's conflicts check revealed the presence of a conflict with IMFT. Neither IMFT nor Intel is a party to this action.[1] *See generally In re Specht*, 622 F.3d 697 (7th Cir. 2010); *United States v. Aragon*, No. 99-50341, 2000 WL 868566, at *1 (9th Cir. June 29, 2000). Further, after the filing of MLC's "Suggestion" and in an abundance of caution, the Court divested itself of Intel stock. *See* 28 U.S.C. § 455(f).

Accordingly, the Court DENIES MLC's "Suggestion" of recusal, finding no basis for recusal in this matter.

**IT IS SO ORDERED**.

Dated: October 17, 2019

SUSAN ILLSTON
United States District Judge

---

[1] The Court was unaware of the conflict posed by IMFT (Intel) until 19-3345 was assigned to the undersigned and the automated conflicts check revealed the conflict. The Court notes that MLC never disclosed IMFT or Intel as an "interested party" pursuant to Civil Local Rule 3-15; "interested parties" are included in the automated conflicts check.