UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLC INTELLECTUAL PROPERTY, LLC, <br><br>Plaintiff, <br><br>v. <br><br>MICRON TECHNOLOGY, INC., <br><br>Defendant. | Case No. 14-cv-03657-SI <br><br>**ORDER CERTIFYING DAMAGES ORDERS FOR INTERLOCUTORY APPEAL; DENYING MICRON'S MOTION FOR SUMMARY JUDGMENT BASED ON MLC'S FAILURE TO PROVE REMEDY; STRIKING AS IMPROPER MLC'S OPPOSITION BRIEF AND ADMINISTRATIVE MOTIONS AND DECLARATIONS FILED IN SUPPORT (DKT. NOS. 692-696); DENYING ALL OTHER PENDING MOTIONS AS MOOT** <br><br>Re: Dkt. Nos. 456, 519, 690, 694, 695, 696 |

This order resolves all pending motions in this case. For the reasons set forth below, the Court concludes that the proper and most efficient disposition of this case is to adopt the parties' initial joint proposal to certify three damages orders for interlocutory appeal. The Court also concludes that summary judgment of no remedy is not appropriate, and accordingly DENIES defendant's motion for summary judgment of no remedy. The Court also finds that plaintiff's "opposition" to defendant's motion for summary judgment is a disguised and improper motion for reconsideration that, *inter alia*, seeks to expand the record through new evidence and arguments, and accordingly the Court STRIKES plaintiff's opposition papers (Dkt. Nos. 692-696). The Court DENIES all other pending motions as moot.

**BACKGROUND**

On August 12, 2014, MLC Intellectual Property, Inc. ("MLC") filed this lawsuit against

Micron Technology, Inc. ("Micron"), alleging infringement of U.S. Patent No. 5,764,571 (the '571 Patent). The '571 Patent expired on June 9, 2015. The docket reflects that this case has been extensively litigated, including two rounds of claim construction, numerous discovery disputes, multiple rounds of summary judgment motions, and many other pretrial motions. The Court also stayed this case twice due to an *inter partes* review and an *ex parte* reexamination.[1]

In a pretrial order filed July 23, 2018, the Court set various fact and expert discovery deadlines as well as a schedule for *Daubert* motions, motions in limine, and a final pretrial hearing date of July 23, 2019 and a trial date of August 5, 2019. Dkt. No. 183.[2]

In April and May of 2019, the parties filed *Daubert* motions, "technical" motions in limine, and damages-related motions in limine. Three of these motions are relevant to this order: Micron's *Daubert* Motion to Exclude Expert Testimony and Opinions of Michael Milani (Dkt. No. 443-4); Micron's Damages Motion in Limine #1 (Dkt. No. 444); and Micron's Motion to Strike Portions of the Milani Expert Report (Dkt. No. 443-7). The docket reflects that the briefing on those motions was voluminous, including numerous exhibits filed by both parties. *See* Dkt. Nos. 442-444, 446, 452, 465, 492, 497-500, 502-503, 513, 524, 540, 542, & 544. The Court held a lengthy hearing on these and other motions on June 6, 2019. Dkt. No. 591 (minute entry); Dkt. No. 612 (Tr. of June 6, 2019 hearing).

In an order filed July 2, 2019, the Court granted in part Micron's damages motion in limine #1. Dkt. No. 639. The Court held that MLC's damages expert, Michael Milani, could not opine that certain licenses (the Hynix and Toshiba licenses) "reflected" a particular royalty rate when those lump sum licenses did not contain a particular royalty rate or any discussion of how the lump sums were derived, and where MLC had failed to disclose in discovery all of the evidence that Milani

---

[1] On March 12, 2019, Micron sought a third stay of this case due to the institution of a second *ex parte* reexamination. Dkt. No. 359. In an order filed April 1, 2019, the Court denied Micron's request for a stay, finding that a third stay would not promote judicial economy and would be prejudicial to MLC. To the Court's knowledge, this second *ex parte* reexamination is currently pending.

[2] Some of these dates were later adjusted slightly to accommodate the parties' and the Court's calendar. The final pretrial conference was rescheduled to July 16, and trial was rescheduled to August 12, 2019.

2

1 relied on in support of his opinion that the licenses contained such a royalty rate. *Id*. On July 12, 2019, the Court granted Micron's *Daubert* motion to exclude the expert testimony of Mr. Milani. Dkt. No. 668. The Court held that Milani's reasonable royalty opinion was unreliable because, in addition to the issues regarding the royalty rate as set forth in the July 2, 2019 order, Milani failed to apportion the royalty base to reflect only the revenue attributable to the patented technology. *Id.* On July 12, 2019, the Court issued an order granting in part Micron's motion to strike portions of the Milani Expert Report for the same reasons set forth in the July 2, 2019 order, namely MLC's failure to disclose damages evidence during discovery. Dkt. No. 672.[3] This order refers to the July 2 and July 12 orders as the "Damages Orders."

On July 16, 2019, the Court held the final pretrial conference in this case. *See generally* Dkt. No. 686 (July 16, 2019 Tr.). During the conference, counsel informed the Court that they wished to discuss the impact of the Court's Damages Orders on the upcoming trial and whether a trial was necessary. MLC's counsel stated, *inter alia*, that "it definitely does sound like you've excluded both of our damages experts. So it would certainly be difficult to put in a damages case that would satisfy the Court's requirements on damages." *Id*. at 13:1-4. MLC's counsel requested leave to present another damages report "or at least a disclosure of a damages theory," which the Court denied. *Id*. at 21:5-6. The parties discussed the fact that because the patent is expired, MLC is not seeking injunctive relief, and thus a trial would focus solely on liability. *Id*. at 17:23-18:4. MLC's counsel also stated, "I think we're all in agreement that if we don't have to do a trial because the Court has decided that the damages issue has basically been disposed of, that would be desirable." *Id.* at 16:8-10.

Counsel discussed several proposals for the remainder of the case, including interlocutory appeal of the Damages Orders, bifurcation of liability and damages phases for trial (with the entry of judgment as a matter of law on damages if MLC prevailed at the liability phase), and summary

---

[3] In addition, on June 28, 2019, the Court granted Micron's *Daubert* motion to exclude the expert testimony of Ronald Epstein, MLC's former licensing counsel and proposed expert on licensing and damages. Dkt. No. 636. Although Mr. Epstein was, at least in part, MLC's expert witness on damages, MLC did not request that the Court certify the June 28, 2019 order for interlocutory appeal.

3

judgment based on MLC's inability to prove damages. *Id.* at 11:11-19:1; 19:19-20:11; 23:6-30:14. The Court stated its belief that the exclusion of a plaintiff's damages expert did not necessarily preclude a damages verdict where a plaintiff had other evidence in support of damages. *Id.* at 23:18-24:2. At the conclusion of the hearing, the Court informed the parties that the Court was prepared to go ahead with the trial, but the Court was also "mindful of how expensive trials are. They are time consuming for courts. They are wildly expensive for clients. And to do one for no purpose at all seems to me not a good use of anybody's funds." *Id*. at 30:16-23. The Court instructed the parties file a letter by July 18, 2019, setting forth the parties' proposals regarding how to proceed with the remainder of the case. *Id*. at 35:2-11.

On July 18, 2019, the parties filed a joint letter setting forth two alternate proposals for the remainder of the case. Dkt. No. 687. The letter stated, "in light of the Court's recent Orders, as well as the Court's denial of MLC's oral request at the pre-trial conference for the opportunity to submit a supplemental damages report consistent with the Court's opinions (Dkt. 686, July 16, 2019 Tr. at 21:3-8)," the parties proposed that the Court stay the trial and certify for interlocutory appeal the Order Granting Micron's *Daubert* Motion to Exclude Expert Testimony of Michael Milani (Dkt. No. 668); the Order Granting in Part and Denying in Part as Moot Micron's Damages Motion in Limine No. 1 (Dkt. No. 639); and the Order Regarding Micron's Motion to Strike the Milani Report (Dkt. No. 672). Alternatively, if the Court was not inclined to certify orders for interlocutory appeal, Micron requested leave of Court to file a "short motion for summary judgment regarding the lack of a sufficient evidentiary basis for a remedy in this case," which, if granted, would "conclusively resolve all claims to prepare the case for appeal to the Federal Circuit, where MLC could test its challenges to the Court's [D]amages [O]rders." *Id*. at 2.

The same day, the Court issued an Order re: Damage Proceedings. Dkt. No. 689. The Court stated that it preferred to consider Micron's summary judgment proposal first, and the Court set a briefing schedule for that motion and stayed the August 12 trial. *Id*. In a separate order filed July 18, 2019, the Court ruled on the additional motions in limine and motions to strike that were argued at the pretrial conference. Dkt. No. 688.

On July 24, 2019, Micron filed a "Motion for Summary Judgment for MLC's Failure to Prove Remedy." Dkt. No. 690. On August 2 and 3, 2019, MLC filed: (1) an "opposition," (2) two

4

administrative motions to file exhibits under seal,[4] (3) the declaration of MLC's counsel, Mr. Marino, with 29 exhibits attached; and (4) a nine-page declaration dated August 2, 2019, from MLC's technical expert, Dr. Jack Lee. Dkt. Nos. 692-695. Micron filed its reply brief on August 6, 2019. Dkt. No. 698. Micron also filed an opposition to MLC's administrative motions to seal. Dkt. No. 697.[5]

## DISCUSSION

### I. Micron's Motion for Summary Judgment and Certification under 28 U.S.C. § 1292(b)

Defendant Micron has moved for summary judgment on the ground that MLC cannot prove damages and thus that its liability claims, which only seek damages, are moot. Micron asserts that as a result of this Court's *Daubert* orders excluding MLC's damages experts, Michael Milani and Ronald Epstein, as well as other pretrial orders excluding certain evidence and trial witnesses, MLC does not have any admissible evidence to show an entitlement to a reasonable royalty. Micron argues that MLC based its damages case entirely on expert testimony that the Court has excluded, and Micron notes that as recently as the filing of the parties' joint pretrial conference statement, MLC identified its experts, Messrs. Milani and Epstein, as the only witnesses who would provide damages testimony. Micron argues that because the burden of proving damages lies with the patentee, a court may enter summary judgment when a patentee puts forth no evidence to prove damages.

In support of this assertion, Micron cites pre-2014 unpublished district court cases and

---

[4] In an order filed June 3, 2019, the Court informed the parties that no further administrative motions to seal would be accepted in this case. *See* Dkt. No. 586. Despite that order, MLC seeks to file under seal five exhibits in support of its opposition. MLC filed two administrative motions to seal those exhibits because the first motion, in addition to violating the Court's order, was filed incorrectly in that it did not comply with the Local Rules governing under seal filings.

[5] On August 26, 2019, MLC filed a "Suggestion Regarding the Court's Recusal." Dkt. No. 702. The Court initially referred the matter to the Clerk for random reassignment to another district court judge. Dkt. No. 706. Based on the fact that MLC had filed a "Suggestion" and not an actual motion for disqualification, Judge Alsup referred the matter back to the undersigned. In an order filed October 17, 2019, this Court denied MLC's "Suggestion."

several Federal Circuit opinions, the most recent of which is *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir. 2014). In *Apple*, the district court[6] excluded the majority of Apple's damages expert testimony. *Id*. at 1237. Motorola moved for summary judgment that, even assuming the patent was infringed, Apple was not entitled to any damages, including a nominal reasonable royalty. *Id*. The district court "concluded that Apple was not entitled to any measure of damages because Apple had failed to show that its measure of damages was correct," and the court granted summary judgment in favor of Motorola. *Id*. The Federal Circuit reversed, holding that at summary judgment "a judge may award a zero royalty for infringement if there is no genuine issue of material fact that zero is the only reasonable royalty." *Id*. at 1328. The Federal Circuit noted that "[i]f a patentee's evidence fails to support its specific royalty estimate, the fact finder is still required to determine what royalty is supported by the record." *Id*.; *see also id*. at 1329-30 (discussing Motorola's failure to meet burden to show that "the record is uncontroverted that zero is the only royalty").

MLC's "opposition" does not respond to any of the arguments presented by Micron in its motion for summary judgment. MLC does not address *Apple v. Motorola* or any of the other authority upon which Micron relies in support of its contention that the Court may enter summary judgment of no remedy. In addition, MLC does not argue that there is any remaining admissible evidence that it can present at trial to prove damages. MLC does not argue, for example, that there are percipient witnesses who can provide testimony and evidence in support of a reasonable royalty, nor does MLC assert that it can rely on Micron's rebuttal damages expert.[7] Instead, MLC's opposition argues that Mr. Milani's damages analysis is sound and that the Court erred in finding that MLC did not disclose some (but not all) of the damages evidence in discovery. Thus, although MLC's filing is titled "Opposition," in actuality the filing is a disguised motion for reconsideration of the Court's *Daubert* order excluding Mr. Milani as well as the other Damages Orders.[8]

---

[6] Circuit Judge Posner sat by designation on the district court and authored the district court opinion.

[7] Micron has represented that because MLC's damages experts have been excluded, it would not call its damages expert (Paul Meyer) at trial, and Micron notes that MLC did not list Mr. Meyer on its trial witness list.

[8] The Court addresses the impropriety of MLC's summary judgment opposition filings *infra*.

6

Notwithstanding MLC's complete failure to address Micron's arguments, the Court concludes that the more prudent course is to certify the Damages Orders for interlocutory appeal and to deny summary judgment. The district court cases upon which Micron relies predate *Apple v. Motorola*, and there is no Federal Circuit authority directly addressing a situation like the instant case in which the court has excluded all of the plaintiff's expert evidence. Although *Apple v. Motorola* is not directly on point, the Federal Circuit emphasized that a district court can only grant summary judgment of no damages if "the record is uncontroverted that zero is the only reasonable royalty." *Id.* at 1329. Assuming infringement, the Court cannot conclude that it is undisputed that zero is the only reasonable royalty. Accordingly, the Court DENIES Micron's motion for summary judgment of no remedy.

However, the Court does find that the criteria for certification of interlocutory appeal have been met.[9] 28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory appellate review where the order involves (1) "a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* at 1026.

The Court finds that these criteria are met. In the Damages Orders, the Court excluded Mr. Milani's damages opinion under *Daubert* because the Court concluded that his comparative license analysis did not comport with Federal Circuit jurisprudence. These deficiencies included, *inter alia*, Mr. Milani's failure to apportion the revenue base to include only the revenue attributable to the patented technology and Mr. Milani's calculation of a royalty rate that was not supported by the evidence. In addition, the Court held that MLC had failed to disclose the factual underpinnings of

---

[9] Although the parties had proposed full briefing on the certification issue, the Court finds that this is unnecessary. The parties jointly agree that certification is appropriate, and they agree about which orders should be certified. Under these circumstances, full briefing on the matter is not in the interest of judicial economy.

its reasonable royalty claim in discovery, and excluded much of Mr. Milani's opinion on that ground. MLC asserts that it was not required to disclose those facts because the determination of a reasonable royalty is the province of expert opinion. All of these questions are controlling questions of law as to which there is substantial ground for difference of opinion. Further, interlocutory review of the Damages Orders will materially advance the ultimate termination of this litigation. Absent interlocutory review, the parties and the Court will be required to proceed with an expensive trial focused solely on liability, as MLC concedes that it has no damages case to present at trial. Interlocutory review of the Damages Orders will result in either the ultimate conclusion of this case (if the Federal Circuit affirms) or a single trial on liability and damages (in the event of reversal); either way, interlocutory review is in the interest of judicial economy and will save the parties a considerable amount of time and expense.

Accordingly, pursuant to 28 U.S.C. § 1292(b) the Court certifies the Damages Orders for interlocutory appeal.

## II. MLC's Opposition Filings are Improper

The Court now turns to the substance of MLC's opposition filings (Dkt. Nos. 692-696) and explains why the Court STRIKES these filings from the record. As noted *supra*, MLC's opposition does not address the questions presented by Micron's motion, specifically whether the Court could enter summary judgment of no remedy and whether MLC had any admissible evidence in support of damages. Instead, MLC's opposition argues (1) that Mr. Milani's opinions are not inadmissible under *Daubert*; and (2) that MLC did, in fact, disclose some of the evidence that the Court found MLC had failed to disclose in discovery. In making these arguments, MLC relies on, *inter alia*, (1) a new declaration from its technical expert, Dr. Lee, which sets forth new opinions about Micron's technology as it relates to apportionment and the revenue base; (2) some exhibits that MLC did not previously submit in connection with the motion practice resulting in the Damages Orders; and (3) a declaration from MLC's counsel, Mr. Marino, in which he makes assertions for the first time about MLC's discovery disclosures. Further, as noted *supra*, MLC seeks to file some exhibits under seal, notwithstanding the Court's prior order informing the parties that no further administrative motions

to seal would be accepted.

MLC's opposition filings are improper for numerous reasons. MLC's opposition filings are in essence a disguised motion for reconsideration of the Damages Orders. MLC did not comply with Civil Local Rule 7-9, which governs motions for reconsideration. That rule provides, in relevant part,

> **7-9. Motion for Reconsideration**
>
> **(a) Leave of Court Requirement**. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> **(b) Form and Content of Motion for Leave**. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
>
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> **(c) Prohibition Against Repetition of Argument**. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

N.D. Cal. Civ. Local Rule 7-9.

MLC's filings do not comply with any provision of this rule. First, MLC did not actually file a motion requesting leave to file a motion for reconsideration; instead, MLC simply filed an "opposition" that effectively seeks reconsideration of the Court's orders.

Second, MLC did not show "reasonable diligence" in seeking reconsideration. The Court filed the orders at issue on June 28, July 2 and July 12, 2019. The Court held a pretrial conference on July 16, during which there was an extended discussion about the consequence of the Court's

9

United States District Court
Northern District of California

orders and how this case should be resolved. During the hearing MLC's lawyers never stated that they wished to seek reconsideration of the Court's Damages Orders. Indeed, in the letter the parties filed on July 18, 2019, the parties jointly proposed that MLC could file a motion for interlocutory certification of the Damages Orders, and alternatively Micron proposed that it could file a "short motion for summary judgment regarding the lack of a sufficient evidentiary basis for a remedy in this case." Dkt. No. 687. At no time prior to the filing of the "opposition" did MLC indicate that it would be seeking reconsideration, and a disguised motion for reconsideration filed *after* the final pretrial conference is not "reasonably diligent."

Third, even if construed as a motion for leave to file a motion for reconsideration, MLC has not demonstrated that reconsideration is warranted. MLC's opposition does not demonstrate any of the grounds for reconsideration: (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; or (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a]" manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. Local Rule 7-9(b)(1)-(3). Instead, MLC's opposition to a large extent (with certain exceptions, noted *infra*) violates the prohibition on "repetition of argument" by raising many of the same arguments that MLC presented in opposition to Micron's pretrial motions.

Fourth, MLC raises several new arguments and/or provides evidence that is either entirely new (such as Dr. Lee's August 2, 2019 declaration) or evidence that was not previously submitted in connection with the litigation on the *Daubert* motions and motions in limine (such as Exhibit 2 to the Marino Declaration, Dkt. No. 693-2).[10] It appears to the Court that this is an effort by MLC to improperly expand the record for appeal. MLC has submitted a new nine-page declaration from

---

[10] Based upon the Court's review of the docket, it does not appear that MLC ever submitted Exhibit 2 (April 10, 2007 emails between Simon Fisher and Hynix employees) in connection with the prior briefing. There may be other exhibits attached to Mr. Marino's declaration that MLC did not previously submit.

10

its technical expert, Jack Lee, in which Dr. Lee addresses, *inter alia*, whether Micron's bare die incorporates various non-patented features. Dkt. No. 693-30 (August 2, 2019 Lee Declaration). MLC relies on this new declaration to argue that Mr. Milani properly apportioned the revenue base because the bare die either does not incorporate various non-patented technologies or because the technologies do not exist independently of the patented invention. MLC never raised any of these arguments in opposition to Micron's *Daubert* motion, despite the fact that Micron's *Daubert* motion directly criticized Mr. Milani's analysis on the ground that he did not apportion non-patented features like error correction and copy-back technology. *See* Dkt. No. 443-4 at 8-10 (Micron's *Daubert* Motion); Dkt. No. 540-4 at 5-7 & n.1 (Micron's *Daubert* Reply). Micron correctly objects that this new declaration constitutes improper sur-rebuttal and requests that it be stricken.

As another example, MLC argues that the Court erred in finding that MLC had not disclosed certain extrinsic evidence in support of its damages theories because MLC had, in fact, disclosed that evidence to Micron during discovery. In the Court's Order Granting in Part and Denying in Part as Moot Micron's Damages Motion in Limine #1, the Court found that MLC had failed to disclose six categories of extrinsic evidence that Mr. Milani cited in his report to support his opinion that the Toshiba and Hynix licenses "reflected" a 0.25% royalty rate. *See* Dkt. No. 639 at 12 n.10 & 22-24.[11] MLC now argues (through Mr. Marino's declaration), that it did in fact disclose three of those categories of evidence: (1) documents regarding negotiations between BTG and Samsung, which MLC asserts it disclosed in response to Interrogatory No. 7; (2) documents regarding BTG's licensing negotiations with Acacia, which MLC asserts it also disclosed in response to Interrogatory No. 7; and (3) Simon Fisher's deposition testimony, which MLC asserts it disclosed in response to Interrogatory No. 18; *See* Marino Decl. ¶¶ 30-31 (Dkt. No. 693).[12]

---

[11] That extrinsic evidence is: (1) Christine Soden's September 2007 letter to Jay Shim of Samsung (BTG_06398-BTG_06402); (2) Simon Fisher's deposition testimony (BTG_02097-BTG_02142); (3) a November 2007 internal BTG "Briefing Paper" summarizing BTG's negotiations with Samsung (BTG_05660-670); (4) correspondence between BTG and Samsung regarding negotiations (MLC00056549-551, MLC00060545); (5) BTG's licensing offer to ST Micro (MLC00054615-616); and (6) documents related to BTG's licensing negotiations with Acacia (ACACIA00000228-229 and MLC00056617-628).

[12] As to the other three categories of extrinsic evidence that the Court found MLC had not disclosed in discovery (Christine Soden's September 2008 letter to Jay Shim, the November 2007 internal BTG "Briefing Paper," and BTG's licensing offer to ST Micro), MLC concedes it never disclosed these documents in response to Micron's damages interrogatories.

There are several problems with these assertions, and they are emblematic of the way that MLC has litigated much of this case. As an initial matter, MLC did not make these arguments in its opposition to Micron's motion to strike. *See generally* Dkt. No. 498-4 (MLC's Opp'n to Micron's Motion to Strike Portions of Milani Report). MLC did not previously assert that it disclosed these documents, and indeed, nowhere in the voluminous briefing on the motion to strike is Interrogatory No. 7 ever mentioned by either party.[13] At the risk of repetition, MLC cannot now raise new arguments that it failed to present in opposition to Micron's motion to strike.

Further, although MLC now asserts that it disclosed the BTG-Samsung negotiation documents and the BTG-Acacia documents in response to Interrogatory No. 7, <u>MLC does not provide any evidence in support of this assertion</u>. Although MLC filed numerous exhibits in support of its "opposition," MLC did not file a copy of its responses to Interrogatory No. 7. Mr. Marino's current declaration states that MLC's Second Supplemental Response to Interrogatory No. 7 is found at Dkt. No. 514-2. *See* Marino Decl. ¶ 31 (Dkt. No. 693). However, Docket No. 514-2, which is Exhibit 9 to Micron's Consolidated Exhibits that it submitted in support of its various *Daubert* and other damages motions, <u>does not contain MLC's responses to Interrogatory No. 7</u>. Instead, Docket No. 514-2 contains excerpts of MLC's Second Supplemental Responses to Interrogatory Nos. 1, 8, 9 and 10. *See* Dkt. No. 514-2. It is not the Court's task to "examine the entire file for evidence . . . where the evidence is not set forth in the . . . papers with adequate references so that it could be conveniently found." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also* Civil Local Rule 7-5(a).[14]

---

MLC also states that the Court erred when it stated that MLC had failed to identify the Toshiba license in response to Micron's Interrogatory Nos. 21 and 22 because MLC did disclose the Toshiba license, albeit under different Bates numbers. The Court's error in this regard is of no consequence because the Court's rulings regarding Mr. Milani's opinions did not turn in any way on whether MLC had disclosed the Toshiba license.

[13] The briefing on Micron's motion to strike Mr. Milani's report based on MLC's failure to disclose focused on MLC's initial and amended disclosures, MLC's Rule 30(b)(6) witness, and Interrogatory Nos. 6, 18, 21 and 22.

[14] That rule provides, "Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or

12

MLC's assertion that it disclosed the Fisher deposition testimony is misleading. MLC now states that it disclosed Mr. Fisher's deposition testimony (identified by MLC as BTG_2097 and BTG_2062) in response to Interrogatory No. 18. *See* Marino Decl. ¶ 30 (Dkt. No. 693). MLC's Second Supplemental Response to Interrogatory No. 18 (Dkt. No. 278-13) discloses Mr. Fisher's deposition testimony (BTG_2097 at BTG_2137) in support of MLC's claim that "MLC is entitled to damages for Micron's infringement of the Asserted Patent occurring before the filing of the Present Litigation because Micron had actual notice of infringement prior to the lawsuit." Dkt. No. 178-13 at 9.[15] It is disingenuous for MLC to assert that it disclosed Mr. Fisher's deposition testimony as a factual underpinning for Mr. Milani's royalty rate opinion when MLC actually disclosed a portion of Mr. Fisher's deposition testimony in support of its claim for pre-suit damages.[16] These are just a few examples of the new, and incorrect, arguments that MLC has presented in its opposition.

For all of these reasons, the Court finds that MLC's summary judgment "opposition" papers are improper and hereby STRIKES these filings from the record. For purposes of any appeal in this case, MLC is bound by the record that it created.

---

declaration."

[15] Interrogatory No. 18 asked,

Describe in complete detail the factual and legal basis for your contention that MLC is entitled to damages for Micron's alleged infringement of the Asserted Patent occurring before the filing of the Present Litigation, including the identification of all evidence and testimony regarding apportionment, the applicability of the entire market value rule, and any contention that Micron was notified of the alleged infringement in a manner that entitles MLC to these damages under 35 U.S.C. §§ 284, 286, and 287.

Dkt. No. 442-45.

[16] As discussed at length in the Court's orders, Mr. Milani relied on a different (undisclosed) portion of Mr. Fisher's deposition testimony from an unrelated state court action in which Mr. Fisher discussed using a 0.25% royalty rate as a "rule of thumb" when negotiating world-wide licenses and a 0.75% royalty rate for U.S. shipments in support of his royalty rate opinion. *See generally* Dkt. No. 639.
In the final pretrial order, the Court held that MLC could not introduce Mr. Fisher's deposition testimony at trial and the Court struck Mr. Fisher from MLC's trial witness list because MLC did not properly disclose him Fisher as a witness and has not shown that its failure to do so was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See generally* Dkt. No. 688.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Micron's motion for summary judgment of no remedy (Dkt. No. 690) and CERTIFIES the Damages Orders (Dkt. Nos. 639, 668 & 672) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court STRIKES MLC's improper summary judgment filings. Dkt. Nos. 692-696. The Court DENIES all other pending motions as MOOT. Dkt. Nos. 456 & 519.

**IT IS SO ORDERED**.

Dated: October 17, 2019

SUSAN ILLSTON
United States District Judge